**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*9:31 am, Feb 14, 2022*
**JEFFREY P. COLWELL, CLERK**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Action No.   22-389

Colorado, Jefferson County
Board of County Commissions

       Plaintiff,

v.

Reed McDonald
(aka) The Vine Ranch Farm

       Defendant

_____

### MOTION FOR WRIT OF PROHIBITION
_____

Reed K. McDonald
Pro se Counsel of Record
5856 S. Lowell Blvd.
UPS/Ste 163
Littleton, Colorado 80123
720-589-3160
kirkmcdonald56@gmail.com

## INTRODUCTION

The issue raised in this Petition is Colorado, Jefferson County's clerk of court (Jeffco) refusal to accept the courtesy filing of Petitioner's "Notice of Removal" filed in this Court on February 10, 2022 and attempted filing with the state-court also on 02/10/2022 pursuant to 28 U.S.C. §§1441-1446 under the supremacy clause of the Constitution.

Under federal statute §1446(d). "Notice to Adverse Parties and State Court." Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and **the State court shall proceed no further** unless and until the case is remanded.

It would appear on its face Colorado; Jefferson County clerk of court is attempting to obstruct and interfere with Petitioner's removal of the deliberately unidentified state-case and this Court's jurisdiction in violation of the Constitution.

Pursuant to Article VI, Clause 2: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, **under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby**, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

Pursuant to the above clause it would appear the Colorado lower-court's believe they are superior to this Court's authority, jurisdiction and provisions of statutory law passed by Congress pursuant to 28 U.S.C. §1441.

The subject state-case was removed under provisions of the "Equal Protection" clause and because of Jeffco's violation of Petitioner's rights secured under Constitution for due process, and the right to be secure in one's home against unreasonable search and seizure.

## BASIS FOR INVOKING JURISDICTION

Section 13 of the Judiciary Act of 1789 authorized the Supreme Court "to issue writs of prohibition to the district courts, when proceeding as courts of admiralty and maritime jurisdiction, and writs of *mandamus*, in cases warranted by the principles and usages of law, to any courts appointed, or persons holding office, under the authority of the United States." Section 14 provided that all "courts of the United States shall have power to issue writs of *scire facias*, *habeas corpus*, and all other writs not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law."

Pursuant to 28 U.S.C. § 1441(a) (1994), a defendant may remove a civil case brought in state-court to federal district court if the case could have been originally brought in federal court. Although a defendant may remove a case to federal court, a plaintiff may not request such removal. *National Cigarette Service Co. v. Farr,* 42 Colo. App. 356, 594 P.2d 603 (1979) (28 U.S.C. § 1441 precludes a plaintiff from requesting removal).

It is undisputed and irrefutable that Jeffco has a stated policy and has repedatly trespassed the Petitioner's gated private roads more than ten (10) times to conduct unreasonable search and seizure of the Petitioner property without warrant. In addition, because of Jeffco's tax fraud scheme against farms and ranches, Jeffco's flies a succession of false complaints, while a series of neighbors have also filed numerous false complaints themselves to impede and obstruct the Petitioner's farm operation.

SCOTUS has made crystal clear in *Camara v. City of San Francisco*, 387 U.S. 523 (1967) and *See v. City of Seattle*, 387 U.S. 523 (1967), that any government employee must possess a warrant to trespass private gated roads. The Supreme Court opined in *Camara*:

> 1. The Fourth Amendment bars prosecution of a person who has refused to permit a warrantless code enforcement inspection of his personal residence. *Frank v. Maryland, supra, pro tanto* overruled. Pp. 387 U. S. 528-534.
>
> (a) The basic purpose of the Fourth Amendment, which is enforceable against the States through the Fourteenth, through its prohibition of "unreasonable" searches and seizures is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials. P. 387 U. S. 528.
>
> (b) With certain carefully defined exceptions, an unconsented warrantless search of private property is "unreasonable." Pp. 387 U. S. 528-529.
>
> (c) Contrary to the assumption of *Frank v. Maryland, supra,* Fourth Amendment interests are not merely "peripheral" where municipal fire, health, and housing inspection programs are involved whose purpose is to determine the existence of physical conditions not complying with local ordinances. Those programs, moreover, are enforceable by criminal process, as is refusal to allow an inspection. Pp. 387 U. S. 529-531.
>
> (d) Warrantless administrative searches cannot be justified on the grounds that they make minimal demands on occupants;

## POWER TO ISSUE WRITS

From the beginning of government under the Constitution of 1789, Congress has assumed, under the Necessary and Proper Clause, its power to establish inferior courts, its power to regulate the jurisdiction of federal courts, and its power to regulate the issuance of writs. Section 13 of the Judiciary Act of 1789 authorized the Supreme Court to issue writs of prohibition to the district courts, when proceeding as courts of admiralty and maritime jurisdiction, and writs of *mandamus*, in cases warranted by the principles and usages of law, to any courts appointed, or persons holding office, under the authority of the United States. Section 14 provided that all courts of the United States shall have power to issue writs of scire facias, habeas corpus, and all other writs not specially

provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law.

## NATURE OF RELIEF SOUGHT

The nature of the relief sought in this Petition is a Writ of Prohibition precluding the state-court from violating federal law, the Constitution Petitioner's civil rights and from conducting further proceedings in this case because it is without jurisdiction and authority. This Court should grant the Petition and issue the Writ because the trial court lacks subject-matter jurisdiction over this lawsuit pursuant to the federal statutory law 28 U.S.C. §§1441-1446 and it seems the state-court has the intent to punish the Petitioner for exposing Jeffco's tax fraud scheme.

It appears on its face Jeffco refuses to acknowledge they are without jurisdiction in the subject case and intends to continue prosecuting the false claims and falsified case against Defendant, The Vine Ranch Farm/Reed McDonald.

## CONCLUSION

This Court should grant Mr. McDonald's Petition. The state-court lacks subject matter jurisdiction over the Constitutional violations committed by Jeffco and its employee's and this Court has original jurisdiction over violations related to issues involving the Constitution and that of federal statutory law pursuant to 28 U.S.C. §1441-1446.

In addition, it would be waste of judicial resources and a burden on Mr. McDonald to continue to fight two cases surrounding the issues of constitutional violations by Jeffco as alleged by the Defendant. Currently, Defendant is preparing cross-complaint against Jeffco and will be filing the cross-complaint in the next week.

**WHEREFORE**, the Defendant respectfully requests this Court issue a writ of prohibition to the state-lower-court to halt any further proceedings. As that case has been removed by the

Defendant pursuant to 28 U.S.C. §14411446 and now the state-court lacks subject-matter jurisdiction as a matter of federal law. Thus, this Court should prohibit any further proceeding in the state-case.