**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*10:57 am, Feb 15, 2022*
**JEFFREY P. COLWELL, CLERK**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Action No.   22-389


Colorado, Jefferson County
Board of County Commissions


       Plaintiff,

v.


Reed McDonald
(aka) The Vine Ranch Farm


       Defendant

_____

## ADDENDUM: MOTION FOR WRIT OF PROHIBITION
_____

Reed K. McDonald
Pro se Counsel of Record
5856 S. Lowell Blvd.
UPS/Ste 163
Littleton, Colorado 80123
720-589-3160
kirkmcdonald56@gmail.com

Reed McDonald as *pro se* Petitioner files this addendum to the Court where I have requested this Court grant a writ of prohibition against Colorado, Jefferson County for failure to surrender jurisdiction to remove the unidentified Colorado state-case which Jefferson County continue to conceal.

Petitioner *pro se* in District of Colorado case 22cv389 waited to hear back from Jefferson County Attorney, Jason Soronson, COBAR #50078 prior to filing certificate of service to this Court for my motion for writ of prohibition. At this time Mr. Soronson has refused to confer with this opposing counsel numerous times between the 10th, and the 14th of February of 2022.

It would appear on its face Mr. Soronson counsel for Jefferson County, Colorado and Jefferson County are in the process of committing a due process violation against this pro se Petitioner, a civil rights violation. First, Jefferson County (Jeffco) refusing to confer in violation of Colorado law and Colorado's Rules of Civil Procedure and Federal law and the Federal rules of Civil Procedure by concealing the state-case number of the falsified summons.

On February 14th of 2022 I once again went to the Jefferson County Justice center to file my notice of removal for the unidentified state-case. Once again Jeffco refused to accept the notice in an attempt to impede and or hinder the removal pursuant to 28 U.S.C. §1441-1446.

Therefore, I proceeded to the judges' cambers of the state-case and requested to take with law-clerk of the judge; Jeffco refused. Consequently, I asked for the clerk before me to hand the notice of removal to the judge; she also refused.

Subsequently, I requested Mr. Soronson notify the court as he is a member of the state-court and as a COBAR member he is required to notify the court pursuant to ABA Attorney Code of Conduct, Section 3.3 and 3.4. Below is the ABA Code of Conduct subsections:

# Rule 3.3: Candor Toward the Tribunal

Share:

*Advocate*

(a) A lawyer shall not knowingly:

> (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

> (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

> (3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

(b) A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

(c) The duties stated in paragraphs (a) and (b) continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.

(d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

April 17, 2019

# Rule 3.4: Fairness to Opposing Party & Counsel

Share:

*Advocate*

A lawyer shall not:

(a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;

(b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;

(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

(d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party;

(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or

(f) request a person other than a client to refrain from voluntarily giving relevant information to another party unless:

    (1) the person is a relative or an employee or other agent of a client; and

    (2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

It quite clear, the intent of Jeffco and its counsel Mr. Soronson is to defraud the state-court; as the subject case has been removed to the U.S. District courts for the District of Colorado. Their intent is to violated this *pro se*'s due process rights secured under Constitution and in the process commit a criminal act.

I have attempted to confer with Jeffco and their counsel per rule under F.R.C.P., Mr. Soronson has refused to confer since his case has been removed to federal court.

**THEREFORE**, I once again ask this Court to:

a. Issue a writ of prohibition to the state-court; and

b. For this Court to conduct a bench hearing regarding possible sanctions against Jeffco and their counsel Mr. Soronson.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served upon the following parties on the 15th day of February 2022 via email.

Jason W. Soronson County Attorney Jefferson County Coloradojsoronso@jeffco.us