## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Action No.   22-389

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*4:53 pm, Feb 23, 2022*
**JEFFREY P. COLWELL, CLERK**

Colorado, Jefferson County
Board of County Commissions

       Plaintiff,

v.

Reed McDonald
(aka) The Vine Ranch Farm

       Defendant

---

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §1331; §1367; §1441 AND §1446**

---

Reed K. McDonald
Pro se Counsel of Record
5856 S. Lowell Blvd.
UPS/Ste 163
Littleton, Colorado 80123
720-589-3160
kirkmcdonald56@gmail.com

Defendant, Reed McDonald herby removes Jefferson County unidentified case from Colorado's 1st judicial district to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 as this Court holds original jurisdiction on matters regarding issues in violation of the 4th, 6th, and 14th Amendments of Constitution and the equal protections under law clause of the Constitution, due process, trespass, unreasonable search and seizure, a person's right secured pursuant to the United States Constitution.

Defendant was served Jeffco's retaliatory and harassing complaint on January 12, 2022.

## STATEMENT OF THE CASE

1.  Defendant Reed McDonald is a whistleblower regarding Colorado, Jefferson County's (Jeffco) tax fraud scheme against Colorado farm and ranch. Jeffco utilizes a tax fraud scheme to defraud farms and ranches of their agricultural tax status located in unincorporated Jefferson County, Colorado by classifying those farms and ranches as vacant property thereby increasing their tax burden by a factor of six (6) times.

2.  As an example, Jefferson County has accessed the Vine Ranch Farm a property tax of $3,600 for the table year of 2021. If the proper agricultural tax status were applied, the total tax burden of the Vine Ranch Farm would be $600.00. Currently, Jeffco owes Defendant back taxes in excess of $6,000.

3.  After Defendant Reed McDonald exposed Jeffco's tax fraud scheme, Jeffco in retaliation sent county employees to trespass the Vine Ranch Farm's gated private road to surveil and conduct unreasonable search and seizure of the subject farm property based upon secondhand and unverified complaint without warrant in violation of the 4th and 14th Amendments of the United

States Constitution and Supreme Court precedent in *Camara v. City of San Francisco*, 387 U.S. 523 (1967) over 10 times.

4.  Thereafter, Defendant filed for disclosure of the names of individual[s] filing the false complaints against the Vine Ranch Farm pursuant to Colorado's Open Record Act (C.R.S. §24-72-201 *et seq.*) and Colorado's Right to Farm Act (C.R.S. §35-3.5-101 *et seq.*) Jeffco refused to release the names of the individuals filing the false complaints preventing this Defendant from facing his false accusers, a violation of the 6th Amendment to the United States Constitution.

4.  The Supreme Court of the United States in *Camara v. City of San Francisco*, 387 U.S. 523 (1967) and *See v. City of Seattle*, 387 U.S. 523 (1967) adjudged city/county employees must have warrant to conduct search of private property.

5.  The Supreme Court of the United States held in *Camara* the following:

    *Held:*

    1. The Fourth Amendment bars prosecution of a person who has refused to permit a warrantless code enforcement inspection of his personal residence. *Frank v. Maryland, supra, pro tanto* overruled. Pp. 387 U. S. 528-534.

    (a) The basic purpose of the Fourth Amendment, which is enforceable against the States through the Fourteenth, through its prohibition of "unreasonable" searches and seizures is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials. P. 387 U. S. 528.

    (b) With certain carefully defined exceptions, an unconsented warrantless search of private property is "unreasonable." Pp. 387 U. S. 528-529.

    (c) Contrary to the assumption of *Frank v. Maryland, supra,* Fourth Amendment interests are not merely "peripheral" where municipal fire, health, and housing inspection programs are involved whose purpose is to determine the existence of physical conditions not complying with local ordinances. Those programs, moreover, are enforceable by criminal process, as is refusal to allow an inspection. Pp. 387 U. S. 529-531.

(d) Warrantless administrative searches cannot be justified on the grounds that they make minimal demands on occupants; Page 387 U. S. 524, that warrant in such cases are unfeasible; or that area inspection programs could not function under reasonable search warrant requirements. Pp. 387 U. S. 531-533.

2. Probable cause upon the basis of which warrants are to be issued for area code enforcement inspections is not dependent on the inspector's belief that a particular dwelling violates the code, but on the reasonableness of the enforcement agency's appraisal of conditions in the area as a whole. The standards to guide the magistrate in the issuance of such search warrants will necessarily vary with the municipal program being enforced. Pp. 387 U. S. 534-539.

