FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
12:50 pm, Mar 03, 2022
JEFFREY P. COLWELL, CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Action No.   22-389

**Plaintiff/Cross-Complainant Defendant,**
Jefferson County, Colorado/Board of County Commissioners in their official and individual capacities.

**Cross/Complaint Defendant**
Jefferson County, Colorado a quasimunicipal corporation and political subdivision of the State of Colorado;

**Cross/Complaint Defendant**
Jermery Cohen in his individual capacity/and his capacity as Supervisor for Jefferson County, Colorado, Planning and Zoning;

**Cross/Complaint Defendant**
Amy Reistroffer in her individual capacity/and her capacity as employee for Jefferson County, Colorado Planning and Zoning

**Cross/Complaint Defendant**
Madison Pitts in her in her individual capacity/his capacity as employee for Jefferson County, Colorado Public Health.

**Cross/Complaint Defendant**
Aly Dressler in her individual capacity/his capacity as employee for Jefferson County, Colorado Public Health.

**Cross/Complaint Defendant**
John/Jane doe who have file false public complaints against the Colorado farm knowns as the Vine Ranch Farm,

                                   **v.**

**Defendant; Cross/Complaint Plaintiff**
Reed McDonald
(aka) The Vine Ranch Farm

---

## DEFENDANT'S VERIFIED CROSS-COMPLAINT AGAINST

## COLORADO, JEFFERSON COUNTY *ET AL*.

---

1

Reed K. McDonald
Pro se Counsel of Record
5856 S. Lowell Blvd.
UPS/Ste 163
Littleton, Colorado 80123
720-589-3160
kirkmcdonald56@gmail.com

Defendant and now Cross/Complaint Plaintiff, Reed McDonald removed Jefferson County, Colorado's (Jeffco) unidentified case from Colorado's 1st judicial district to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 as this Court holds original jurisdiction on matters regarding issues in violation of the 4th, 6th, and 14th Amendments of Constitution and the equal protections under law clause of the Constitution, due process, trespass, unreasonable search and seizure, a person's right secured pursuant to the United States Constitution. This case represents Jefferson County, Colorado ongoing and continuing violation of Cross-Complainant Plaintiff, Reed McDonalds civil rights since 2017 to today.

## JURISDICTION & AUTHORITY

This Court pursuant to 28 U.S.C. §1331 "shall have original jurisdiction over all civil actions arising under the Constitution, law, or treaties of the United States"

This Court pursuant to 28 U.S.C. §1367 "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

This Court pursuant to 28 U.S.C. §1441-1446 shall hold jurisdiction under any provision of federal law for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

## **PARTIES**

Defendant/Cross-Complaint Plaintiff; Reed K. McDonald is a disabled person who farms a rural agricultural zoned property in unincorporated Colorado, Jefferson County, located at 14309 Elk Mountain Trail, Littleton, Colorado 80127.

Plaintiff/Cross-Complaint Defendant; Colorado Jefferson County is a Colorado a quasimunicipal corporation and political subdivision of the State of Colorado, located at 100 Jefferson County Parkway, Golden, Colorado 80419.

Cross/Complaint Defendant, Jeremy Cohen is the Supervisor for Jefferson County, Colorado Planning and Zoning Inspection and is an employee of Jefferson County, Colorado whose business address is 100 Jefferson County Parkway, Golden, Colorado 80419.

Cross/Complaint Defendant, Amy Reistroffer is an employee of Jefferson County, Colorado, Planning and Zoning whose business address is 100 Jefferson County Parkway, Golden, Colorado 80419.

Cross/Complaint Defendant, Madison Pitts in her in her individual capacity/his capacity as employee for Jefferson County, Colorado Public Health, whose business address is 645 Parfet Street, Ste W201, Lakewood, Colorado 80215.

Cross/Complaint Defendant, Aly Dressler in her individual capacity/his capacity as employee for Jefferson County, Colorado Public Health, whose business address is 645 Parfet Street, Ste W201, Lakewood, Colorado 80215.

Cross/Complaint Defendant, John/Jane doe are concealed individuals who have filed false public complaints against the subject Colorado farm, address unknown.

### OTHER CURRENT CASES

Colorado Supreme Court case #2022SC63; this case exposes the material fact, Jefferson County, Colorado refuses to release names of individuals who file false public complaints (swatting) the Vine Ranch Farm operation in violation of the 6th Amendment of the Constitution and United States Supreme Court precedent in *Camara v. City of San Francisco*, 387 U.S. 523 (1967) and *See v. City of Seattle*, 387 U.S. 523 (1967). In addition, this case exposes Jeffco's violation of Defendant's constitutional rights for illegal surveillance, and unreasonable search and seizure of the subject property.

### AFFIRMATIVE DEFENSES

**PROMISSORY ESTOPPEL**; Mr. McDonald and his farm were made a promise from Jefferson County, Colorado, he relied on Jeffco's promise that once he provided the requested information his farm would be granted agricultural tax status; Jeffco violated that promise.

**FRAUD UPON THE COURT**; Jeffco clearly knows the allegations made against the Defendant are false as permits have been issued for all developments. This farmer has been ordered by Jeffco to remove all agricultural equipment from his farm. As a matter of right, this farmer has the right to have tractors and other equipment used in the propagation and harvest of crops on the subject farm. See C.R.S. §§39-1-102(1.1), (1.3), (1.6), (I)(A) and (3.5).

**VIOLATION OF THE EQUAL PROTECTION UNDER LAW CLAUSE OF THE UNITED STATES CONSTITUTION**; Jeffco apples different legal standards between farm/ranch and those who do not farm but only live on agricultural property. In this case, both the Cross/Complaint Defendant (neighbor-john doe) and this farmer have structures on their prospective property. Jeffco allows a property with structure who does not farm to have RV's and unregister vehicles on site without permit. While farm/ranch with structure must apply and pay extra taxes to have the same RV's and vehicles on site on site in violation of Colorado law. A clear different and separate treatment of law for farm/ranch and a person who does not farm.

**VIOLATIONS OF THE 4TH & 14TH AMENDMENTS OF THE CONSTITUTION OF THE UNITE STATES; UNREASONABLE SEARCH AND SEIZURE**; Jeffco after receiving a false complaint swatting the subject farm, trespasses the farm's gated private road to surveil and conduct unreasonable search and seizure of Defendant's property.

**HARASSMENT**: Unincorporated Jefferson County does not favor farm properties in their region because the Colorado's mandated agricultural tax rate. Jeffco's tax position is in violation of Colorado law C.R.S. §§35-3.5-101 through 103.

**VIOLATION OF THE 4TH AND 14TH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES**; Jeffco has a stated county policy, that they are allowed to violate a person's right to privacy by surveilling and conducting unreasonable search and seizure after trespassing the Defendant's gated private property without warrant.

