**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-389-GPG

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON, STATE OF COLORADO, a body politic and corporate,

Plaintiff,

v.

REED KIRK MCDONALD;

Defendant.

## MOTION TO REMAND

Plaintiff Board of County Commissioners of the County of Jefferson, State of Colorado (the "County"), through counsel and pursuant 28 U.S.C. §§ 1331, 1441(a), and 1447(c), moves this Court to remand this case to the Jefferson County District Court:

### CERTIFICATE OF CONFERRAL

The undersigned conferred with Defendant on March 7, 2022 who indicated his opposition to the relief requested herein.

### INTRODUCTION

Defendant Reed Kirk McDonald ("Mr. McDonald") is the owner of land located at 14039 Elk Mountain Trail in Littleton, Colorado (the "Property"), in Jefferson County. The County alleged that Mr. McDonald was in violation of the Jefferson County Zoning Resolution for various activities and uses occurring on the Property. As such, the County filed an action in Jefferson County Court seeking to enforce the Jefferson County Zoning Resolution pursuant to

C.R.S. § 30-28-124.5. Mr. McDonald was served with the aforementioned County Court action on January 11, 2022. The deadline for Mr. McDonald to file his answer in the matter was February 14, 2022.

Although the County alleges a single state statutory cause of action pursuant C.R.S. § 30-28-124.5, Mr. McDonald has removed the County Court action, contending that the County's claims arise under federal law and invoking this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446. *See Notice of Removal*, ECF No. 12. While Mr. McDonald does not address the contents of the County's claims, he contends his own claims and defenses present federal questions within this Court's jurisdiction. *Notice of Removal* ¶ 1-12. On March 2, 2022, Mr. McDonald filed a Cross-Complaint against the County and various individuals, raising various federal claims.[1] *See Defendant's Verified Cross Complaint,* ECF No. 13.

Mr. McDonald's removal is improper. Pursuant to the well-pleaded complaint rule, a suit arises under federal law for removal purposes only if the plaintiff asserts a federal claim. A defendant's defense or cross-complaint raising federal issues is not sufficient to warrant removal jurisdiction. Because the County's complaint contains a single claim that is a local issue, this case must be remanded to Jefferson County Court.

**ARGUMENT**

**I.      Mr. McDonald Bears the Burden of Proof.**

"District and appellate courts have limited subject matter jurisdiction and may only hear cases when empowered to do so by the Constitution and by acts of Congress." *Lindstrom v.*

---

[1] The federal claims Mr. McDonald raises in his Notice of Removal and Cross-Complaint are nearly identical to the claims he raised in a prior Jefferson County District Court Case, No. 2021CV182, that was dismissed on December 2, 2021 and that Mr. McDonald has appealed.

2

*United* States 510 F.3d 1191, 1193 (10th Cir. 2007) (citing *Radil v. Sanborn Western Camps, Inc.,* 384 F.3d 1220, 1225 (10th Cir.2004)). "A state court action may be removed to federal court only if the action could have been brought in federal court originally." *Snook v. Deutsche Bank, AG*, 410 F. Supp. 2d 519, 521 (S.D. Tex. 2006). "When a plaintiff moves to remand for lack of jurisdiction, the burden of establishing federal jurisdiction rests upon the defendant." *Id.* "The litigant asserting jurisdiction must carry the burden of proving it by a preponderance of the evidence. *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936)). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

**II.     The County's Claims Do Not Raise Any Federal Issues.**

Mr. McDonald asserts that this Court has jurisdiction over the County's zoning enforcement claim pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. *Notice of Removal*, ¶¶ 15-17. "Under § 1331, federal courts have 'original jurisdiction of all civil actions under the Constitution, laws or treaties of the United States.'" *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (*citing* 28 U.S.C. § 1331). "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005). Thus, Mr. McDonald must first establish that this Court has original jurisdiction. This Court does not.

In order to determine whether a claim or lawsuit arises under federal law, the well pleaded complaint rule governs and provides that a suit arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Devon*,

3

693 F.3d at 1203. Thus, the plaintiff is the master of the claims asserted and by omitting federal claims from a lawsuit, "a plaintiff can generally guarantee an action will be heard in state court." *Id*.

Here, Mr. McDonald does not comment on the County's claims other than to vaguely refer to its Complaint as an "unidentified case from Colorado's 1st judicial district." *Notice of Removal*, ¶ 18. Instead, Mr. McDonald, raises numerous federal claims in response to the County's lawsuit through his *Notice of Removal* and *Cross-Complaint*. However, a review of the County's claims clearly shows that the County, as a master of its complaint, brought a single claim seeking to enforce provisions of its Zoning Resolution pursuant to C.R.S. §30-28-124.5. Allegations of violations of a local zoning ordinance assert violations of state law; they do not establish federal jurisdiction. *Springfield Tp. V. Pan Am Corp.*, 496 F. Supp. 871, 873 (E.D. Pa. 1980). "The General Assembly has expressly delegated to local governments broad powers to establish and enforce zoning and land use regulations." *Colorado Min. Ass'n v. Bd. of Cnty. Comm'rs of Summit Cnty.*, 199 P.3d 718, 729 (Colo. 2009) On its face, the County's Complaint raises a state issue and contains no federal question.

