**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
March 15 2022
**JEFFREY P. COLWELL, CLERK**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Action No. 22cv389

**Plaintiff/Cross-Complainant Defendant,**
Jefferson County, Colorado/Board of County Commissioners in their official and individual capacities.

**Cross/Complaint Defendant**
Jefferson County, Colorado a quasimunicipal corporation and political subdivision of the State of Colorado;

**Cross/Complaint Defendant**
Jermery Cohen in his individual capacity/and his capacity as Supervisor for Jefferson County, Colorado, Planning and Zoning;

**Cross/Complaint Defendant**
Amy Reistroffer in her individual capacity/and her capacity as employee for Jefferson County, Colorado Planning and Zoning

**Cross/Complaint Defendant**
Madison Pitts in her in her individual capacity/and her capacity as employee for Jefferson County, Colorado Public Health.

**Cross/Complaint Defendant**
Aly Dressler in her individual capacity/and her capacity as employee for Jefferson County, Colorado Public Health.

**Cross/Complaint Defendant**
John/Jane doe who have file false public complaints against the Colorado farm knowns as the Vine Ranch Farm,

**v.**

**Defendant; Cross/Complaint Plaintiff**
Reed McDonald
(aka) The Vine Ranch Farm

---

**DEFENDANT'S MOTION FOR WRIT OF MANDAMUS**

---

Defendant pro se counsel and Private Attorney General, Reed McDonald files this motion for bench hearing to determine a writ of mandamus against Colorado, Jefferson County, (Jeffco) a quasimunicipal corporation and political subdivision of the State of Colorado for refusing to release names of individuals who have filed public false complaint[s] against the Vine Ranch Farm operation to obstruct and harass the subject farm operation in violation of Colorado law C.R.S. §35-3.5-102.

Defendant / Cross-Complaint Plaintiff (hereafter Defendant) pursuant to this Court's rule has conferred with counsel for Jeffco; Jeffco objects to Defendant's motion for writ of mandamus.

## I. BACKGROUND

This action concerns a challenge by the Defendant to Colorado's Open Records Act ("CORA") and therein a request to disclose individuals whom have been swatting the Vine Ranch Farm operation in violation of Colorado's Right to Farm Act; C.R.S. 35-3.5-101 through 103. Swatting is a criminal harassment tactic, deceiving a city/county government (via such means as hoaxing a county dispatcher) into sending police, emergency service or county response team to another person's address. See Senate Bill 18-068 and §18-8-111 C.R.S (2018). Under Colorado law, Swatting is a crime.

Colorado and its general assembly representing the people of Colorado have passed laws against harassment regarding farm operations. See below.

> **WHEREAS**, pursuant to Article 3.5. Title 35, C.R.S., it is the declared policy of the State of Colorado to conserve, protect, and encourage the development and improvement of its agricultural land for the production of food and other agricultural products; and further that the general assembly recognizes that when nonagricultural land uses extend into agricultural areas, agricultural operations are forced to cease operations and many others are discouraged from making investments in farm improvements; and that it is the purpose of the Article to reduce the loss to the State of Colorado of its agricultural resources by limiting the circumstances under which agricultural operations may be deemed to be a nuisance.

**See "Right to Farm" resolutions passed by the following Colorado counties:**

**Exhibit 1; Boulder County Right to Farm**

**Exhibit 2; Chaffee County Right to Farm**

**Exhibit 3; Custer County Right to Farm**

**Exhibit 4; Delta County Right to Farm**

**Exhibit 5; Elbert County Right to Farm**

**Exhibit 6; Fremont County Right to Farm**

**Exhibit 7; Logan County; Right to Farm**

**Exhibit 8; Mesa County Right to Farm**

**Exhibit 9; Montrose County Right to Farm**

**Exhibit 10; Park County Right to Farm**

**Exhibit 11; Phillips County Right to Farm**

**Exhibit 12; Pueblo County Right to Farm**

**Exhibit 13; Quray County Right to Farm**

**Exhibit 14; Rio Blanco County Right to Farm**

**Exhibit 15; Routt County Right to Farm**

**Exhibit 16; Weld County Right to Farm**

## II. APPLICABLE LAW

### A) WRIT OF MANDAMUS.

A movant must satisfy a three-part test before a court will issue mandamus:

1. The Defendant has a clear right to the relief sought;

2. The Plaintiff in this case must have a clear duty to perform the act requested; and

3. There must be no other available remedy.

*Gramiger v. Crowley*, 660 P.2d 1279, 1281 (Colo. 1983). Importantly, mandamus lies to compel the performance of a purely ministerial duty involving no discretionary right and not requiring the exercise of judgment. *Bd. of Cnty. Comm'rs of Cnty. of Archuleta v. Cnty. Rd. Users Ass'n*, 11 P.3d 432 (Colo. 2000).

