**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*3:57 pm, Mar 15, 2022*
**JEFFREY P. COLWELL, CLERK**

**Exhibit 8**

## MCM 97-132

### A RESOLUTION OF THE BOARD OF COUNTY COMMISSIONERS OF MESA COUNTY, COLORADO ESTABLISHING A "RIGHT TO FARM AND RANCH" POLICY

WHEREAS, the Board of Mesa County Commissioners "the Board" recognizes the need to protect private property rights and the role that farming, ranching and other agricultural activities have and will continue to have in Mesa County.

NOW, THEREFORE, the Board hereby adopts the following statement as the Agricultural Code of Mesa County and directs that it be the policy of the County from this date forward.

1. Any agricultural operation and/or practice that is historical, traditional, legitimate, and reasonable shall be protected. Any new or expanded agricultural operation or practice that is legitimate and reasonable shall be encouraged.

2. Agriculture, as a way of life, benefits all residents of Mesa County. It is an important part of the economy and adds intrinsic value to life in Mesa County. Agriculture, as a business, brings with it noise, odors, dust, mud, smoke and other inconveniences. Some inconveniences are, but not limited to, weed burning, equipment and livestock on public roads, odors from manure and feeds, odors from chemical applications, lights and noises at all hours of day and night, and on-farm processing and marketing of crops and livestock. To maintain the way of life, we must protect the business from unnecessary intrusive litigation. Therefore, none of these inconveniences shall be considered a nuisance as long as they occur as a part of legitimate, non-negligent and legal agricultural practice, as stated in Colorado State Statute 35-3.5-101, 102, 103 as amended.

3. In addition, all owners of land, whether farm, ranch, residential or commercial, have obligations under Colorado State Statute and Mesa County Regulations. A partial list of these obligations includes:
    a. Using property according to zoning.
    b. Maintaining fences.
    c. Maintaining irrigation and drainage systems.
    d. Leaving gates as they were found.
    e. Managing and controlling weeds and insect pests.
    f. Controlling livestock.
    g. Respecting legal historical easements and rights-of-way used for livestock trails, maintenance of fences, and maintenance of irrigation and drainage systems.

**Exhibit 8**

4. Residents and visitors also have obligations under Colorado State Statute and Mesa County regulations. A partial list of these obligations includes:
    a. Avoiding any trespasses upon agricultural operations, irrigation and drainage systems and other private property.
    b. Controlling pets.
    c. Not harassing livestock.
    d. Not pilfering crops and equipment.

5. In spite of our efforts to be good neighbors, conflicts will arise. To help resolve these conflicts, the Board shall form an agricultural advisory panel. The panel shall be used to determine whether an agricultural practice is historical, traditional, legitimate and reasonable.

6. The panel shall be selected by and shall operate under the following guidelines:
    a. The panel shall have five members appointed by the Board to serve two-year staggered terms, and shall serve at the pleasure of the Board. The panelists shall serve as volunteers without compensation except for reasonable expenses.
    b. Four panelists shall represent a diverse cross section of production agriculture. One panelist shall represent the county at large.
    c. All panelists shall reside in Mesa County.
    d. Any recommendations shall be made by a panel majority.
    e. When called upon by the Board, the panel shall have 15 days to investigate the complaint. Cooperation is expected from the complainant, the defendant and the County staff. The parties involved shall appear at the investigation in person at the panel's request. Legal counsel shall not be present during the investigation. The panel shall have the opportunity to confer with any party that may have legitimate input into the resolution of the conflict.
    f. During the investigation, the panel shall encourage mediation between the conflicting parties. The panel may offer suggestions to either party that may help resolve the conflict.
    g. The panel shall have 15 days after the investigation to make a recommendation to the Board.

PASSED AND ADOPTED this 14th **day of July, 1997.**

Mesa County Board of County Commissioners

Doralyn B. Genova, Chair.

ATTEST:

Clerk and Recorder

**Exhibit 8**

TO THE MESA COUNTY COMMISSIONERS
And Other Interested Parties

Greetings,

*#l* This letter is to help explain some of the thoughts and ideas that brought about the final document known as the "Right to Farm and Ranch Policy," (the Policy). Also to help the members of some of the first Agriculture Advisory Panels to interpret the meaning of the Policy.

*#2* "The purpose of the panel is to help avoid litigation between the County and any parties involved in conflict over the necessity or validity of an agricultural operation or practice. Any litigation regardless of the outcome has a way of discouraging the continued use and/or expansion of farming or ranching operations or practices. As Mesa County becomes more urban, the natural pressure of increased population density discourages the continuation of agriculture. We do not need to add to the burdens of agriculture with unnecessary litigation.