3. Search warrants which are required in nonemergency situations should normally be sought only after entry is refused. Pp. 387 U. S. 539-540.

4. In the nonemergency situation here, appellant had a right to insist that the inspectors obtain a search warrant. P. 387 U. S. 540.

237 Cal. App. 2d 128, 46 Cal. Rptr. 585, vacated and remanded. Page 387 U. S. 525

6.     Jeffco's employees after trespassing The Vine Ranch Farm's private gated road, then proceeded several miles on the farm's private property arriving at the location of the subject farm without Defendant's knowledge and without notice.

7.     Jeffco claims they received anonymous (second-hand) complaints. complaining the Vine Ranch Farm was engaged in illegal construction of green houses.

8.     Jeffco well-knew the construction of the subject greenhouse were already approved and permitted on the Vine Ranch's farm agricultural property and were issued during the Covid-19 Pandemic on June 7, 2021. Jeffco none-the-less trespassed and conducted unreasonable search and seizure of Defendant's property. **Exhibit 1**.

9.     Jeffco confronted with their trespass stated they are allowed to trespass and search the Vine Ranch Farm property without warrant base upon second-hand (heresy) complaint.

10. Jeffco clearly aware permits have been issued for the construction of greenhouse on the subject farm none-the-less has sought to intimidate and harass Reed McDonald the owner of the Vine Ranch Farm since 2017 because of the lawsuit against Jeffco's regarding their tax fraud scheme.

11. Jeffco county has a stated and implemented policy for trespassing private property to conduct unreasonable searches of farm and ranch property.

12. Jeffco then in violation of the equal protection clause of the Constitution fabricated false violations retaliating upon this Defendant.

13. In what appears attempt to prevent removal the Jefferson County Clerk of Court refused to accept the courtesy notice regarding removal; attempted service on clerk of court for Jefferson County refused to accept on 2/10/2022.

14. Thus, Defendant, Reed McDonald will be filing for a writ of prohibition against Jefferson County and a motion for sanctions and costs.

## JURISDICTION & AUTHORITY

15. This Court pursuant to 28 U.S.C. §1331 "shall have original jurisdiction of all civil action arising under the Constitution, law, or treaties of the United States"

16. This Court pursuant to 28 U.S.C. §1367 "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such

supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

17.     This Court pursuant to 28 U.S.C. §1441-1446 "any civil action brought in a State court of which the district courts of the United_States_have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United_States_for the district and division embracing the place where such action is pending.

### PROCEDURAL REQUIREMENT FOR REMOVAL HAS BEEN SATISFIED

18.     Defendant, Reed McDonald notifies and files with the federal district court "Notice of Removal" for Colorado's 1st Judicial action (unidentified complaint) pursuant to 28 U.S.C. §1441-1446 and District of Colorado Local Rule 81.01. A true and correct copy of this notice has been attempted to be served to the trial court and plaintiff's counsel of record Jason W. Soronson.

19.     Under local rule 81.1 Defendant Reed McDonald as pro se counsel has filed a request with the trial court and clerk of court, request for ROA and electronic record of all pleadings and motions of file in Colorado 1st judicial district' criminal action.

20.     This Court is on notice, Reed McDonald, *pro se* is indigent because of Covid-19 Pandemic and has already been approved in the United States District Court for the District of Colorado for *in forma pauperis*, as required by rule, Defendant Reed McDonald has again filed a new request for IFP status enclosed herein with this motion for removal.

21.     Pursuant to local rule 81.1 Defendant Reed McDonald will file a true and legible copies of all document of file in the state court action, as will as a certification of the documents in the

District of Colorado within 14 days of the filing of the notice of removal, the removing party shall file a current docket sheet ROA and shall separately file each docket sheet motion, petition and related response, reply and brief.

22.     Defendant, Reed McDonald will also be filing cross-complaint against Jeffco and certain employees and neighbors who have made false representations to the state-court and against the BOCC for harassment, false complaint and their constitutional violations.

23.     Provided for the Court is the Defendant's Cover Sheet per local rule of this Court.

Conclusion

**WHEREFORE** the parties by this "Notice of Removal' do not waive any rights they may have as to service, jurisdiction or venue or any other defenses or objection they may have to this action. Reed. McDonald intends no admission of fact, law or liability by this Notice and expressly reserves all defenses, motion and or pleas.

Respectfully submitted this 10th day of February, 2022, Reed McDonald (aka) The Vine Ranch Farm.

Date 2/10/22    Signature [signature]

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served upon the following parties on the 10th day of February 2022 via email.

Jason W. Soronson County Attorney Jefferson County Coloradojsoronso@jeffco.us