**VIOLATION OF THE 6TH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES**; Jeffco has a stated county policy, allowing individuals to file concealed public false complaints without release of the individual filing the false complaint in violation of

Colorado's Open Record's Act. Based upon a false complaint Jeffco then trespass a person's gated private road to surveil, and conduct unreasonable search and seizure. See C.R.S. §§24-72-201 through 206.

**VIOLATION OF THE EQUAL PROTECTION UNDER LAW CLAUSE OF THE UNITED STATES CONSTITUTION**; Jeffco apples different legal standards between farm/ranch and individuals who just live on agricultural property. The Defendant's neighbor is allowed to violated Jeffco Regulation. First, Jeffco allowed the subject neighbor to construct an illegal septic system. Second, Jeffco allows the same neighbor to dump 400 cubic yards of manure on Defendant's Road. Third, Jeffco allows this same neighbor to construct roads in excess of 20 degrees that floods the subject farm's road. Fourth, Jeffco allows the same neighbor to block storm drains to flood the subject farm.

**CONGRESS'S PURPOSE PURSUANT TO 42 U.S.C. §1983**

Defendant and Cross/Complaint Plaintiff files this 42 U.S.C. §1983, §1985 and §1986 action to restrict and forbad Jeffco and their conspirators from their harassment, unconstitutional and unlawful conduct. The Supreme Court of the United States has ruled the reason Congress passed into law §1983 actions were to disrupt and deter unconstitutional conduct. See *Ownes v. Okure*, 488 U.S. 235 (1989); *Hardin v. Straub*, 490 U.S. 536 (1989).

**JEFFCO'S UNCONSTITUTIONAL CONDUCT**

Jeffco routinely targets farming operations to put them out of business although these legal farms are registered operations and sanctioned under Colorado law; Colorado is a right to farm state. See C.R.S. §§35-3.5-101 through 103. As an example, in this case, Jeffco levied unconstitutional taxes against this farmer to have farm equipment on his farm land. I have personally paid extra taxes to store farm implements, lavatories and my seedling cultivation

operations on my farm. These acts are unlawful and unconstitutional as a matter of state law and federal law.

Jeffco harbors and conceals names of their conspirators who "swat" the Vine Ranches farm operations. Swatting is a criminal harassment tactic, deceiving a city/county government into sending police, emergency service or county response team to another person's address. Defendant's neighbors, use "swatting" to file anonymous nuance complaints in unincorporated Jefferson County, Colorado to harass and obstruct the Vine Ranch's operations.

Moreover, this case is present before this judicial body because my neighbors who have built million dollars structures in agricultural zoned district constantly file nuisance complaints against the subject farm operation to interrupt business. These nuisance complaints are a form of swatting and harassment that damage the subject farm operation.

See Colorado Supreme Court Case 2022sc63.  In that case, Jeffco admits it trespassed the subject farm's gated private road and farm property using a stolen gate code. Jeffco then drove miles to the farm site where they conducted an illegal and unreasonable search of the property without warrant; a violation of the fourth and fourteenth Amendment of the United States Constitution and the Colorado Constitution as ruled by the Supreme Court. *See v. City of Seattle*, 387 U.S. 541 (1967) and *Camara v. Municipal Court*, 387 U.S. 523 (1967).

Jeffco targets legal farm operations to put them out of business because they prefer residential tax base. As an example, my immediate neighbor who is not a farmer built his structure on agricultural land, he then constructed an illegal septic system, illegal road to his structure, and piled 400 cubic feet of manure on the subject farm's private road creating a fly hazard.

Moreover, the subject neighbor has positioned his large manure pile to block a drainage culvert to flood the subject farm property, a clear violation of Jefferson County regulation 33-H1.

Jeffco refuses to uphold and enforce its own regulations against this individual because he is not a farmer, although they reside on agricultural land. Jeffco instead seeks to harm and stop farming on agricultural zoned land by accessing illegal taxes and refusing to uphold and enforce its own regulations.

Jeffco continues to refuse to grant agricultural tax status to the Vine Ranch although the Vine Ranch has donated food to the surrounding neighbors. In fact, Jeffco stated that if the Vine Ranch continues to donate farm product during the Covid-19 Pandemic it would never grant agricultural tax status to the subject farm.

Most recently, Jeffco has ordered this farmer to remove his implement storage, lavatory facilities and his seedling cultivation operation from the farm, even while in the possession of three (3) active construction permits. Meanwhile, Jeffco allows individuals of the local arear to live in unfinished homes, garages, in violation of water rights and in violation of their own regulations.

### DECLARED POLICY OF THE STATE OF COLORADO

Moreover, Jeffco's actions are in violation of Colorado law and stated State policy promoting and supporting agricultural operations pursuant to C.R.S. §35-3.5-101. The text of this legislative is as follows:

> "It is the declared policy of the state of Colorado to conserve, protect, and encourage the development and improvement of its agricultural land for the production of food and other agricultural products. The general assembly recognizes that, when nonagricultural land uses extend into agricultural areas, agricultural operations often become the subject of nuisance suits. As a result, a number of agricultural operations are forced to cease operations, and many others are discouraged from making investments in farm improvements. It is the purpose of this article to reduce the loss to the state of Colorado of its agricultural resources by limiting the circumstances under which agricultural operations may be deemed to be a nuisance. It is further recognized that units of local government may adopt ordinances or pass resolutions that provide additional protection for agricultural operations consistent with the interests of the affected agricultural community, without diminishing the rights of any real property interests."

### STATEMENT OF THE CASE

1.      Defendant Reed McDonald is a whistleblower regarding Colorado, Jefferson County's (Jeffco) tax fraud scheme against Colorado farm and ranch. Jeffco utilizes a tax fraud scheme to defraud farms and ranches of their Colorado agricultural tax status located in unincorporated Jefferson County, Colorado by classifying those farms and ranches as vacant property thereby increasing their tax burden by a factor of six (6) times.

2.      As an example, Jefferson County has accessed the Vine Ranch Farm a registered Colorado farm, a property tax of $3,600 for the taxable year 2021. If the proper agricultural tax status were applied, the total tax burden of the Vine Ranch Farm would be $600.00. Currently, Jeffco owes Defendant back taxes over the past five years in the amount in excess of $6,000. Meanwhile, the subject farm's neighbor who has an 8,000 sq ft mansion on 35 acres and has four (4) pet Alpaca's enjoys agricultural tax status. This neighbor neither farm or ranch on their property but is granted agricultural status and pays only $2,700 in property tax; the nominal tax rate for such a property without agricultural tax status would be roughly $9,000. See **Exhibit 1**.

3.      After Defendant Reed McDonald exposed Jeffco's tax fraud scheme, Jeffco in retaliation sent county employees to trespass the Vine Ranch Farm's gated private road to surveil and conduct unreasonable search and seizure of the subject farm property over 10 times based upon secondhand and unverified complaints without warrant in violation of the 4th and 14th Amendments of the United States Constitution and Supreme Court precedent in *Camara v. City of San Francisco*, 387 U.S. 523 (1967).

4.      Additionally, neighbors to the subject farm have swatted the Vine Ranch Farm operation by making numerous false complaints to hinder and interrupt the development of greenhouses on the farm.  Defendant filed for disclosure of the names of individual[s] filing the false complaints against the Vine Ranch Farm operation pursuant to Colorado's Open Record Act (C.R.S. §24-72-

9

201 *et seq.*) and Colorado's Right to Farm Act (C.R.S. §35-3.5-101 *et seq.*). Jeffco refuses to release the names of the individuals filing public false complaints preventing this Defendant from facing his fraudulent accusers, a violation of the 6th Amendment to the United States Constitution.

5.     After neighbors file their public false complaints, Jeffco then without warrant trespassed Defendant's gated private road to surveil, and conduct unreasonable search and seizure of Defendant's farm property. Trespassing and the unreasonable search and seizure of the Defendants property is a violation of the 4th and 14th Amendment of the Constitution, this affirmed by the Supreme Court.   The Supreme Court of the United States in *Camara v. City of San Francisco*, 387 U.S. 523 (1967) and *See v. City of Seattle*, 387 U.S. 523 (1967) adjudged city/county employees must have warrant to conduct such search of private property. **Exhibit 2**.

6.     The Supreme Court of the United States held in *Camara* the following:

*Held:*

1. The Fourth Amendment bars prosecution of a person who has refused to permit a warrantless code enforcement inspection of his personal residence. *Frank v. Maryland, supra, pro tanto* overruled. Pp. 387 U. S. 528-534.

(a) The basic purpose of the Fourth Amendment, which is enforceable against the States through the Fourteenth, through its prohibition of "unreasonable" searches and seizures is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials. P. 387 U. S. 528.

(b) With certain carefully defined exceptions, an unconsented warrantless search of private property is "unreasonable." Pp. 387 U. S. 528-529.

(c) Contrary to the assumption of *Frank v. Maryland, supra,* Fourth Amendment interests are not merely "peripheral" where municipal fire, health, and housing inspection programs are involved whose purpose is to determine the existence of physical conditions not complying with local ordinances. Those programs, moreover, are enforceable by criminal process, as is refusal to allow an inspection. Pp. 387 U. S. 529-531.

(d) Warrantless administrative searches cannot be justified on the grounds that they make minimal demands on occupants; Page 387 U. S. 524, that warrant in such cases are

unfeasible; or that area inspection programs could not function under reasonable search warrant requirements. Pp. <u>387 U. S. 531</u>-533.

2. Probable cause upon the basis of which warrants are to be issued for area code enforcement inspections is not dependent on the inspector's belief that a particular dwelling violates the code, but on the reasonableness of the enforcement agency's appraisal of conditions in the area as a whole. The standards to guide the magistrate in the issuance of such search warrants will necessarily vary with the municipal program being enforced. Pp. <u>387 U. S. 534</u>-539.

3. Search warrants which are required in nonemergency situations should normally be sought only after entry is refused. Pp. <u>387 U. S. 539</u>-540.

4. In the nonemergency situation here, appellant had a right to insist that the inspectors obtain a search warrant. P. <u>387 U. S. 540</u>.

<u>237 Cal. App. 2d 128</u>, 46 Cal. Rptr. 585, vacated and remanded. Page 387 U. S. 525

7.      Jeffco's employees after trespassing The Vine Ranch Farm's gated private road, then proceeded several miles on the farm's private property arriving at the location of the subject farm without Defendant's knowledge and without notice.

8.      Jeffco claims they received anonymous (second-hand) complaints. Complaining the Vine Ranch Farm was engaged in illegal construction of greenhouses. Defendant is in possession of permits for all construction on the subject property.

9.      Jeffco well-knew the construction of the subject greenhouses were already approved and permitted on the Vine Ranch Farm's agricultural property and were issued during the Covid-19 Pandemic on or about July of 2020 and on June 7, 2021. Jeffco none-the-less trespassed and surveilled and conducted unreasonable search and seizure of Defendant's property. **Exhibit 3**.

10.     Jeffco confronted with their trespass, stated they are allowed to trespass and search the Vine Ranch Farm without warrant base upon second-hand (heresy) complaint. In addition, Jeffco stated they have a county wide policy allowing county employees to trespass gated private roads and property.

11.     Jeffco clearly aware permits have been issued for the construction of greenhouses on the subject farm, none-the-less sought to intimidate and harass Reed McDonald the owner of the Vine Ranch Farm since 2017 because of his lawsuit against Jeffco's regarding their tax fraud scheme.

12.     Jeffco county has a stated and implemented policy for trespassing gated private property to conduct unreasonable search of farm/ranch property.

13.     Jeffco in violation of the equal protection clause of the Constitution fabricated false violations retaliating upon this Defendant and whistleblower.

14.     In what appears to be an attempt to prevent removal of this action, Jefferson County Clerk of Court refused to accept the courtesy notice regarding removal; attempted service on clerk of court for Jefferson County was and refused on 2/10/2022m and again on 02/12/2022.

## CROSS-COMPLAINT

15.     This dispute arises from Colorado, Jefferson County's (Jeffco) violation of Petitioner's 4th, 6th, and 14 Amendment rights after a series of concealed false nuisance complaints were filed to obstruct and harass Reed McDonald's farm operation by members of the public in violation of C.R.S. §§35-3.5-101 through 103.

16.     Moreover, this case concerns the conflict between two Colorado State Statutes C.R.S. § 35-3.5-102 and C.R.S. §24-72-204(1)(2)(3), regarding the concealment of individuals who file false complaints to harass farm/ranch operations. Colorado's Open Records Act, (CORA) C.R.S. §§24-72-201 through 206, provides all public records shall be open for inspection by any person at reasonable times.  In violation of CORA, Jeffco refuses to release names of individuals who file false reports.

17.     It is a matter of public record that the subject farm holds permit for the subject farm property regarding office, storage and propagation facility on site at the time of Jeffco's trespass. Jeffco prior to trespassing Petitioner's gated private road failed to investigate its own permits issued to Reed McDonald and the Vine Ranch Farm prior to violating Petitioner rights secured under Constitution and the 4th, 6th and 14th Amendments against illegal surveillance, search, seizure and the right to face his one's accuser.

18.     In would appear in violation of the Constitution, Colorado Statute C.R.S. § 24-72-204(1)(2)(3) allows a government entity to conceal the names of individuals swatting a legal farm operation. Swatting is a criminal harassment tactic, deceiving a city/county government into sending police, emergency service or county response team to another person's address. Defendant's neighbors, use "swatting" to file anonymous false/nuance complaints in unincorporated Jefferson County, Colorado to harass and obstruct the Subject Farm operation.

19.     Reed McDonald is an owner of a rural farm operation known and registered with the State of Colorado as the Vine Ranch Farm. Located at 14309 Elk Mountain Trail, Littleton Colorado. See CO #20181287896. Mr. McDonald has farmed this agricultural zoned property since 2017; historically this agricultural property has always been zoned and used as agricultural land since its existence.

20.     Jeffco trespassed Petitioner's gated private road on or about July of 2018; June of 2019; May of 2020; and again, during August of 2021; Jeffco's government employees trespassed Defendant's gated private road based upon false complaints. Jeffco warned of their unconstitutional acts stated during hearing with this Defendant they were allowed to violate the United States and Colorado Constitutions because they were a governmental agency; Jeffco

refusing to adhere to rulings of the Supreme Court of the United States in *Camara v. City of San Francisco*, 387 U.S. 523 (1967) and *See v. City of Seattle*, 387 U.S. 523 (1967).

21.     After trespassing this farmer's gated private road, Jeffco's government employee drove several miles on Petitioner's private road to site of his farm. Thereafter, Jeffco again trespassed, surveilled, and conducted a search of the Petitioner's property without warrant and without Petitioner's knowledge or presence. These inspections were initiated because the surrounding neighbors who built million-dollar homes on agricultural land seek to have the Subject Farm shuttered; simply, harassment pursuant to Colorado's Right to Farm Act – C.R.S. §35-3.5-101, *et seq*.

22.     This type of case against a working farm has already been heard and decided in Colorado's Appellate Court in case #2013ca1806. In that appellate case, the court ruled in favor of the subject farm operation. See Amicus Brief by Colorado's Department of Agriculture and then Governor, the honorable John W. Hickenlooper. **Exhibit 4.**

23.     In addition, Jeffco's constitutional violations cited by Defendant have already been decided by the Supreme Court of the United States in *Camara v. City of San Francisco*, 387 U.S. 523 (1967) and *See v. City of Seattle*, 387 U.S. 523 (1967).

24.     In *Camara* & *See*, the Supreme Court of the United States was asked if a county/city government employee could surveil and search an individual's property without warrant. Camara was charged with violating the San Francisco Housing Code refusing, after three efforts by city housing inspectors to secure his consent, to allow a warrantless inspection of the ground-floor quarters which he leased and residential use of which allegedly violated the apartment building's occupancy permit. Thereafter, Camara was arrested and incarcerated. Camara claiming the inspection ordinance unconstitutional for failure to require a warrant for inspections, while

awaiting trial, sued in a State Superior Court for a writ of prohibition, which the court denied.

Relying on *Frank v. Maryland*, 359 U. S. 360, and similar cases, the district court of appeal

affirmed, holding that the ordinance did not violate the Fourth Amendment. The state supreme

court denied a petition for hearing.

**The Supreme Court of the United States Opinion in *Camara* & *See*:**

*The Supreme Court of the United States reversed the state's opinion in Camara and See during 1967* **in, 387 U.S. 541 (1967), the Supreme Court adjudged the following**:

 1. The Fourth Amendment bars prosecution of a person who has refused to permit a warrantless code enforcement inspection of his property. *Frank v. Maryland, pro tanto* overruled. Pp. 387 U. S. 528-534.

 (a) The basic purpose of the Fourth Amendment, which is enforceable against the States through the Fourteenth, through its prohibition of "unreasonable" searches and seizures is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials. P. 387 U. S. 528.

 (b) With certain carefully defined exceptions, an unconsented warrantless search of private property is "unreasonable." Pp. 387 U. S. 528-529.

 (c) Contrary to the assumption of *Frank v. Maryland,* Fourth Amendment interests are not merely "peripheral" where municipal fire, health, and housing inspection programs are involved whose purpose is to determine the existence of physical conditions not complying with local ordinances.

 (d) Warrantless administrative searches cannot be justified on the grounds that they make minimal demands on occupants.

25.    Thus, Jeffco's acts of trespass, surveillance, search and seizure of Mr. McDonald private

property were illegal and unconstitutional.

**Colorado's Right to Farm Act:**

26.    Moreover, Colorado's General Assembly passed legislation/law against this type of false

complaint designed to harass farm/ranch operations during 1981. See, C.R.S. §35-3.5-102 which

provides the following:

> C.R.S. §35-3.5-102(1)(a)  Except as provided in this section, an agricultural operation shall not be found to be a public or private nuisance if the agricultural operation alleged to be a nuisance employs methods or practices that are commonly or reasonably associated with agricultural production.

27.     Although, the public informed the Vine Ranch Farm is a legal operation, the surrounding public so furious with Jeffco, violated State law by insisting the subject farm operation be shuttered. Because the subject farm is a legal farm operation, the surrounding public has sought by other means to use anonymous false complaints to interfere and obstruct the farm operation in violation of Colorado law and the Constitution.

28.     As a matter of right, Defendant has the constitutional and legal right to know who is filing false complaints against the Subject Farm operation.

### JEFFCO TAX FRAUD SCHEME
### VIOLATION OF THE EQUAL PROTECTION OF LAW CLAUSE

29.     Jeffco refuses to grant agricultural tax status to Reed McDonald and the Vine Ranch Farm. Jeffco discriminates against farm and ranch refusing to grant agricultural tax status because of the mandated tax reduction; Reed McDonald has been so discriminated against.

30.     Most disturbing is the way Jeffco has behaved during the Covid-19 Pandemic in its operations with unexplained delays in the issuing of permits and compliance with agreement they have been a party too. Meanwhile, Reed McDonald has spent thousands of assets to assist in solving food insecurity in Jefferson County and the Denver metro.

31.     Jeffco has clearly and unmistakably stated to Mr. McDonalds face, they would never grant agricultural tax status to a farm that donates food to individuals who are food insecure. If fact during the Covid-19 Pandemic when Colorado's farmer markets were closed by mandate of the State of Colorado, the Vine Ranch Farm moved to raise and donate food to charitable organizations providing such food assistance. After discussion with Jeffco's taxing authority they clearly stated

Jeffco would never grant agricultural tax status to a farm that desired to donate food. Thus, the farm as a matter of Jeffco mandate was put a hold on production.

32.     During 2017 Jeffco was informed of the subject farm operation and that the owner would be seeking agricultural tax status. Thereafter, Jeffco's taxing authority, County Assessor sent Mr. McDonald a checklist for achieving such status. **Exhibit 5**.

33.     Jeffco, first requested the IRS Form 1040F, which is a loss/profit for farm/ranch; this form was provided to Jeffco. Second, Jeffco asked for a land lease for the subject farm; there is no lease as the agricultural land was purchased outright. Third, Jeffco asked to see receipts for services rendered and or items purchased for the agricultural operation; receipts were provided that showcased thousands of dollars spent on agricultural product and agricultural equipment. Fourth, Jeffco asked for certificates regarding registered and or patented agriculture plants; again, receipts and certificates for the right to own and grow patented plants in my inventory were provided to Jeffco; as an example, Jeffco was provided the Vine Ranch Farm's purchase of 400 patented blue berry plants and 1000 strawberry plants. The Vine Ranch farm cultivates specific types of plants that can be harvested several times during a growing season. Fifth, Mr. McDonald provided enrollment documents from state and federal agricultural education programs; specifically provided were receipts and documents from classes taken from Colorado State University on CSA farms. Sixth, provided to Jeffco was water agreements held by the subject farm with Oxford Recycling for the right to purchase water wholesale; although a well has been drilled on the subject farm, converting that well as a production well was more expensive than purchasing water from a certified supplier; the Vine Ranch Farm's agreement to purchase water from Oxford was $35.00 for 2000 gallons vs. recertififcation of the existing well for agriculture use would cost in excess of $25,000 dollars. Seventh, as the farm is only an agriculture production facility no livestock is

currently raised for slaughter, thus, this water rights did not pertain to the use of the land for agriculture status. Eighth, Jeffco asked for sales receipts for products sold; because of Covid-19 Pandemic and the state's mandate to shutter outlet farm markets, no receipts could be provided.

34.     In addition, Mr. McDonald has conducted tours of the farm's operation for Jeffco demonstrating the use of modern farming techniques which optimize water utilization and the ability to harvest several times in a given growing year.

35.     All of above efforts were made by Mr. McDonald, demonstrating to Jeffco the agriculture land classification is correct; these efforts were in vain as Jeffco was never going to grant agricultural tax status because of Jeffco's tax problems.

### JEFFCO'S REFUSAL TO ENFORCE ITS OWN REGULATIONS VIOLATION OF THE EQUAL PROTECTION OF LAW CLAUSE

36.     Meanwhile, the next-door neighbor who lives in an unfinished 8,000 square foot mansion and has four (4) pet Alpacas has been granted agriculture land classification. This neighbor neither breed or sale Alpacas as required by the office of Jeffco's assessor office. As an example, Jeffco's assessor's office has accessed this neighbor for the table year of 2021 a tax of $2,700; without agriculture land classification the nominal tax assessment would be roughly $9,000. The Vine Ranch Tax assessment for the same table year is $3,600; if the assessor's office would use agriculture land classification, the Vine Ranch Farm's tax would be roughly $600.

37.     In addition, my immediate next-door neighbor has placed in excess of 400 cubic yards of manure on my road and has used this manure to block a drainage culvert in violation of Jeffco regulation, flooding the farm's road in retaliation for farming on this agricultural property.

**Exhibits 6 and 7.**

38.     Moreover Jeffco, has allowed this same neighbor to construct an illegal septic system just a few feet from the road which undermines the stability of the road and has allowed this neighbor

to construct a path to his structure in excess of twenty (20) degrees which floods the subject farm property. Jeffco alerted to these violations refuses to have this neighbor correct their violations because he does not farm on his agricultural property. It appears because Jeffco allowed these violations, they refuse to make corrections as required by their own regulation.

39.     Meanwhile, Jeffco after receiving a fraud complaint, trespasses the subject farm's gated private road to then travel miles to the site of the subject farm to surveil and conduct an unreasonable search and seizure.   Simply, Jeffco knows there are many individuals who are violating its regulation within shouting distance from the subject farm, while the farm has done everything by the book. Jeffco seeks to retaliate against Mr. McDonald for exposing Jeffco's tax fraud scheme.

40.     Consequently, Jeffco acts and failure to act under Colorado law and the Gallagher Act and C.R.S. §§39-8-106 to 39-8-108 requires Jeffco to hear property tax disputes; Jeffco refuses to hold such hearings.

**JEFFCO'S TRESPASS; UNREASONABLE SEARCH AND SEIZURE**

41.     There is no dispute that Cross/Complaint Defendants, Amy Reistroffer, Madison Pitts, Jeremy Cohen, and Aly Dressler admit they trespassed the subject farm's gated private road which warned against trespass with clearly labeled signage. Jeffco employees knew if they proceeded past the gated entrance, they would be trespassing private property. Thus, there is no dispute, the Jeffco Defendants knew they were trespassing the subject farm's private gated road.

42.     As provided in Plaintiff's trespass warning on his gated private road and property, it was clearly established the Cross/Complaint Defendants would be trespassing the farm's private road if they transgressed the gate. Thus, the Cross/Complaint Defendants were reasonable warned they would be trespassing if they transgressed gated property.

43.     The Supreme Court of the United States has long standing law regarding **Individual Capacity:** A §1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory/county liability." _Brown v. Montoya_, 662 F.3d 1152, 1163 (10th Cir. 2011). "Personal liability `under § 1983 must be based on personal involvement in the alleged constitutional violation.'" _Brown v. Montoya_, 662 F.3d at 1163 (quoting _Foote v. Spiegel_, 118 F.3d 1416, 1423 (10th Cir. 1997)). It's quite clear and irrefutable the Cross/Complaint Defendants were the individuals whom trespassed the subject farms gated private road.

44.     As a matter of material fact, the Cross/Complaint Defendants individually trespassed the gated private road and proceeded to the subject farm location to conduct an illegal and unreasonable search and seizure of Plaintiff's property without warrant or any court order of any kind, in violation of provisions of both Colorado and United States Constitutions. All of the Cross/Complaint Defendants are employees of Jefferson County, Colorado. Counties have a constitutional responsibility to protect people within their boundaries from Constitutional violations.

45.     The Constitution did not prevent the Cross/Complaint Defendants from obtaining a legal right to trespass via a court order. The United States Supreme Court has overruled its prior decision in _Will v. Michigan Dept. of State Police_, during 1991. The Supreme Court now holding "[W]e reject this reading of _Will_ and hold that state officials sued in their individual capacities are "persons" for purposes of § 1983. Personal-capacity suits, seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, "[o]n the merits, to establish _personal_ liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."

46.     "Through § 1983, Congress sought "to give a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position." _Monroe_ v. _Pape,_ 365 U. S. 167, 172 (1961). Accordingly, it authorized suits to redress deprivations of civil rights by persons acting "under color of any [state] statute, ordinance, regulation, custom, or usage." 42 U. S. C. § 1983.

47.     The requirement of action under color of state law means that Jeffco may be liable for their act and refusal to act under law, precisely because of its mistaken authority as County.

48.     The Supreme Court of the United States was asked in _Monell v. Department of Social Services of the City of New York_, 436 U.S. 658 (1978), if sued in their official capacity, are local government officials and organizations such as a school board considered "persons" for the purpose of liability for back wages? The conclusion of the Supreme Court was "YES."

49.     SCOTUS overruled their previous decision in _Monroe v. Pope_ and ruled afresh in a 7-2 majority, the court ruling, legislative history of the Civil Rights Act of 1871, and specifically the Sherman Amendment, indicated municipalities are liable for the infringement of constitutional rights. Additionally, by 1871 there was a clear legislative and precedent-based history for municipal corporations — such as a school board — to be considered a "person" for the purpose of lawsuits and liability.

50.     The State-court protecting the concealed false filers and Cross/Complaint Defendants refused to allow Mr. McDonald to face his false filer[s] as required by civil rule to exam the Jeffco Defendants under oath during oral deposition to as whether, the Jeffco employee's acts in violation of the Constitution and Colorado law were approved by their supervisor or were a standing county policy. Because a defendant's supervisor under § 1983's "personal-involvement requirement does not mean that direct participation is necessary." _Pahls v. Thomas_, 718 F.3d at 1225 (10<sup>th</sup>Cir. 2013).

To prevail on a §1983 claim against a defendant-supervisor, a plaintiff need only establish "an `affirmative link' between the supervisor and the constitutional violation." _Schneider v. City of Grand Junction Police Dep't_, 717 F.3d 760, 767 (10th Cir. 2013)(citing _Dodds v. Richardson_, 614 F.3d at 1195 (10th Cir. 2010).

51.    It's crystal clear on its face, Jefferson County has a standing policy allowing its employees to violate the Constitution by their exhibited illegal conduct. Evidence in the record and this brief clearly establishes that all, of the Cross/Complaint Defendants trespassed the subject farm's private gated road which contained warning signage regarding illegal trespass to conduct an illegal search.

Ultimately, the United Sates Supreme Court has ruled and maintains to this day:

""" We hold that state officials, sued in their individual capacities, are "persons" within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the "official" nature of their acts."" _Hafer v. Melo_, 502 U.S. 21 (1991).

### SUPERVISOR & COUNTY CAPACITY

52.    **Supervisor/County Capacity**: A county supervisor under § 1983's "personal-involvement" requirement does not mean direct participation is necessary." _Pahls v. Thomas_, 718 F.3d at 1225 (10th Cir.2013). To prevail on a §1983 claim against a supervisor, a plaintiff need only establish "an `affirmative link' between the supervisor and the constitutional violation." _Schneider v. City of Grand Junction Police Dep't_, 717 F.3d 760, 767 (10th Cir. 2013)(citing _Dodds v. Richardson_, 614 F.3d at 1195).

53.    Ultimately, besides the named Cross/Complaint Defendants who are employees of county, Jeffco may itself be labile for its unconstitutional conduct and for violation of Defendant's civil rights.

### CROSS/COMPLAINT/PLAINTIFF'S ROAD
### BY COLORADO LAW IS A PRIVATE ROAD

54.    Since 1953 Colorado law has defined the difference between private and public roads. See

Colorado Supreme Court's decision *Curtis v. Lawley*, 346 P.2d 579 (1959) where the court ruled

**A public highway is defined as:**

"(a) the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel; or (b) the entire width of every way declared to be a public highway by any law of this state." C.R.S. '53, 13-1-1(20).

**A private roadway is defined as:**

"every road or driveway not open to the use of the public for purposes of vehicular travel." C.R.S. '53, 13-1-1(21).

55.    Jeffco does not publicly maintain the subject private road, does not pave the subject private

road, does not plow the subject private road, does not light the subject private road, and does not

provide drainage or any other services on the subject private road.

56.    In addition, if Jeffco Defendants where to change the subject road classification without

notice they would again be subject to a constitutional violation for due-process. See the United

States District Court's Judgment in *Stanley v. Gallegos*, Civ No. 11-1108 (2018) GBW/JHR.

""Having rejected these "standing" arguments, the court concluded that, if the County could not show an "interest that would counterbalance [plaintiff's] interest in obtaining a fair hearing on her position," the County would have "violated [plaintiff's] right to due process if it declared the **road public** without giving her notice and an adequate opportunity to be heard.""

57.    The Defendant's Cross/Complaint Plaintiff's constructed gate prohibits the public's

trespass. It's clear, the intent was and is to prevent the public access. See "by constructing a gate

across a road, a landowner conveys the clear message that any public use of that road is with the

landowner's permission only. *MARALEX RESOURCES, INC. v. Chamberlain*, Case 12ca2575

(Colo.App. 2014). There is no doubt the Defendant's private road is just that, a "private road"

closed to the public as a matter of statute and common law.

## DETRIMENTAL RELIANCE

58.      Detrimental reliance is a term commonly used to force another to perform their obligations

under a contract, using the theory of promissory estoppel. Promissory estoppel may apply when

the following elements are proven:

- A promise was made
- Relying on the promise was reasonable or foreseeable
- There was actual and reasonable reliance on the promise
- The reliance was detrimental
- Injustice can only be prevented by enforcing the promise

59.      See *Cohen v. Cowles Media Co.*, 501 U.S. 663 (1991). Detrimental reliance must be shown

to involve reliance that is reasonable, which is a determination made on an individual case-by-case

basis, taking all factors into consideration. Detrimental means that some type of harm has been is

suffered by the Cross/Complaint Plaintiff.

60.      Jefferson County, Colorado made a promise that if Mr. McDonald disclosed his farm

business accounts and practices, they would grant agricultural tax status to his farm operation. Mr.

McDonald relied upon Jeffco's promise. Mr. McDonald made a reasonable and actual reliance of

Jeffco's Promise. Mr. McDonald reliance was detrimental to his business and his annual income.

Jeffco's injustice can only be prevented by enforcing its promise.

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
*42 U.S.C. §1983 – 4th Amendment Violation – Illegal Search*
(against all Cross/Complaint Defendants)

61.      Cross/Complaint Plaintiff hereby incorporates all other paragraphs of this Complaint as if

fully set forth herein.

62.      When Cross/Complaint Defendant's suddenly without warning and without warrant

trespassed the subject farm's gated private road to conducted their illegal and unreasonable search

of the farm operation known as the The Vine Ranch Farm, they violated Mr. McDonald's civil rights secured by the Fourth and Fourteenth Amendment of the United States Constitution and Article II, Section 7 of Colorado's Constitution.

63.     The Fourth and the Fourteenth Amendment of the United States Constitution—and Article II, Section 7, of the Colorado Constitution—provides person of  Colorado and citizens of the United States certain rights, most notably, have the right to be free from unreasonable searches and seizures by the government.

64.     When the Cross/Complaint Defendants were asked how they we able to trespass the subject farm's private gate, they revealed their co-conspirator provided the private gate code.

65.     Cross/Complaint Defendant's all spoke when asked about their illegal trespass and illegal search, they had been trained by Jeffco, they held special privilege to trespass private property to conduct search and seizure.

66.      Cross/Complaint Defendant's when asked if they held a warrant to search the subject farm operation, stated they did not need a court order to search the premises.

67.     The Fourth and Fourteenth Amendments of the United States Constitution forbids and protects individuals from unwarranted search without warrant.

68.     The Colorado Constitution, Article II, Section 7, in addition, protects citizens of Colorado from illegal and unreasonable search and seizure.

69.     Mr. McDonald's right to be free from unreasonable search as described herein was clearly established at the time the Cross/Complaint Defendant's trespassed and John/Jane Doe filed their nuisance complaint giving unauthorized access to the private road and gated property.

70.     Cross/Complaint Defendant's and John/Jane Doe effectuated Mr. McDonald's injuries. All of the Cross/Complaint Defendants stated they did not need a warrant to trespass private road and gated farm property to conduct a search of the subject property. Cross/Complaint Defendant's and John/Jane Doe both approved and directed the assaults on the subject farm operation, with deliberate indifference to the rights held by Mr. McDonald under the Fourth and Fourteenth Amendment to the United States Constitution.

71.     Cross/Complaint Defendants' sudden appearance and illegal and unreasonable search and extended assault upon Mr. McDonald's Constitutional rights caused him to experience terror and fear for security and privacy of his private property and business property. The experience of this event caused and continues to cause Mr. McDonald trauma and emotional distress, along with the lasting injuries from the invasion of his right to privacy.

## SECOND CLAIM FOR RELIEF
*Colorado Constitution – Article II, Section 7 Violation – Illegal Search*
(against all Cross/Complaint Defendants)

72.     Cross/Complaint Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

73.     When the Cross/Complaint Defendant's and John/Jane Doe suddenly without warning and without warrant trespassed the subject farm's gated private road to conducted their illegal search of the farm operation known as the The Vine Ranch Farm they violated the Article II, Section 7 of Colorado's Constitution and therein Mr. McDonald civil rights.

74.     Article II, Section 7, of the Colorado Constitution—provides Colorado citizens certain rights, most notably, the right to be free from unreasonable searches and seizures by the government.

75.     When Cross/Complaint Defendants were asked how they we able to trespass the subject farm's private gate, they revealed their co-conspirator provided the private gate code.

76.     Cross/Complaint Defendant's all spoke when asked about their illegal trespass and illegal search they had been trained by Jeffco, they held special privilege to trespass private property to conduct search and seizure.

77.      Cross/Complaint Defendant's when asked if they held a warrant to search the subject farm operation stated they did not need a court order to search the premises.

78.     The Fourth and Fourteenth Amendments of the United States Constitution forbids and protected individuals from unwarranted search without warrant.

79.     The Colorado Constitution, Article II, Section 7, in addition, provides and protects citizens of Colorado from illegal search and seizure.

80.     Mr. McDonald's right to be free from unreasonable search as described herein was clearly established at the time the Cross/Complaint Defendants, trespassed and John/Jane Doe filed their nuisance complaint giving unauthorized access to the Mr. McDonald's private road and gated property.

81.     Cross/Complaint Defendants and John/Jane Doe directly caused Mr. McDonald's injuries. All of the Cross/Complaint Defendants stated they did not need a warrant to trespass private road and gated farm property to conduct a search of the subject property. The Cross/Complaint Defendants and John/Jane Doe directed the assaults on the subject farm operation, with deliberate indifference to the rights held by Mr. McDonald under the Fourth and Fourteenth Amendment to the United States Constitution and the Colorado Constitution.

82.     Cross/Complaint Defendants sudden appearance and illegal search and extended assault upon Mr. McDonald Constitutional rights caused him to experience terror and fear for security and privacy for himself and his property. The experience of this event caused and continues to cause Mr. McDonald trauma and emotional distress, along with the lasting injuries from the invasion of his right to privacy.

**THIRD CLAIM FOR RELIEF**

*42 U.S.C. § 1983 – 4th & 14th Amendment Violation – Municipal Liability for Unconstitutional Custom/Practice, Failure to Train, Failure to Supervise*
(against Cross/Complaint Defendant Jefferson County, Colorado)

83.     Cross/Complaint Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

84.     All of the acts described herein were done by Cross/Complaint Defendant intentionally, knowingly, willfully, wantonly, maliciously, and in recklessly disregard for Mr. McDonald's federally and State protected rights, and were done pursuant to Jefferson Counties pre-existing and ongoing deliberately indifference to both the United States and Colorado Constitutions under color of law.

85.     Cross/Complaint Defendant, Jefferson County, Colorado under color of state law intentionally, knowingly, willfully, wantonly, maliciously, and recklessly in disregard for Mr. McDonald's federally and State protected rights, trained its employees to violate a person's right to privacy secured under provisions of the Fourth and Fourteenth Amendment of the Unite States Constitution.

86.     Jefferson County exhibits pre-existing and ongoing deliberately indifference to the Constitution by training its employees to disregard a person's right to privacy, and unreasonable searching property.

87.     Jefferson County's custom and practice is to permit its employees to aggressively encroach upon a person's right to privacy by committing unwarranted search of property in violation the Fourth and Fourteenth Amendments of the United States Constitution.

88.     It is the custom and practice of Jefferson County to train its employees to violate the United States Constitution and Colorado Constitution. Jefferson County has been repedatly been warned against this practice, procedure, and custom in violating a person right to privacy and unreasonable search of private property in violation of rights secured by the Constitution.

89.     Through the Cross/Complaint Defendant, Jefferson County, Colorado continuous ratification of unconstitutional searches, prosecutions, fines, and unconstitutional taxes. Cross/Complaint Defendant Jefferson County has condoned and is the driving force and source of the unconstitutional acts and conduct that has damaged the Defendant.

90.     Cross/Complaint Defendant Jefferson County, Colorado failed to properly train and supervise its employees to avoid their foreseeable use of unlawful trespass, unlawful search, unlawful seizures and abuse of their governmental powers under color of law.

91.     Cross/Complaint Defendant Jefferson County's policies, customs and practices in failing to properly train and supervise its employees were the moving force and proximate cause of the violations to Mr. McDonald's constitutional and civil rights.

92.     The custom, policy and practice of Cross/Complaint Defendant, Jefferson County of encouraging, condoning, tolerating, and ratifying the unreasonable and excessive use of illegal searches and excessive tax abuse on citizens, as described herein, were the moving force behind and the proximate cause of the violations and damages to Mr. McDonald constitutional rights.

93.     Upon information and belief, Cross/Complaint Defendant, Jefferson County has been deliberately obfuscatory and in other litigation involving illegal searches claims against its

employee's, has made concerted efforts to withhold, destroy, conceal and delay the release of documents and correspondence that relate to the unconstitutional policies, customs, and practices set forth above, and which also evidence Cross/Complaint Defendant Jefferson County's unconstitutional practices, customs, failures to train, and supervise defendant employees as set forth above.

94.     The acts or omissions of Cross/Complaint Defendant Jefferson County, Colorado caused Mr. McDonald to suffer mental pain, anguish among other injuries, damages and business losses.

95.     The actions and omissions of Cross/Complaint Defendant Jefferson County, Colorado as described herein deprived Mr. McDonald of the rights, privileges, liberties, and immunities secured by the Constitution of the United State of America, the State of Colorado secured under Constitution and has caused Mr. McDonald other damages.

**FOURTH CLAIM FOR RELIEF**
*Nuisance complaint in violation of C.R.S. §35-3.5-102(1)*
(against Cross/Complaint Defendant John/Jane Doe)

96.     Cross/Complaint Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

97.     All of the acts described herein were encouraged and initiated by Cross/Complaint Defendant John/Jane Doe in concert with Cross/Complaint Defendant, Jefferson County, Colorado intentionally, knowingly, willfully, wantonly, maliciously, and recklessly in disregard for Mr. McDonald's federally and State protected rights, and were done pursuant to Jefferson Counties pre-existing and ongoing deliberately indifference to both the United States and Colorado Constitutions under color of law.

98.     Jeffco encourages and promotes nuisance complaints by unknown individuals. Jeffco then conceals the identity of these individuals in violation of Colorado Open Records Act, (CORA).

99.     John/Jane Doe files numerous nuisance complaints against the Vine Ranch because they seek to end the farm operations on agricultural land because they have built million-dollar homes on surrounding agricultural land.

100.     John/Jane Doe in furtherance to that end, swat the Vine Ranch's operation making numerous false statements to neighbors surrounding the subject farm to entice and disrupt the farm operations and to create other complaints.

101.     John/Jane Doe in furtherance to ending the Vine Ranch's operations filed false and misleading information to Jeffco Planning and Zoning to encourage others to also file false complaints.

102.     John/Jane Doe in furtherance to stopping the Vine Ranch's Farm operation filed numerous false and nuisance complaints to stop the approved construction of the Vine Ranch Farm's underground greenhouses and two above ground houses.

103.     The exchanges between John/Jane Doe and Jefferson County, Colorado is intended to end the Vine Ranch's Farm operation. The false and nuisance complaints filed to stop farming operations are in breach of state law. Cross/Complaint Defendant, John/Jane Doe who live on agricultural land do not farm. Thier take a no prisoners approach seeking to end any and all farm operations on agricultural land, shocks the conscience, as food insecurities are rampant in Colorado under the Covid-19 pandemic. The loss of farming operations is epidemic in the front range.

104.     Cross/Complaint Defendant John/Jane Doe are directly responsible for numerous nuisance complaints against the Vine Ranch Farm. Those nuisance complaints have resulted in delayed development of the Vine Ranch Farm operation, financially damaging Mr. McDonald.

105.     Cross/Complaint Defendant John/Jane Doe, actions as described herein deprived Mr. McDonald from farm profits and deprived him of rights, privileges, liberties, and immunities

secured by the Constitution of the United States of America and the Colorado Constitution and have caused other damages.

### FIFTH CLAIM FOR RELIEF
*The Fourteenth Amendment - Equal Protection of law Violation*
(against all Cross/Complaint Defendants)

106.    Cross/Complaint Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

107.    Jefferson County's attack upon Mr. McDonald and his farm operation is conscience shocking and defies Colorado law, federal law and the Constitution.

108.    Jefferson County mandates that Mr. McDonald remove farm equipment, farm essentials and construction equipment from his farm and stop the construction of his four (4) greenhouses although he is in possession of permits for such construction. While they allow individuals who have built homes on agricultural land violate standing Colorado law and Jeffco regulations.

109.     The State of Colorado has established its in the interest to conserve, protect, and encourage the development and improvement of its agricultural land for the production of food and other agricultural products.

110.    Colorado's general assembly recognizes that when nongricultural land use extends into agricultural areas, agricultural operations are endangered by nuisance complaints.

111.    Jefferson County and its Board of County Commissioners (BOCC) refuses to support farm operations and treats farm operations indifferently under law than owners who have built just residence on agricultural land.

112.    In this specific case Jeffco has mandated Mr. McDonald remove essential farm equipment from his farm, this mandate under monetary penalty is conscience shocking and shows a complete lack of reality to the State's mandate and Colorado law.

113.     The reality is evidence in the fact that Mr. McDonald and his farm operation have been targeted by the Cross/Complaint Defendant's not just a single time but multiple times. Cross/Complaint Defendant Jeffco threatens Mr. McDonald with criminal action if he does not remove farm equipment from his farm land.

114.     There is absolutely no governmental interest served by what the Cross/Complaint Defendant's acts against Mr. McDonald and his farm operation.

115.     While Jeffco takes unconstitutional criminal action against Mr. McDonald, they allow individuals who do not farm to live in violation of Jeffco regulation, a clear violation of the Fourteenth Amendment of the Constitution and its equal protection under law clause therein.

116.     The secret and concealed complaints filed against Mr. McDonald's farm operation are subject to examination as he has a Constitutional right to face his accuser under the Constitution's confrontation clause. More importantly Jeffco's trespass and unconstitutional search of the subject farm further solidifies the truly outrageous, deliberate, conscious-shocking government misconduct.

117.     The sudden and unexpected appearance of Jeffco employees at Mr./McDonald's farm operation in context of the Constitution's right protecting that individual from illegal and unreasonable search and a person right to privacy is so egregious and extraordinary and so sever, as to amount to brutal abuse of official governmental power.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Cross/Complaint Plaintiff and Defendant Mr. McDonald respectfully requests that this Court enter judgment in his favor and against the Cross/Complaint Defendants and grant and allow further prayers for relief as discovery allows and requests the following relief as of this date:

a. Declaratory and injunctive relief, as appropriate;

b. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, loss of liberty, privacy, sense of security and individual dignity, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

c. All economic losses and damages on all claims allowed by law to be established at trial;

d. Punitive damages on all claims allowed by law and in an amount to be determined at trial;

e. Issuance of an Order mandating appropriate equitable relief, including, but not limited to:

>   1. The imposition of policy changes designed to avoid future unconstitutional conduct by Jefferson County, Colorado;
>
>   2. Mandatory training designed to prevent future similar misconduct by Jefferson County Colorado;
>
>   3. Attorneys' fees and the costs on all claims allowed by law;
>
>   4. pre-and post-judgment interest at the lawful rate;
>
>   5. penalties and punishment against Jefferson County, Colorado to curb its unconstitutional conduct; and
>
>   5. Any further relief that this Court deems just and proper, and any other relief as allowed by law.

## VII. REQUEST FOR TRIAL BY JURY

Cross/Complaint Plaintiff and Defendant requests a trial to a jury on all issues so triable.

Respectfully submitted this 1st day of March, 2022.

Reed McDonald *pro se*
4059 W. Hillside Pl.
Littleton, Colorado 80123
kirkmcdonald56@gmail.com
720-589-3160

34

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served upon the following parties on this 1st Day of March, 2022 by email, addressed as follows:

Counsel for Jefferson County, Colorado
Jason Soronson
100 Jefferson County Parkway,
Suite 5500
Golden, Colorado
jsoronso@co.jefferson.co.us

35

## **VERIFICATION**

STATE OF COLORADO
COUNTY OF JEFFERSON


     I have read the foregoing Verified Complaint and to the best of my information and belief; the contents are true.


Reed K. McDonald
Owner of the Vine Ranch Farm
14309 Elk Mountain Trail
Littleton, Colorado 80127

     Subscribed and sworn to before me this 3rd day of March, 2022 by Reed Kirk McDonald.


Notary official signature

HELEN ELIZABETH ZIEMBA
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20204036350
MY COMMISSION EXPIRES 10/16/2024

10/16/2024
Commission expiration date