### III.   Mr. McDonald's Defenses or Cross-Complaint Do Not Give Rise to Removal Jurisdiction.

Further, the fact that Mr. McDonald's defenses or Cross-Complaint appear to raise federal issues does not confer jurisdiction. "A case may not be removed on the basis of a defense with federal claims." *Twp. of Whitehall v. Allentown Auto Auction*, 966 F. Supp. 385, 386 (E.D. Pa. 1997) (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S. Ct. 2425 (1987)). "A case may not be removed on the basis of a defendant's counterclaim with federal claims, either." *Id*. (*citing Gully v. First National Bank,* 299 U.S. 109, 57 S. Ct. 96 (1936)). Thus, the only inquiry

4

here is whether the County's Complaint raises any federal claims. The County's Complaint is clear on its face. The only claim is a state claim seeking to enforce the County's Zoning Resolution. Mr. McDonald's attempt to remove this action on the basis of federal claims asserted in his Notice of Removal, apparently in defense, are improper. Likewise, Mr. McDonald's Cross-Complaint does not provide a basis for removal. Thus, this Court must remand this action to State court.

## IV.   The County is Entitled to an Award of Attorney's Fees and Costs.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "'The goal of this provision is to deter improper removal…While the simplicity of [the removal] procedure facilitates removal, it also exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it.'" *Greenidge v. Mundo Shipping Corp.*, 60 F. Supp. 2d 10, 12 (E.D.N.Y. 1999) (*quoting Ciricle Indus. USA, Inc. v. Parke Constr. Group, Inc.*, 183 F.3d 105, 109 (2d Cir. 1999). 28 U.S.C. § 1447(c) does not require a finding that the removal was made in bad faith. *Id*. "[It] gives the Court 'a great deal of discretion and flexibility…in fashioning awards of costs and fees.'" *Id*. (*quoting Morgan Guaranty Trust Co. of N.Y. v. Republic of Palau*, 97 F.2d 917, 923 (2d Cir. 1992)).

In Greenidge, the Court found that the removal was not in bad faith, awarding costs and expenses because removal greatly complicated the relatively simple claim filed in state Court and defendants' counsel should have known removal was improper. *Id*. Here, the County's

5

Complaint is a simple County Court action seeking to enforce the County's Zoning Resolution. Further, it is well established that zoning enforcement is a local matter, a fact of which Mr. McDonald is likely aware. As Mr. McDonald's Cross-Complaint points out, this is not his first action against the County.[2] *See Cross-Complaint*, p 4. As such, even if this Court finds that the removal was not frivolous or made in bad faith, it nevertheless complicated a simple case asserting a single State claim in County Court. Thus, the County respectfully requests that this Court award reasonable attorney's fees and costs incurred in moving this Court to remand this action.

## CONCLUSION

The County's Complaint asserts a single State law claim which does not arise under federal law or give this Court removal jurisdiction. Further, the defenses Mr. McDonald asserts in his Notice of Removal and the federal claims raised in his Cross-Complaint do not overcome the well-pleaded complaint rule or otherwise confer removal jurisdiction. Thus, because removal is not proper, the County respectfully requests that its claims be remanded to state court. Because remand is required and Mr. McDonald's improper removal overcomplicated a simple County Court case, the County respectfully requests an award of attorney's fees and cost.

---

[2] Aside from Case No. 2022SC63, which is currently pending Mr. McDonald's petition for certiorari, as discussed above, Mr. McDonald also filed identical claims as in this matter in Jefferson County District Court Case No. 2021CV182. The District Court case was dismissed on the County's Motion to Dismiss and is now on appeal in Case No. 2022CA333.

Dated: March 8, 2022.　　　　　　　　JEFFERSON COUNTY ATTORNEY'S OFFICE

　　　　　　　　　　　　　　　　　　By:  *s/ Jason W. Soronson*
　　　　　　　　　　　　　　　　　　Jason W. Soronson, #50078
　　　　　　　　　　　　　　　　　　Assistant County Attorney
　　　　　　　　　　　　　　　　　　Jefferson County Attorney's Office
　　　　　　　　　　　　　　　　　　100 Jefferson County Parkway, Suite 5500
　　　　　　　　　　　　　　　　　　Golden, CO 80419
　　　　　　　　　　　　　　　　　　Telephone:  303.271.8932
　　　　　　　　　　　　　　　　　　Fax:  303.271.8901
　　　　　　　　　　　　　　　　　　Email:  jsoronso@jeffco.us
　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

　　　　I hereby certify that on March 7, 2022, I filed the foregoing MOTION TO REMAND via the US District Court CM/ECF System which will serve a true and correct copy upon the following:

Reed Kirk McDonald, *pro se*
5856 S. Lowell Blvd.
UPS/Ste 163
Littleton, Colorado 80123

　　　　　　　　　　　　　　　　　　*/s/ Briana McCarten*

7