### B) COLORADO OPEN RECORDS ACT.

CORA contains "a broad legislative declaration that all public records shall be open for inspection unless excepted by the statute itself or specifically by other law." *Daniels v. City of Commerce City, Custodian of Records*, 988 P.2d 648, 650 (Colo. App. 1999) (citing *Denver Publishing Co. v. Dreyfus*, 520 P.2d 104 (Colo. 1974)). Exceptions to disclosure under CORA should be narrowly construed. *City of Westminster v. Dogan Const. Co.*, 930 P.2d 585, 589 (Colo. 1997); *Daniels*, 988 P.2d at 650.

The custodian of any public records must allow any person the right to inspect the records unless otherwise excepted by the statute. C.R.S. § 24-72-204(1). The custodian shall deny inspection of the following records to anyone other than the person in interest, unless otherwise provided by law.

A "person in interest" means and includes the person who is the subject of a record or any representative designated by said person; except that, if the subject of the record is under legal disability, "person in interest" means and includes his parent or duly appointed legal representative. C.R.S. § 24-72-202(4).

1. Medical, mental health, sociological . . . data on individual persons exclusive of coroners' autopsy reports;

2. Personnel files; but such files shall be available to the person in interest and to the duly elected and appointed public officials who supervise such person's work.

C.R.S. § 24-72-204(3)(a); CORA further defines "personnel files" as meaning and including:

> "**Personnel files" does not include applications of past or current employees, employment agreements, any amount paid or benefit provided incident to termination of employment, performance ratings, final sabbatical reports required under section 23-5-123, C.R.S., or any compensation, including expense allowances.**

**III. ANALYSIS**

Based on the evidence presented in state-court in case 2020cv80, and Colorado Appellate Case 2020CA1176, the lower-courts in willful disrespect to the Constitution and SCOTUS, found relief was not appropriate. Although, Jefferson County does not dispute that upon Jane Doe's false complaint, Jeffco's employee's trespassed Defendant's gated private road numerous times in violation of the 4th and 14th amendments of the Constitution without warrant. And based upon these second-hand false complaints Jeffco conducted numerous unreasonable searches of Defendant's farm in willfully contravention to judgment of the Supreme Court of The United States (SCOTUS) decisions in *Camera v. City of San Francisco*, 387 U.S. 523 (1967) and *See v. City of Seattle*, 387 U.S. 523 (1967).

Consequently, Defendant filed for certiorari with the Colorado Supreme Court; that case is currently under review by the Colorado Supreme Court in Case 2022SC63; enclosed herein. Defendant has satisfied all three prongs of the test for relief under rule, Jeffco has failed to satisfy the requirement that their communication was private. Therefore, Jeffco has a clear duty to comply with Defendant's CORA request.

Defendant, clearly has the right to face one's accuser pursuant to the Constitution's 6th Amendment revealing who caused his civil rights damages. Jane Doe's false complaint upon which Jeffco violated Defendant's civil rights were nothing more than a false complaint to harass and obstruct the Vine Ranch Farm's operation, because the subject farm was a legal business conducted on agricultural zone land.

Defendant seeks the names of the individuals who are swatting the subject farm operation. Jeffco refuses to release the names of the individuals swatting the subject farm operation.

Therefore, the Court will find Defendant has satisfied all three prongs regarding the test for mandamus relief. See below.

**a) Plaintiff has a clear right to the relief sought:**

The first prong of the test for mandamus relief is whether the Defendant has a clear right to the relief sought. *Gramiger*, 660 P.2d at 1281. CORA requires that a custodian of records can only deny inspection in a very few circumstances. See, *City of Westminster v. Dogan Const. Co.*,

930 P.2d 585, 589 (Colo. 1997); *Daniels*, 988 P.2d at 650. Jeffco, argues, it has the right to conceal the names of individuals who have filed public false complaint against the Defendant; resulting in a criminal case against this Defendant.

Plaintiff does not do not dispute that Defendant has a clear right to know who is filing harassment criminal complaint against The Vine Ranch Farm pursuant to the 6th Amendment of the Constitution and to seek relief and has standing to sue on behalf of the Vine Ranch Farm operation for disclosure of the subject information.

Jeffco has a clear duty to perform the act requested for release of information of Defendant's accuser pursuant to Colorado's Open Records Act (C.R.S. §24-72-201 et seq.); Colorado's Right to Farm Act (C.R.S. §35-3.5-102), and the 6th Amendment of the Constitution. John Doe's false complaint initiated Jeffco's trespass of Defendant's gated private road, resulting in Jeffco's illegal surveillance and unreasonable search of the subject farm.

Jeffco retaliates again this Defendant for exposing their tax fraud scheme to defraud farm and ranch and specifically this farmer in violation of Colorado law and regulation. In Jeffco's criminal complaint they provided absolutely no evidence supporting their claims. Defendant faces a dishonest and deceitful criminal proceeding at the hand of Jeffco for following its own regulations, even after acquiring permits for the construction of greenhouses on the Vine Ranch Farm

This type of case against a working farm has already been heard and decided in Colorado's Appellate Court in case #2013ca1806. In that appellate case, the court ruled in favor of the subject farm operation. See Amicus Brief by Colorado's Department of Agriculture and then Governor, the honorable John W. Hickenlooper. **Exhibit 17**.

**Constitution's Confrontation Clause:**

The Sixth Amendment of the United States Constitution provides the following:

> *"In all criminal prosecutions, the accused shall enjoy the right to... be confronted with the witnesses against him...."*

The Confrontation Clauses historical background supports two principles. First, the principal evil at which the Clause was directed was the civil-law mode of criminal procedure, particularly the use of *ex parte* examinations as evidence against the accused. The Clause's primary object is testimonial hearsay, and interrogations by county employees fall squarely within that class.

Second, the Framers would not have allowed admission of statements by a witness who did not appear at trial unless he was unavailable to testify and the defendant had had a prior opportunity for cross-examination or a chance to examine via oral hearing.

English authorities and early state cases indicate that this was the common law at the time of the founding. And the "right ... to be confronted with the witnesses against him," Amdt. 6, is most naturally read as a reference to the common-law right of confrontation, admitting only those exceptions established at the time of the founding. See *Crawford v. Washington*, 541 U.S. 36

(2004); *Mattox* v. *United States*, 156 U. S. 237, 243. Pp. 5-21; *Pointer* v. *Texas*, 380 U.S. 400, 406 (1965).

Simply, Jeffco refuses to release the names on individuals who file nuance complaints against the Subject Farm in violation of SCOTUS precedent and the Defendant's right secured under Constitution; this is a Jeffco county wide policy.

Therefore, the Court shall find Defendant has satisfied the first prong of the test for mandamus relief.

**b) Jeffco has a duty under CORA to release names of individual who file false complaints**

Jeffco has a clear duty to perform the act requested for release of information regarding Defendant's accuser pursuant to Colorado's Open Records Act (C.R.S. §24-72-201 et seq.); Colorado's Right to Farm Act (C.R.S. §35-3.5-102) and the 6th Amendment of the Constitution. John Doe's false complaint initiated Jeffco's trespass of Defendant's gated private road, and Jeffco's illegal surveillance and unreasonable search of the subject farm without warrant.

Pursuant to C.R.S. § 24-72-202(4.5) a public entity may not restrict access to certain records merely by placing them in a personnel file; a legitimate expectation of privacy must exist. *Daniels*, 988 P.2d at 651.

Under Colorado law C.R.S. 35-3.5-102(1)(a) harassment of an existing farm operation is illegal. Title 35 provides the following:

> (1)(a) Except as provided in this section, an agricultural operation shall not be found to be a public or private nuisance if the agricultural operation alleged to be a nuisance employs methods or practices that are commonly or reasonably associated with agricultural production.

State Statute C.R.S. § 24-72-204(1)(2)(3) allows a government entity to conceal the names of individuals swatting a legal farm operation. Swatting is a criminal harassment tactic, deceiving a city/county government into sending police, emergency service or county response team to another person's address. The subject farm's neighbors, use "swatting" to file anonymous false/nuance complaints in unincorporated Jefferson County, Colorado to harass and obstruct the Subject Farm operation.

Simply, Jeffco has a duty to release the names of individuals who are swatting the subject farm operation under Colorado law, federal law and the Constitution.

Thus, Defendant has satisfied the second prong of the test for mandamus relief.

**c) Defendant has no other available remedy**

The third prong of the test for mandamus is whether this Defendant has no other available remedy to achieve the relief he seeks. *Gramiger*, 660 P.2d at 1281. Jeffco in their lower-court brief argued that CORA provides no private right of action for a party to challenge disclosure of a public record. Jeffco also states that it can block access to public information regarding the individuals swatting the Vine Ranch Farm operation as a matter of Colorado Statute.

In its lower-court brief, Jeffco argues that CORA provides by statute they can block access to a public recird. Jeffco also states that an appeal or action for judicial review is unavailable to a party seeking to challenge a governmental body's decision to release records under CORA. *CF & I Steel, L.P. v. Air Pollution Control Div.*, 77 P.3d 933, 936 (Colo. App. 2003).

The correct issue before the court is can Jeffco refuse to release names of individuals who file false complaints. Then upon that false complaint (second-hand hearsay) Jeffco trespasses the subject farm gated private road without warrant; a constitutional violation of Defendants civil rights, a right secured under the 4th, 14th and 6 amendments.

Jeffco does not dispute these claims and agrees that the Defendant has no other remedy outside of a motion of mandamus to this Court to learn the names of individual swatting the Vine Ranch Farm operation. Therefore, the Court must find the Defendant has satisfied the third prong of the test for mandamus relief.

## CONCLUSION

Defendant has been denied the right to face his accuser prior to his civil rights being violated. Jeffco avers the files requested by Defendant are personal files.

In *Daniels*, the individual requesting documents through CORA sought information related to **complaints** of sexual harassment, gender discrimination and **retaliation**." *Id.* at 650. The county argued these documents qualified as "personnel files under CORA because they were maintained because of the publics relationship with the county, and the county's promise to keep private.

However, the Court of Appeals applied the statutory interpretation rule of *ejusdem generis* and construed the "personnel files" exception narrowly. The Court of Appeals ruled "the phrase at issue mean[s] that the information must be of the same general nature as an employee's home address and telephone number or personal financial information." Therefore, the Court held that records related to **complaints** of sexual harassment, gender discrimination, and **retaliation** are not "personnel files" because they are "not the type of personal, demographic information listed in the statute."

Here, as in *Daniels*, the party that challenged disclosure is arguing the requested records qualify as personnel files because they are maintained because of the county's relationship with the public and their concealed complaints. Jeffco states public complaints whether false or true are protected records under CORA, no less personal and deserving of protection from public disclosure than a name of the individual swatting the subject farm. Moreover, both *Denver Publishing* and *Daniels* authorized the disclosure of records far more sensitive than the release of the individuals swatting the Vine Ranch Farm operation. *See Daniels*, 988 P.2d 648; *Denver Publishing*, 520 P.2d 104**.**

CORA's general presumption in favor of public access must be weighed against the privacy interest at stake. *Daniels*, 988 P.2d at 651. "**An agreement by a government entity that information in public records will remain confidential is insufficient to transform a public record into a private one**." A public entity cannot adopt a policy that creates broader privacy protections than CORA permits. *Denver Pub. Co. v. Univ. of Colorado*, 812 P.2d 682, 684 (Colo. App. 1990). "[T]he protection for personnel files is based on a concern for the individual's right of

privacy, and it remains the duty of the courts to ensure that documents as to which this protection is claimed actually do in fact implicate this right." *Denver Post Corp. v. Univ. of Colorado*, 739 P.2d 874, 878 (Colo. App. 1987).

Here as in *Daniels* and *Denver Publishing* the information requested is simply, just the names of individuals that are filing false complaints to harass the subject legal and approved farm operation. Thereby, allowing the completion of service of process for this District of Colorado case.

Because Jeffco's acts represent a series of constitutional violations, Petitioner seeks the names of the false filers swatting the approved farm operation. As a matter of county policy Jefferson County, Colorado believes it is allowed to disregard the Constitution.

**WHEREFORE**, Defendant and Private Attorney General, Reed McDonald respectfully requests this Court issue writ of mandamus to Colorado, Jefferson County to provide names of individuals whom have filed complaints against the subject legal and approved farm operation known as The Vine Ranch Farm and Reed McDonald.

*Counsel for Defendant*

Reed McDonald / The Vine Ranch Farm
5856 S. Lowell Blvd.
UPS/Ste 163
Littleton, Colorado 80123
720-589-3160
kirkmcdonald56@gmail.com

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served upon the following parties on this 15th Day of March, 2022 by email, addressed as follows:

Counsel for Jefferson County, Colorado
Jason Soronson
Jefferson County Attorney Office
100 Jefferson County Parkway
Suite 5500, Golden, Colorado
jsoronson@co.jefferson.co.us