#3 A lot of thought and discussion was given to creating a definitive agricultural code, one with density numbers and other details. Due to the diversity of agriculture in Mesa County, it became apparent that a definitive set of regulations would be hard to make fair to fanners and ranchers as well as their urban neighbors. A set of regulations written to govern agricultural operations and practices close to or intertwined with urban areas would not always be fair to those in the Gateway, Colbran, Mesa, Glade Park or Mack areas or vise versa. What might be fair to operators in the fruit areas would not always work for field crop operators.

#4 Paragraph one of the Resolution is the core of the Policy. Each of the four words. Historical, Traditional, Legitimate and Reasonable, was selected because each one describes a separate part of an overall description or reason why a particular agricultural operation and/or practice should or should not be protected.

#5 Some operations were in place long before an area became urbanized. These historical operations did not have a lot of control of who was to become their neighbors. In some cases, the operator of an established agricultural operation needs to suspend the use of that operation. That person should be allowed to resume operation at that location without penalty, regardless of any changes in the character of the surrounding area. The Colorado State Statute 35-3.5-101, 102, 103 uses one year to establish

historical precedence. Mesa County has historically allowed recreational animals to kept in most areas of the County.

#6 A number of agriculture practices have became traditional in Mesa County. Some of these are:
   a). Roadside fruit and vegetable stands
   b). On farm storage and processing of crops
   c). On farm marketing of crops and livestock
   d). Baling hay at night
   e). Spraying at night
   f). Moving livestock and equipment on public roads
   g). On farm slaughtering of livestock
   h). On farm processing of feed
   i). Aerial spraying
   j). Burning weeds along ditch banks and fence rows
   k). Burning crop residue.

Traditional may also describe operations or practices that dont always make sense to the newcomer or those unfamiliar with a certain aspect of agriculture. Sometimes operators cannot easily explain why things are done a certain way except that, "That is the way we have always done it."

#7 A legitimate agricultural operation or practice should produce a usable product. A usable product can be used for personal consumption and/or sold or given to other parties. An agricultural product should come from the cultivation of plants or the husbandry of animals. A legitimate agricultural practice should be directly related to the cultivation of plants or the husbandry of animals. Harvesting forestry products should be considered a legitimate agricultural practice. An accumulation of pets and/or recreational animals is not a legitimate agricultural operation.

#8 An agricultural operation or practice that is reasonable in one pait of the County may not be reasonable in all parts of the County. Being reasonable does not mean who was there first. When a party moves into or near an area that is zoned for agriculture that party can reasonably expect that agricultural operations or practices may change or expand. At the same time the agricultural operator should attempt to practice prudent management. This should include timely and proper manure and waste disposal, safe burning, proper disposal of dead animals, using chemicals according to the label instructions and other safe practices in general. In areas where agriculture and urbanization have become intertwined, some agricultural practices may no longer be reasonable. When assessing an operation or practice for reasonability, the Panel should consider what the zoning and

character of the neighborhood was at the time the operation or practice was started. Also, is the operation or practice being done in a non-negligent manner.

#9 Any assessment of an operation or practice that has a complaint against it should include more than one of the descriptions used in the Policy. Any assessment must consider and scrutinize the complainant's reasons for filing the complaint. Consideration must be given to whether a complaint is legitimate and reasonable or just a personal conflict between neighbors.

#10 Paragraphs two, three, and four point out that the State of Colorado and Mesa County have statutes and regulations that directly address these questions. Also, the use of common sense and reasonable courtesy goes a long way toward avoiding problems.

#l I An advisory panel should consist of a diverse cross section of agricultural people. Mesa County has field crop farmers, fruit and vegetable farmers, wine producers, hog producers, wool growers, cattle ranchers, feed lot operators, ratite producers, horse breeders and many other types of operations. As line b. of paragraph six states, people of production agriculture should be used. Production agriculture contributes a major portion of a person's income. In selecting members of this panel, care should be taken to avoid persons with a vendetta.

#12 Discussion was given to the idea of a mediation panel. It was decided that a mediation panel would have to be appointed by the conflicting parties was well as a third party. Since this panel would represent the County Commissioners in the early stages of resolving a conflict, the panel's role would be to offer recommendations to the Commissioners. If the panel could during their investigation encourage some discussion and mediation between the conflicting parties that would hasten the resolution of the conflict, the panel would be justified in doing so. If either party insists on having legal counsel present or otherwise refuses to cooperate with the panel, the panel would suspend their investigation and send their report and/or recommendation to that affect to the Commissioners.

#13 The comments made in this letter are not meant to restrict the Panel's function. These are simply ideas that may help interpret the Policy.

Respectfully submitted: