FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
10:03 am, Mar 16, 2022
JEFFREY P. COLWELL, CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Action No.   22cv389

**Plaintiff/Cross-Complainant Defendant,**
Jefferson County, Colorado/Board of County Commissioners in their official and individual capacities.

**Cross/Complaint Defendant**
Jefferson County, Colorado a quasimunicipal corporation and political subdivision of the State of Colorado;

**Cross/Complaint Defendant**
Jermery Cohen in his individual capacity/and his capacity as Supervisor for Jefferson County, Colorado, Planning and Zoning;

**Cross/Complaint Defendant**
Amy Reistroffer in her individual capacity/and her capacity as employee for Jefferson County, Colorado Planning and Zoning

**Cross/Complaint Defendant**
Madison Pitts in her in her individual capacity/and her capacity as employee for Jefferson County, Colorado Public Health.

**Cross/Complaint Defendant**
Aly Dressler in her individual capacity/and her capacity as employee for Jefferson County, Colorado Public Health.

**Cross/Complaint Defendant**
John/Jane doe who have file false public complaints against the Colorado farm knowns as the Vine Ranch Farm,

**v.**

**Defendant; Cross/Complaint Plaintiff**
Reed McDonald
(aka) The Vine Ranch Farm

---

## DEFENDANT'S MOTION FOR WRIT OF MANDAMUS

---

1

Defendant pro se counsel and Private Attorney General, Reed McDonald files this motion for bench hearing to determine a writ of mandamus against Colorado, Jefferson County, (Jeffco) a quasimunicipal corporation and political subdivision of the State of Colorado for refusing to release names of individuals who have filed public false complaint[s] against the Vine Ranch Farm operation to obstruct and harass the subject farm operation in violation of Colorado law C.R.S. §35-3.5-102.

Defendant / Cross-Complaint Plaintiff (hereafter Defendant) pursuant to this Court's rule has conferred with counsel for Jeffco; Jeffco objects to Defendant's motion for writ of mandamus.

## I. BACKGROUND

This action concerns a challenge by the Defendant to Colorado's Open Records Act ("CORA") and therein a request to disclose individuals whom have been swatting the Vine Ranch Farm operation in violation of Colorado's Right to Farm Act; C.R.S. 35-3.5-101 through 103. Swatting is a criminal harassment tactic, deceiving a city/county government (via such means as hoaxing a county dispatcher) into sending police, emergency service or county response team to another person's address. See Senate Bill 18-068 and §18-8-111 C.R.S (2018). Under Colorado law, Swatting is a crime.

Colorado and its general assembly representing the people of Colorado have passed laws against harassment regarding farm operations.  See below.

**WHEREAS**, pursuant to Article 3.5. Title 35, C.R.S., it is the declared policy of the State of Colorado to conserve, protect, and encourage the development and improvement of its agricultural land for the production of food and other agricultural products; and further that the general assembly recognizes that when nonagricultural land uses extend into agricultural areas, agricultural operations are forced to cease operations and many others are discouraged from making investments in farm improvements; and that it is the purpose of the Article to reduce the loss to the State of Colorado of its agricultural resources by limiting the circumstances under which agricultural operations may be deemed to be a nuisance.

**See "Right to Farm" resolutions passed by the following Colorado counties:**

**Exhibit 1; Boulder County Right to Farm**

**Exhibit 2; Chaffee County Right to Farm**

**Exhibit 3; Custer County Right to Farm**

**Exhibit 4; Delta County Right to Farm**

**Exhibit 5; Elbert County Right to Farm**

**Exhibit 6; Fremont County Right to Farm**

**Exhibit 7; Logan County; Right to Farm**

**Exhibit 8; Mesa County Right to Farm**

**Exhibit 9; Montrose County Right to Farm**

**Exhibit 10; Park County Right to Farm**

**Exhibit 11; Phillips County Right to Farm**

**Exhibit 12; Pueblo County Right to Farm**

**Exhibit 13; Quray County Right to Farm**

**Exhibit 14; Rio Blanco County Right to Farm**

**Exhibit 15; Routt County Right to Farm**

**Exhibit 16; Weld County Right to Farm**

## II. APPLICABLE LAW

### A) WRIT OF MANDAMUS.

A movant must satisfy a three-part test before a court will issue mandamus:

1. The Defendant has a clear right to the relief sought;

2. The Plaintiff in this case must have a clear duty to perform the act requested; and

3. There must be no other available remedy.

*Gramiger v. Crowley*, 660 P.2d 1279, 1281 (Colo. 1983). Importantly, mandamus lies to compel the performance of a purely ministerial duty involving no discretionary right and not requiring the exercise of judgment. *Bd. of Cnty. Comm'rs of Cnty. of Archuleta v. Cnty. Rd. Users Ass'n*, 11 P.3d 432 (Colo. 2000).

### B) COLORADO OPEN RECORDS ACT.

CORA contains "a broad legislative declaration that all public records shall be open for inspection unless excepted by the statute itself or specifically by other law." *Daniels v. City of Commerce City, Custodian of Records*, 988 P.2d 648, 650 (Colo. App. 1999) (citing *Denver Publishing Co. v. Dreyfus*, 520 P.2d 104 (Colo. 1974)). Exceptions to disclosure under CORA should be narrowly construed. *City of Westminster v. Dogan Const. Co.*, 930 P.2d 585, 589 (Colo. 1997); *Daniels*, 988 P.2d at 650.

The custodian of any public records must allow any person the right to inspect the records unless otherwise excepted by the statute. C.R.S. § 24-72-204(1). The custodian shall deny inspection of the following records to anyone other than the person in interest, unless otherwise provided by law.

A "person in interest" means and includes the person who is the subject of a record or any representative designated by said person; except that, if the subject of the record is under legal disability, "person in interest" means and includes his parent or duly appointed legal representative. C.R.S. § 24-72-202(4).

1. Medical, mental health, sociological . . . data on individual persons exclusive of coroners' autopsy reports;

2. Personnel files; but such files shall be available to the person in interest and to the duly elected and appointed public officials who supervise such person's work.

C.R.S. § 24-72-204(3)(a); CORA further defines "personnel files" as meaning and including:

> **"Personnel files" does not include applications of past or current employees, employment agreements, any amount paid or benefit provided incident to termination of employment, performance ratings, final sabbatical reports required under section 23-5-123, C.R.S., or any compensation, including expense allowances.**

## III. ANALYSIS

Based on the evidence presented in state-court in case 2020cv80, and Colorado Appellate Case 2020CA1176, the lower-courts in willful disrespect to the Constitution and SCOTUS, found relief was not appropriate. Although, Jefferson County does not dispute that upon Jane Doe's false complaint, Jeffco's employee's trespassed Defendant's gated private road numerous times in violation of the 4th and 14th amendments of the Constitution without warrant. And based upon these second-hand false complaints Jeffco conducted numerous unreasonable searches of Defendant's farm in willfully contravention to judgment of the Supreme Court of The United States (SCOTUS) decisions in *Camera v. City of San Francisco*, 387 U.S. 523 (1967) and *See v. City of Seattle*, 387 U.S. 523 (1967).

Consequently, Defendant filed for certiorari with the Colorado Supreme Court; that case is currently under review by the Colorado Supreme Court in Case 2022SC63; enclosed herein. Defendant has satisfied all three prongs of the test for relief under rule, Jeffco has failed to satisfy the requirement that their communication was private. Therefore, Jeffco has a clear duty to comply with Defendant's CORA request.

Defendant, clearly has the right to face one's accuser pursuant to the Constitution's 6th Amendment revealing who caused his civil rights damages. Jane Doe's false complaint upon which Jeffco violated Defendant's civil rights were nothing more than a false complaint to harass and obstruct the Vine Ranch Farm's operation, because the subject farm was a legal business conducted on agricultural zone land.

Defendant seeks the names of the individuals who are swatting the subject farm operation. Jeffco refuses to release the names of the individuals swatting the subject farm operation.

Therefore, the Court will find Defendant has satisfied all three prongs regarding the test for mandamus relief. See below.

**a) Plaintiff has a clear right to the relief sought:**

The first prong of the test for mandamus relief is whether the Defendant has a clear right to the relief sought. *Gramiger*, 660 P.2d at 1281. CORA requires that a custodian of records can only deny inspection in a very few circumstances. See, *City of Westminster v. Dogan Const. Co.*,

930 P.2d 585, 589 (Colo. 1997); *Daniels*, 988 P.2d at 650. Jeffco, argues, it has the right to conceal the names of individuals who have filed public false complaint against the Defendant; resulting in a criminal case against this Defendant.

Plaintiff does not do not dispute that Defendant has a clear right to know who is filing harassment criminal complaint against The Vine Ranch Farm pursuant to the 6th Amendment of the Constitution and to seek relief and has standing to sue on behalf of the Vine Ranch Farm operation for disclosure of the subject information.

Jeffco has a clear duty to perform the act requested for release of information of Defendant's accuser pursuant to Colorado's Open Records Act (C.R.S. §24-72-201 et seq.); Colorado's Right to Farm Act (C.R.S. §35-3.5-102), and the 6th Amendment of the Constitution. John Doe's false complaint initiated Jeffco's trespass of Defendant's gated private road, resulting in Jeffco's illegal surveillance and unreasonable search of the subject farm.

Jeffco retaliates again this Defendant for exposing their tax fraud scheme to defraud farm and ranch and specifically this farmer in violation of Colorado law and regulation. In Jeffco's criminal complaint they provided absolutely no evidence supporting their claims. Defendant faces a dishonest and deceitful criminal proceeding at the hand of Jeffco for following its own regulations, even after acquiring permits for the construction of greenhouses on the Vine Ranch Farm

This type of case against a working farm has already been heard and decided in Colorado's Appellate Court in case #2013ca1806. In that appellate case, the court ruled in favor of the subject farm operation. See Amicus Brief by Colorado's Department of Agriculture and then Governor, the honorable John W. Hickenlooper. **Exhibit 17**.

**Constitution's Confrontation Clause:**

The Sixth Amendment of the United States Constitution provides the following:

> *"In all criminal prosecutions, the accused shall enjoy the right to... be confronted with the witnesses against him...."*

The Confrontation Clauses historical background supports two principles. First, the principal evil at which the Clause was directed was the civil-law mode of criminal procedure, particularly the use of *ex parte* examinations as evidence against the accused. The Clause's primary object is testimonial hearsay, and interrogations by county employees fall squarely within that class.

Second, the Framers would not have allowed admission of statements by a witness who did not appear at trial unless he was unavailable to testify and the defendant had had a prior opportunity for cross-examination or a chance to examine via oral hearing.

English authorities and early state cases indicate that this was the common law at the time of the founding. And the "right ... to be confronted with the witnesses against him," Amdt. 6, is most naturally read as a reference to the common-law right of confrontation, admitting only those exceptions established at the time of the founding. See *Crawford v. Washington*, 541 U.S. 36

(2004); *Mattox* v. *United States,* 156 U. S. 237, 243. Pp. 5-21; *Pointer* v. *Texas,* <u>380 U.S. 400</u>, 406 (1965).

Simply, Jeffco refuses to release the names on individuals who file nuance complaints against the Subject Farm in violation of SCOTUS precedent and the Defendant's right secured under Constitution; this is a Jeffco county wide policy.

Therefore, the Court shall find Defendant has satisfied the first prong of the test for mandamus relief.

### b) Jeffco has a duty under CORA to release names of individual who file false complaints

Jeffco has a clear duty to perform the act requested for release of information regarding Defendant's accuser pursuant to Colorado's Open Records Act (C.R.S. §24-72-201 et seq.); Colorado's Right to Farm Act (C.R.S. §35-3.5-102) and the 6th Amendment of the Constitution. John Doe's false complaint initiated Jeffco's trespass of Defendant's gated private road, and Jeffco's illegal surveillance and unreasonable search of the subject farm without warrant.

Pursuant to C.R.S. § 24-72-202(4.5) a public entity may not restrict access to certain records merely by placing them in a personnel file; a legitimate expectation of privacy must exist. *Daniels*, 988 P.2d at 651.

Under Colorado law C.R.S. 35-3.5-102(1)(a) harassment of an existing farm operation is illegal. Title 35 provides the following:

(1)(a)  Except as provided in this section, an agricultural operation shall not be found to be a public or private nuisance if the agricultural operation alleged to be a nuisance employs methods or practices that are commonly or reasonably associated with agricultural production.

State Statute C.R.S. § 24-72-204(1)(2)(3) allows a government entity to conceal the names of individuals swatting a legal farm operation. Swatting is a criminal harassment tactic, deceiving a city/county government into sending police, emergency service or county response team to another person's address. The subject farm's neighbors, use "swatting" to file anonymous false/nuance complaints in unincorporated Jefferson County, Colorado to harass and obstruct the Subject Farm operation.

Simply, Jeffco has a duty to release the names of individuals who are swatting the subject farm operation under Colorado law, federal law and the Constitution.

Thus, Defendant has satisfied the second prong of the test for mandamus relief.

### c) Defendant has no other available remedy

The third prong of the test for mandamus is whether this Defendant has no other available remedy to achieve the relief he seeks. *Gramiger*, 660 P.2d at 1281. Jeffco in their lower-court brief argued that CORA provides no private right of action for a party to challenge disclosure of a public record. Jeffco also states that it can block access to public information regarding the individuals swatting the Vine Ranch Farm operation as a matter of Colorado Statute.

In its lower-court brief, Jeffco argues that CORA provides by statute they can block access to a public recird. Jeffco also states that an appeal or action for judicial review is unavailable to a party seeking to challenge a governmental body's decision to release records under CORA. *CF & I Steel, L.P. v. Air Pollution Control Div.*, 77 P.3d 933, 936 (Colo. App. 2003).

The correct issue before the court is can Jeffco refuse to release names of individuals who file false complaints. Then upon that false complaint (second-hand hearsay) Jeffco trespasses the subject farm gated private road without warrant; a constitutional violation of Defendants civil rights, a right secured under the 4th, 14th and 6 amendments.

Jeffco does not dispute these claims and agrees that the Defendant has no other remedy outside of a motion of mandamus to this Court to learn the names of individual swatting the Vine Ranch Farm operation. Therefore, the Court must find the Defendant has satisfied the third prong of the test for mandamus relief.

## CONCLUSION

Defendant has been denied the right to face his accuser prior to his civil rights being violated. Jeffco avers the files requested by Defendant are personal files.

In *Daniels*, the individual requesting documents through CORA sought information related to **complaints** of sexual harassment, gender discrimination and **retaliation**." *Id.* at 650. The county argued these documents qualified as "personnel files under CORA because they were maintained because of the publics relationship with the county, and the county's promise to keep private.

However, the Court of Appeals applied the statutory interpretation rule of *ejusdem generis* and construed the "personnel files" exception narrowly. The Court of Appeals ruled "the phrase at issue mean[s] that the information must be of the same general nature as an employee's home address and telephone number or personal financial information." Therefore, the Court held that records related to **complaints** of sexual harassment, gender discrimination, and **retaliation** are not "personnel files" because they are "not the type of personal, demographic information listed in the statute."

Here, as in *Daniels*, the party that challenged disclosure is arguing the requested records qualify as personnel files because they are maintained because of the county's relationship with the public and their concealed complaints. Jeffco states public complaints whether false or true are protected records under CORA, no less personal and deserving of protection from public disclosure than a name of the individual swatting the subject farm. Moreover, both *Denver Publishing* and *Daniels* authorized the disclosure of records far more sensitive than the release of the individuals swatting the Vine Ranch Farm operation. *See Daniels*, 988 P.2d 648; *Denver Publishing*, 520 P.2d 104**.**

CORA's general presumption in favor of public access must be weighed against the privacy interest at stake. *Daniels*, 988 P.2d at 651. "**An agreement by a government entity that information in public records will remain confidential is insufficient to transform a public record into a private one.**" A public entity cannot adopt a policy that creates broader privacy protections than CORA permits. *Denver Pub. Co. v. Univ. of Colorado*, 812 P.2d 682, 684 (Colo. App. 1990). "[T]he protection for personnel files is based on a concern for the individual's right of

privacy, and it remains the duty of the courts to ensure that documents as to which this protection is claimed actually do in fact implicate this right." *Denver Post Corp. v. Univ. of Colorado*, 739 P.2d 874, 878 (Colo. App. 1987).

Here as in *Daniels* and *Denver Publishing* the information requested is simply, just the names of individuals that are filing false complaints to harass the subject legal and approved farm operation. Thereby, allowing the completion of service of process for this District of Colorado case.

Because Jeffco's acts represent a series of constitutional violations, Petitioner seeks the names of the false filers swatting the approved farm operation. As a matter of county policy Jefferson County, Colorado believes it is allowed to disregard the Constitution.

**WHEREFORE**, Defendant and Private Attorney General, Reed McDonald respectfully requests this Court issue writ of mandamus to Colorado, Jefferson County to provide names of individuals whom have filed complaints against the subject legal and approved farm operation known as The Vine Ranch Farm and Reed McDonald.

*Counsel for Defendant*

Reed McDonald / The Vine Ranch Farm
5856 S. Lowell Blvd.
UPS/Ste 163
Littleton, Colorado 80123
720-589-3160
kirkmcdonald56@gmail.com

8

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served upon the

following parties on this 15th Day of March, 2022 by email, addressed as follows:

Counsel for Jefferson County, Colorado
Jason Soronson
Jefferson County Attorney Office
100 Jefferson County Parkway
Suite 5500, Golden, Colorado
jsoronson@co.jefferson.co.us

9

COLORADO COURT OF APPEALS
STATE OF COLORADO
2 East 14th Avenue
Denver, CO 80203

DATE FILED: March 3, 2014 11:16 AM
FILING ID: E7C9E3768A87D
CASE NUMBER: 2013CA1806

Lower Court:  Delta County District Court
Case No.: 12CV314
Lower Court Judge:  J. Steven Patrick

Plaintiffs-Appellees:

TRAVIS JARDON; CORRINE HOLDER; SUSAN
RAYMOND; MARK COOL; AND ANDREA
ROBINSONG,
v.

Defendants-Appellants:

DELTA COUNTY BOARD OF COUNTY
COMMISSIONERS; EDWIN HOSTETLER;
EILEEN HOSTETLER; GREG HOSTETLER;
CARMEN HOSTETLER; ANNA HOSTETLER
AND ROLAND HOSTETLER.

▲ COURT USE ONLY ▲

Case No. 2013CA1806

JOHN W. SUTHERS, Attorney General
CASEY SHPALL, Deputy Attorney General,
    #11538*
BILLY SEIBER, Senior Assistant Attorney
    General, #34380*
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO  80203
Telephone:  (720) 508-6295; (720) 508-6435
Fax:  (720) 508-6039
E-Mail: casey.shpall@state.co.us;
    billy.seiber@state.co.us
*Counsel of Record

**[REVISED] BRIEF OF GOVERNOR JOHN W. HICKENLOOPER, THE
COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT,
AND THE COLORADO DEPARTMENT OF AGRICULTURE
AS *AMICI CURIAE* IN SUPPORT OF DEFENDANTS-APPELLANTS**

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with all applicable requirements of C.A.R. 28 and C.A.R. 32, including all formatting requirements set forth in these rules.  Specifically, the undersigned certifies that:

The brief complies with C.A.R. 28(g).

      Choose one:
      ☐ It contains _____ words.
      ☒ It does not exceed 30 pages.

The brief complies with C.A.R. 28(k).

      ☐ For the party raising the issue:  It contains under a separate heading (1) a concise statement of the applicable standard of appellate review with citation to authority; and (2) a citation to the precise location in the record (App.__), not to an entire document, where the issue was raised and ruled on.

      ☐ For the party responding to the issue:  It contains, under a separate heading, a statement of whether such party agrees with the opponent's statements concerning the standard of review and preservation for appeal, and if not, why not.

*/s/ Casey Shpall*
Signature of attorney or party

# TABLE OF CONTENT

**PAGE**

ARGUMENT ........................................................................................2

   I.  This egg-laying farm employed best management practices
and was willing to adhere to additional conditions to
neutralize any adverse health impacts from its operation. ............2

  II.  The lower court's actions contradict the General Assembly's
intent to protect well-run agricultural operations from
nuisance-based legal challenges.. ....................................................5

CONCLUSION .....................................................................................7

i

# TABLE OF AUTHORIES

**PAGE**

## STATUTES

§ 35-3.5-101, C.R.S. ........................................................................5

§ 35-3.5-102(1)(a), C.R.S...............................................................6

§ 35-3.5-102(1)(a), C.R.S...............................................................6

## RULES

C.R.C.P. 106(a)(4) .........................................................................6

## REGULATIONS

5 Colo. Code of Regs. 1002-81: 81.3(3) .......................................2

5 Colo. Code of Regs. 1002-61:61.17...........................................3

5 Colo. Code of Regs. 1002-81:81.6………………………….........3

5 Colo. Code of Regs. 1002-81:81.3(4) .......................................3

5 Colo. Code of Regs. 1002-81:81.3(6) .......................................3

Governor John W. Hickenlooper, the Colorado Department of Public Health and Environment ("CDPHE"), and the Colorado Department of Agriculture ("CDA"), by and through undersigned counsel, respectfully submit this Brief of *Amici Curiae* in the above-captioned case.

## ARGUMENT

### I.    This egg-laying farm employed best management practices and was willing to adhere to additional conditions to neutralize any adverse health impacts from its operations.

As the Court reviews this case, it is helpful to keep in mind levels of regulation pertaining to farming.   This particular farm was a small animal feeding operation ("AFO"), defined as a facility with less than 25,000 layer chickens.  5 Colo. Code of Regs. 1002-81: 81.3(3).  The actual number of birds at the Hostetler farm was 15,000 layer chickens.  These smaller farms are regulated as AFOs, while facilities with larger numbers of chickens are

regulated as Concentrated Animal Feeding Operations ("CAFOs").

5 Colo. Code of Regs. 1002-81:81.3(6).[1]

Animal feeding operations, such as the Hostetlers, rely on the implementation of best management practices ("BMPs") to reduce environmental impacts. All animal feeding operations in Colorado are subject to the best management requirements for the purpose of protecting waters of the state. 5 Colo. Code of Regs. 1002-81:81.3(4). BMPs include any activity, procedure, or practice necessary for the reduction of impacts from animal feeding operations on surface or ground water. *Id.* BMPs can reduce runoff of pollutants into surface water, help to reduce odor, or protect groundwater from nitrate pollution and other contaminants.[2]

Here, the Hostetler farm employed practices similar to other poultry operations in Colorado and across the nation. The farm utilized BMPs prior to its closure and had secured the assistance of Colorado

---

[1] Large egg-laying CAFOs have 82,000 or more layer chickens.

[2] CAFOs are subject to more extensive regulation. *See, e.g.*, 5 Colo. Code of   Regs. 1002-61:61.17; -81:81.6.

State University to implement an air monitoring program.  The farm also employed several emission control measures not required by law in order to minimize undesirable air emissions.[3]  In short, this farm went beyond all regulatory requirements.  Indeed, the County placed sixteen conditions on this development plan to address any negative impacts to the surrounding community.  The Delta County Board of County Commissioners ("County Board") evaluated the disputed evidence about the farm's operations on public health and struck a balance between agricultural development and measures to protect the broader community.  In this case, the *Amici* support the County Board's ability to weigh competing evidence, even if the opponents disagreed with the resolution to their concerns.  Notwithstanding the decision of the community's elected representatives, the Hostetlers' cage-free egg farm

---

[3] The measures utilized included:  use of wood chips/saw dust inside the facility to control airborne emissions from the facility and for bird comfort; water misting inside the facility to moderate temperatures and decrease airborne emissions from the facility; adjustable dampers located along the side of the building used to control air movement and introduce fresh air through the building; and, shroud walls constructed around fans to provide a reduction in airborne emissions.

was ordered to cease operations even though it was in compliance with all applicable state and local laws and regulations.

## II. The lower court's actions contradict the General Assembly's intent to protect well-run agricultural operations from nuisance-based legal challenges.

The Colorado General Assembly, understanding the importance of agriculture in this state, adopted the Nuisance Liability of Agricultural Operations Act ("Right to Farm Act") to "reduce the loss to the State of Colorado of its agricultural resources by limiting the circumstances under which agricultural operations may be deemed to be a nuisance." § 35-3.5-101, C.R.S.

The statute's legislative declaration sets forth: "It is the declared policy of the State of Colorado to conserve, protect, and encourage the development of its agricultural land for the production of food and other agricultural products." *Id.*

Critical to the Right to Farm Act is the affirmative defense set forth within it: "[A]n agricultural operation shall not be found to be a public or private nuisance if the agricultural operation alleged to be a

5

nuisance employs methods or practices that are commonly or reasonably associated with agricultural production." § 35-3.5-102(1)(a), C.R.S.  Through this Act, the General Assembly demonstrated its intent to protect farms such as the Hostetlers', which employ normal agricultural practices and comply with all state and local regulatory requirements, from legal action by opponents seeking to shut down such operations.

The actions of the County Board were fully consistent with Colorado's declared policy of encouraging agricultural operations that employ reasonable or common methods and practices.  The Board held hearings, received testimony, and reviewed thousands of pages of evidence, including positive CDPHE assessments of the operations. The Board's work to reach a thoughtful and fair decision is consistent with the intent of the General Assembly and the interests of their constituents and thus deserves respect and deference.

While plaintiffs lawsuit is brought under C.R.C.P. 106(a)(4), it is akin to a nuisance lawsuit that should have been barred under §35-3.5-

6

102(1)(a), C.R.S.  Stated differently, the decision of the lower court undermines the Right to Farm Act by providing an alternative mechanism for opponents of farming operations to bring nuisance claims.  The lower court thus empowered the opponents to sidestep the General Assembly's mandate, shutting down a viable agricultural operation that was in compliance with all regulatory requirements. This result ignores Colorado's long-standing policy to conserve, protect, and encourage the development of state's agricultural land for the production of food and other agricultural products, as recognized by the General Assembly in the Right to Farm Act.

## **CONCLUSION**

State law and regulations, as well as the agencies enforcing them, are supportive of Colorado's farming operations that follow best management practices and use common farming techniques.  Here, the County Board made a considered determination to approve the Hostetlers' farming operation.  This determination is entitled to substantial deference.  The district court's decision to overturn the

7

Board represents an unwise and unprecedented intrusion into the legitimate activities of this Colorado farming operation.

Based on the foregoing arguments, the Governor, the CDPHE, and the CDA ask this Court to reverse the lower court decision and vacate its order to the County Board to issue the Hostetlers a cease and desist order for their egg-laying farm.

Respectfully submitted this 21th day of February 2014.

JOHN W. SUTHERS
Attorney General

/s/ *Casey Shpall*
CASEY SHPALL, 11538*
Deputy Attorney General
Natural Resources and Environment

/s/ *Billy Seiber*
BILLY SEIBER, 34380*
Senior Assistant Attorney General
Business and Licensing
*COUNSEL OF RECORD

8

## <u>CERTIFICATE OF SERVICE</u>

I certify that I duly served by ICCES on this 3rd day of March,

2014, a true and correct copy of the foregoing [REVISED] **BRIEF OF**

***AMICI CURIAE***  upon the following:

Earl G. Rhodes
743 Horizon Court
Suite 200
Grand Junction, CO 81506

Stephen G. Masciocchi
Holland & Hart LLP
555 Seventeenth Street
Suite 3200
Denver, Colorado 80202

Brandon L. Jensen
Joshua A. Tolin
Karen Budd-Falen
Budd-Falen Law Offices, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003-0346

Christine L. Knight
County Attorney
320 W. 5th Street
Delta, CO 81416

_____
Suzanne Burdick

| | |
|---|---|
| SUPREME COURT<br>STATE OF COLORADO<br>2 East 14th Avenue<br>Denver, Colorado 80203<br><br>On Certiorari to the Colorado Court of Appeals<br>Court of Appeals Case No. 2020CA1176<br>Jefferson County Court Case No. 2020CV80<br><br>PETITIONER          Reed K. McDonald<br><br>v.<br><br>RESPONDENT          Jefferson County Public Health – Mitch Brown in his official capacity as supervisor of Environmental Health, Jefferson County, Colorado,<br><br>*Attorney for Petitioner:*<br>Reed K. McDonald    Pro se<br>5856 S. Lowell Blvd.<br>Unit 32-Ste 163<br>Littleton, Colorado 80123<br>Phone Number:  720-272-8598<br>Email: kirkmcdonald56@gmail.com | **^COURT USE ONLY^**<br><br><u>District Court</u><br>Case Number: 21<br><br>Division:<br><br>Courtroom: |
| *Attorney for Respondent:*<br>Boog & Cruser P.C.<br>Amanda B. Cruser<br>Lakewood, Colorado 80123<br>Phone Number:  720-272-8598 | |
| **PETITION FOR WRIT OF CERTIORARI** | |

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Petition complies with all requirements of C.A.R. 32 and C.A.R. 53, including all formatting requirements set forth in these rules. Specifically, the undersigned certifies that:

> This Petition contains 3,556 words, which does not exceed the word limit of 3,800 words.

*Reed K. Mc Donald*

## TABLE OF CONTENTS

ISSUES PRESENTED FOR REVIEW……………...………...…………………………………..6

OPINION TO BE REVIEWED……………………………………………………………………10

STATEMENT OF JURISDICTION……….……………………………………………………10

REFERENCE TO PENDING CASES……….……………………………………………………10

OPINION OF THE DISTRICT/APPELLATE COURT……...….……………………………………11

STATEMENT OF THE CASE……………………….…………………………………………11

STANDARD OF REVIEW……………………………...…………………………………………16

REASONS TO GRANT CERTIORARI……………...…….….……………….……………...17

      I. State statute conflicts with the 6th Amendment to the United States Constitution………………...…………………………………………….17

      II. Jeffco use of out-of-court statement to trespass private property…...…...19

      III. District's willfully refusal to obey the judgment of the United States Supreme Court and this Court………...…………………………………20


CONCLUSION…………………………….…………..……………….…………………..21

APPENDIX…………………………………………………………………………………23

## TABLE OF AUTHORITIES

**CASES:**

*Camara v. City of San Francisco*,
387 U.S. 523 (1967)……………………..……..………………8, 10, 14, 15, 17, 21

*Crawford v. Washington*,
541 U.S. 36 (2004)………………………………………………….…………….20

*Frank v. Maryland*,
359 U.S. 360 (1959)……………………….……………………………………15, 16

*Hoery v. United States of America*,
64 P.3d 214 (Colo.2003)………………….……..…………………………………10

*Hoffman v. People*,
780 P.2d 471 (Colo.1989)…………………...………………………………………10

*Kramer v. Union Free School Dist.*,
395 U.S. at 621, S.Ct. (1969)…………………………….…………………………17

*Mattox* v. *United States*,
156 U.S. 237 (1895)…………………………………………………………………20

*Miller v. Carnation Company*,
516 P.2d 661 (Colo.App.1973)……………………………………………………10

*Plotkin v. Club Valencia Condominium Ass'n*,
717 P.2d 1027 (Colo.App.1986)……………………………………………………18

*Pointer* v. *Texas*,
380 U.S. 400, 406 (1965)…………………………………..…………………….20

*Robinson v. Colo. State Lottery Div.*,
179 P.3d 998, 1003 (Colo.2008)…………………….…………………………17

*See v. City of Seattle*,

387 U.S. 523 (1967)……………………………………………8, 10, 14, 15, 17, 21

*Taco Bell, Inc. v. Lannon*,
744 P.2d 43, 46 (Colo. 1987)…………………………..…………………….17

*United States v. Osterlund,*
505 F.Supp. 165 (D.Colo.1981), *aff'd,* 671 F.2d 1267 (10th
Cir.1982)…………...…18

**STATUTES:**

C.R.S. § 24-72-201 to 206………………..……………………………………8, 10, 12, 13

C.R.S. § 35-3.5-101 to 103……………...…………………………………7, 8, 10, 12, 14, 16

C.R.S. §18-9-111…………………………………………………………………………….7

**OTHER AUTHORITIES:**

Sixth Amendment of the United States Constitution…………3, 8, 9, 10, 12, 13, 22

Fourth Amendment of the United States Constitution…..…………9, 10, 12, 13, 22

Fourteenth Amendment of the United States Constitution…………...…9, 10, 13, 22

Colorado Constitution, Article II, Section 7………………..…………………10, 22

Restatement (Second) of Torts, §§ 158-159 (1965)……………..……………..18

## ISSUES PRESENTED FOR REVIEW

**Constitutional Conflict Under CORA:**

This case results from a series of false complaints filed by the public to harass the Vine Ranch Farm operation (Subject Farm) after the public was informed by Jefferson County, Zoning (Jeffco) they would not halt the legitimate Subject Farm operation. See C.R.S. §18-9-111 & C.R.S. §35-3.5-102.

The vine Ranch Farm is located in unincorporated Jefferson County, Colorado. The subject farm and surrounding properties are zoned agricultural. Because of the housing crisis, individuals have purchased agricultural land to build million-dollar homes, then complained about the resident farm. Because different departments of Jeffco do not confer prior to investigating false and or harassment complaints, one arm of the county does not know what the other is doing.

This has led to Jeffco violating Petitioner's civil rights numerous times via public false complaint. After the public false complaint, Jeffco trespassed the Subject Farm's gated private road, traveling several miles on the Subject Farm's private property to the location of the Subject Farm without warrant. Thus, Jeffco has violated Petitioner's civil rights. Because Jeffco's acts represent a series of constitutional violations, Petitioner seeks the names of the false filers swatting the

approved farm operation. As a matter of county policy Jefferson County, Colorado believes it is allowed to disregard the Constitution.

This exact type of case has already been heard by the Supreme Court of the United States in *Camara v. City of San Francisco* and *See v. Seattle*, where the court adjudged, city inspector was required to possess warrant to conduct an inspection. Because, Jeffco's inspections were without warrant they are unconstitutional, illegal and are barred as a matter of law; fruit of the poisonous tree.

Moreover, this action comes before this court because of constitutional conflict between two (2) sections of this State's statutes C.R.S. § 35-3.5-102 Colorado's Right to Farm Act and C.R.S. § 24-72-204(1)(2)(3) Colorado's Open Record Act. The Vine Ranch Farm, subject to an ongoing case of harassment via Jeffco's policy for accepting and concealing anonymous false complaints denied Petitioner to face his accuser[s] who filed the false complaints as mandated by the 6th Amendment of the Constitution.

Because the neighbor[s] filed numerous false complaints to harass the Subject Farm.  And because these false complaints led to Jeffco's trespassing the Subject Farm's private gated road to conduct inspections without warrant, Jeffco's unconstitutional acts are intertwined with the public false complaints.

Petitioner seeks the names of the individuals who are filing the false complaints harassing the Subject Farm operation, therein allowing the false filers to be brought to justice in civil court. Jeffco's unconstitutional acts are affirmed because they admitted they trespassed Petitioner's gated private road without warrant. Thereafter, conducting surveillance, search and seizure of Petitioner's private property.

## 6th Amendment Constitutional Conflict:

Second, this case comes before this Court because that subject State statute C.R.S. § 24-72-204(1)(2)(3) is in conflict with the 6th Amendment of the Constitution; the right to face one's accuser. Jeffco in error now flies a civil case against this farmer because of the public's false complaints resulting in ill-advised court action with the possibility of incarceration and monetary fines leveled against this Petitioner.

## 4th & 14th Constitutional Conflict:

Third, intertwined in this case is the issue of Jefferson County's violation of Petitioners 4th and 14th amendment rights regarding Jeffco's illegal trespass, surveillance and illegal inspection of the Subject Farm operation triggered by public false complaint.

Jefferson County, admits its county policy to trespass private gated roads, to surveil individuals, conduct illegal searches of the private property without warrant, and without the owner's knowledge or presence.

**Majority's Opinion:**

The majority's decision was erroneous because they refused to obey and uphold the 4th, 6th and 14th Amendments to the Constitution of the United States and Colorado's Constitution, Article II, Sections 7 and 25.

In addition, there exists a direct conflict between C.R.S. §35-3.5-102 and C.R.S. §24-72-204, therein allowing Jeffco to conceal the false filer[s] who are harassing the Subject Farm.

Moreover, the majority's decision is in direct willful disrespect of this Court's decisions in *Hoffman v. People*, 780 P.2d 471 (Colo.1989); *Hoery v. United States of America*, 64 P.3d 214 (Colo.2003); *Miller v. Carnation Company*, 516 P.2d 661 (Colo.App.1973) and Supreme Court of the United States decisions in *Camara v. City of San Francisco,* 387 U.S. 523 (1967) and *See v. City of Seattle,* 387 U.S. 523 (1967).

It would appear on its face the appellate court attempted to retry the case in error. The appellate court cites illegal and incorrect observations made by the

Jeffco trespasser. Permits for all on-site equipment were on file in the county's record at the time of Jeffco's trespass.

The Jeffco trespasser simply did not perform their due diligence and job prior to surveilling and conducting their illegal search and seizure of the Subject Farm property. Simply, any reference by the appellate court to what they believe to be violations which lie without foundation are barred as a matter of law, even though their assumptions are incorrect, their reasoning is moot as any information gained during their illegal and unconstitutional search of the Subject Farm would be fruit of the poisonous tree.

## OPINION TO BE REVIEWED

*Reed Kirk McDonald v. Jefferson County, and Mitch Brown in his official capacity as Supervisor of Environmental Health, Jefferson County, Colorado* case 2020cv80; attached as Appendix A.

## STATEMENT OF JURISDICTION

This Court has jurisdiction under C.A.R. 49(a)(1) (2) (3) (4). On December 16, 2021, the Court of Appeals issued its opinion. That opinion was served via USPS to the *pro se* Petitioner on December 23, 2021. Thus, this Petition for Writ of Certiorari is timely filed.

## REFERENCE TO PENDING CASES

This Court has not granted a writ of certiorari on the Constitutional issues raised here under Colorado Open Records Act's conflict with Colorado's Right to Farm Act and the intertwined unconstitutional acts of trespass and illegal search and seizure by Jefferson County, Colorado. Moreover, this Court has not ruled on the ability of a county government to conceal individuals who file false complaints to harass approved farm operations.

## OPINION OF THE DISTRICT/APPELLATE COURT

The District issued its opinion on January 15, 2021; thereafter, that case went on appeal. Appendix Document 1.

The Court of Appeals issued its opinion on December 16, 2021. Thereafter, Petitioner received that decision on December 23, 2021.  Appendix Document 2

## STATEMENT OF THE CASE

This dispute arises from Colorado, Jefferson County's (Jeffco) violation of Petitioner's 4th, 6th, and 14 Amendment rights after a series of concealed false nuisance complaints were filed to obstruct and harass the Subject Farm operation by members of the public in violation of C.R.S. §35-3.5-102.

Moreover, this case concerns the conflict between two State Statutes C.R.S. § 35-3.5-102 and C.R.S. §24-72-204(1)(2)(3), regarding the concealment of individuals who file false complaints to harass farm/ranch operations. Colorado's

Open Records Act, (CORA) C.R.S. §24-72-201 to 206, provides all public records shall be open for inspection by any person at reasonable times.  In violation of CORA, Jeffco refuses to release names of individuals who file false reports.

It is a matter of public record that Petitioner held permits for the subject property regarding office, storage and propagation facility for live plants on site at the time of Jeffco's trespass. Jeffco prior to trespassing Petitioner's gated private road failed to investigate its own issued permits prior to violating Petitioner rights secured under Constitution and its 4th, 6th and 14th Amendments against illegal surveillance, search, seizure and the right to face his ones accuser.

In addition, State Statute C.R.S. § 24-72-204(1)(2)(3) allows a government entity to conceal the names of individuals swatting a legal farm operation. Swatting is a criminal harassment tactic, deceiving a city/county government into sending police, emergency service or county response team to another person's address. Petitioners' neighbors, use "swatting" to file anonymous false/nuance complaints in unincorporated Jefferson County, Colorado to harass and obstruct the Subject Farm operation.

Petitioner is an owner of a rural farm operation known and registered with the State of Colorado as the Vine Ranch Farm. Located at 14309 Elk Mountain Trail, Littleton Colorado. See CO #20181287896. Petitioner has farmed this

agricultural zoned property since 2017; historically this agricultural property has always been zoned and used as agricultural land since its existence.

Jeffco trespassed Petitioner's private gated road on or about July of 2018; June of 2019; May of 2020; and again, during August of 2021; Jeffco's government employees trespassed Petitioners gated private road based on false complaints. Jeffco warned of their unconstitutional acts stated during hearing they were allowed to violate the United States and Colorado Constitutions because they were a governmental agency; Jeffco refusing to adhere to rulings of the Supreme Court of the United States in *Camara v. City of San Francisco*, 387 U.S. 523 (1967) and *See v. City of Seattle*, 387 U.S. 523 (1967).

After trespassing Petitioner's gated private road, Jeffco's government employee drove several miles on Petitioner's private road to site of his farm. Thereafter, Jeffco again trespassed, surveilled, and conducted a search of the Petitioner's property without warrant and without Petitioner's knowledge or presence. These inspections were initiated because the surrounding neighbors who built million-dollar homes on agricultural land seek to have the Subject Farm shuttered; simply harassment pursuant to Colorado's Right to Farm Act – C.R.S. §35-3.5-101, *et seq*.

This type of case against a working farm has already been heard and decided in Colorado's Appellate Court in case #2013ca1806. In that appellate case, the court ruled in favor of the subject farm operation. See Amicus Brief by Colorado's Department of Agriculture and then Governor, the honorable John W. Hickenlooper. Appendix Document C.

In addition, Jeffco's constitutional violations cited by Petitioner have already been decided by the Supreme Court of the United States in _Camara v. City of San Francisco_, 387 U.S. 523 (1967) and _See v. City of Seattle_, 387 U.S. 523 (1967).

In _Camara_ & _See_, the Supreme Court of the United States was asked if a county/city government employee could search an individual's property without warrant. Camara was charged with violating the San Francisco Housing Code refusing, after three efforts by city housing inspectors to secure his consent, to allow a warrantless inspection of the ground-floor quarters which he leased and residential use of which allegedly violated the apartment building's occupancy permit. Thereafter, Camara was arrested and incarcerated. Camara claiming the inspection ordinance unconstitutional for failure to require a warrant for inspections, while awaiting trial, sued in a State Superior Court for a writ of prohibition, which the court denied. Relying on _Frank v. Maryland_, 359 U. S. 360, and similar cases, the district court of appeal affirmed, holding that the ordinance

14

did not violate the Fourth Amendment. The state supreme court denied a petition

for hearing.

**The Supreme Court of the United States Opinion in *Camara & See*:**

The Supreme Court of the United States reversed the state's opinion in *Camara* and *See* during 1967 in, 387 U.S. 541 (1967), the Supreme Court adjudged the following**:**

1. The Fourth Amendment bars prosecution of a person who has refused to permit a warrantless code enforcement inspection of his property. *Frank v. Maryland*, pro tanto overruled. Pp. 387 U. S. 528-534.

(a) The basic purpose of the Fourth Amendment, which is enforceable against the States through the Fourteenth, through its prohibition of "unreasonable" searches and seizures is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials. P. 387 U. S. 528.

(b) With certain carefully defined exceptions, an unconsented warrantless search of private property is "unreasonable." Pp. 387 U. S. 528-529.

(c) Contrary to the assumption of *Frank v. Maryland*, Fourth Amendment interests are not merely "peripheral" where municipal fire, health, and housing inspection programs are involved whose purpose is to determine the existence of physical conditions not complying with local ordinances.

(d) Warrantless administrative searches cannot be justified on the grounds that they make minimal demands on occupants.

Thus, Jeffco's acts of trespass, surveillance, search and seizure of

Petitioner's property were illegal and unconstitutional.

**Colorado's Right to Farm Act:**

Moreover, Colorado's General Assembly passed legislation/law against this type of false complaint designed to harass farm/ranch operations during 1981. See, C.R.S. §35-3.5-102 which provides the following:

> C.R.S. §35-3.5-102(1)(a)  Except as provided in this section, an agricultural operation shall not be found to be a public or private nuisance if the agricultural operation alleged to be a nuisance employs methods or practices that are commonly or reasonably associated with agricultural production.

> Although, the public informed the Vine Ranch Farm is a legal operation, the surrounding public so furious with Jeffco, violated State law by insisting the subject farm operation be shuttered. Because the subject farm is a legal farm operation, the surrounding public has sought by other means to use anonymous false complaints to interfere and obstruct the farm operation in violation of Colorado law and the Constitution.

As a matter of right, Petitioner has the constitutional and legal right to know who is filing false complaints against the Subject Farm operation.

## STANDARD OF REVIEW

The issues raised in this petition are questions of law reviewed de novo. *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1003 (Colo.2008) (determinations regarding immunity are reviewed de novo); *Taco Bell, Inc. v. Lannon*, 744 P.2d 43, 46 (Colo. 1987). Constitutional errors are reviewed de novo. Strict judicial scrutiny is warranted when participatory and constitutional rights are

infringed not only because a *fundamental* right is at stake, but also because the presumption of constitutionality and the approval given "rational" classifications in other types of enactments are based on an assumption that the institutions of state government are structured so as to represent fairly all the people.

However, when the challenge to the statute is in effect a challenge of this basic assumption, the assumption can no longer serve as the basis for presuming constitutionality. *Kramer,* 395 U.S. at 621, S.Ct. (1969).

The District's opinion in willful disobedience, challenges the Supreme Court of the United States judgment in <u>*Camara*</u> & <u>*See*</u>.

## REASONS TO GRANT CERTIORARI

This Court has defined trespass as; "trespass is any entry upon the real estate of another without the invitation or permission of the person lawfully entitled to possession of the real estate." *CJI-Civ.2d.* 18:1 (1980); <u>*United States v. Osterlund,* 505 F.Supp. 165 (D.Colo.1981),</u> *aff'd,* <u>671 F.2d 1267 (10th Cir.1982)</u>; *see* <u>Restatement (Second) of Torts, §§ 158-159 (1965)</u> and <u>*Plotkin v. Club Valencia Condominium Ass'n*, 717 P.2d 1027 (Colo.App.1986)</u>.

What's clear and irrefutable is Jeffco's government employees have trespassed Petitioner's private gated road numerous times. Jeffco's unconstitutional acts of trespass, surveillance, search and seizure initiated by public false

complaints remains unaddressed by the lower-court. The identities of the false fliers who caused Jeffco to violate Petitioner's civil rights have been concealed.

More concerning is Jeffco's refusal to release the identities of the false files as a matter of county policy; thus, the county lies responsible for its unconstitutional policies.

Jeffco claims they have the constitutional right to trespass gated private gated roads and property to surveil, search and seize private property without warrant. Jeffco's policy contradicts the constitutional edicts for a person's right secured under not only the Colorado Constitution but also the United States Constitution.

Moreover, when the public claims are proven false, Jeffco refuses to release the names of the individuals filing the false claims harassing the Subject Farm operation in violation of CORA. Furthermore, it is a violation of the Constitution for Jeffco to deny Petitioner the right to face his false accuser.

**Confrontation Clause:**

The Sixth Amendment of the United States Constitution provides the following:

> *"In all criminal prosecutions, the accused shall enjoy the right to... be confronted with the witnesses against him...."*

The Confrontation Clauses historical background supports two principles. First, the principal evil at which the Clause was directed was the civil-law mode of criminal procedure, particularly the use of *ex parte* examinations as evidence against the accused. The Clause's primary object is testimonial hearsay, and interrogations by law enforcement officers fall squarely within that class.

Second, the Framers would not have allowed admission of statements by a witness who did not appear at trial unless he was unavailable to testify and the defendant had had a prior opportunity for cross-examination or a chance to examine via oral hearing.

English authorities and early state cases indicate that this was the common law at the time of the founding. And the "right ... to be confronted with the witnesses against him," Amdt. 6, is most naturally read as a reference to the common-law right of confrontation, admitting only those exceptions established at the time of the founding. See *Crawford v. Washington*, 541 U.S. 36 (2004); *Mattox* v. *United States,* 156 U. S. 237, 243. Pp. 5-21; *Pointer* v. *Texas,* 380 U.S. 400, 406 (1965).

Simply, Jeffco refuses under State statute to release the names on individuals who file nuance complaints against the Subject Farm; this is a county policy.

**Jeffco's Use of Out-of-Court Statements:**

During 2004, the Supreme Court decided that out-of-court statements violated the Confrontation Clause when they decided, *Crawford v. Washington, Supra.* This case altered the rules for prosecutors. No longer could out-of-court statements be used against a defendant without providing an opportunity to cross-examine the witness. In *Crawford*, the Court changed course and determined that defendants had a right to cross-examine out-of-court statements, regardless of whether or not the statements were reliable. In building a case, prosecutors may want to use statements that people have made outside of the courtroom as evidence against the defendant.

Jeffco uses out-of-court statements to trespass, surveil and search private property in violation of Constitution and SCOTUS judgments.

**Petitioner Not Allow to Confront False Filer Prior to Jeffco's Civil Rights Violations:**

Jeffco after their illegal trespass, illegal surveillance and illegal search of Plaintiff's property was not allowed to confront his accuser. Instead Jeffco issued fines in the $5,000 against this Petitioner.

**Jeffco's disrespect of SCOTUS judgment in *Camara* and *See*:**

It crystal clear Jeffco in contravention of SCOTUS decision in *Camara* and *See* believes it does not to have to obey its superior court or the Constitution. SCOTUS made clear in *Camara/See*, Jeffco was required to have warrant to

trespass Petitioners' gated private road traveling to the Subject Farm where it conducted its illegal search, surveillance and seizure.

Thus, all of Jeffco's unconstitutional acts were concealed and executed in completed secrecy, therefore, in violation of the Constitution.

## CONCLUSION

Both the District and the Appellate Court willfully disrespected the Colorado Constitution, United States Constitution and the judgment of not only this Court but that of the Supreme Court of the United States in _Camara_ & _See_ Supra.

SCOTUS made clear in _Camara_ & _See_, when a government agency seeks to inspect private property, a warrant is required. SCOTUS ruled;

> "Amendment interests are not merely peripheral where municipal fire, health, and housing inspection programs are involved whose purpose is to determine the existence of physical conditions not complying with local ordinances. Warrantless administrative searches cannot be justified on the grounds that they make minimal demands on occupants."

Jeffco used false second-hand statements to trespass the Subject Farm's gated private road without warrant and the denied this Petitioner constitutional rights to face his false accuser prior to their trespass. Jeffco using the false complaint trespassed, surveilled and searched the Subject Farm. Jeffco well knew the complaint was false. Thereafter, Jeffco refused to release the name of the false filer in violation of CORA and Colorado's Right to Farm Act.

The District ruled that Jeffco could violate the United States and Colorado Constitutions by refusing to address Jeffco's trespass, illegal surveillance, illegal search, of the Subject Farm in violations of the 4th and 14th Amendments of the Constitution and Article II, Section 7 of the Colorado Constitution.

Second the District ruled Jeffco could conceal the identity of false filers in violation of the 6th Amendment of the United States Constitution under Colorado after they used the false complaint to trespass the Subject Farm's gated private property and road to issue an incorrect fine.

Moreover, the District refused to uphold the ideals of the 6th Amendment to the United States Constitution providing an opportunity to cross the false filer.

Simply, if Jeffco had followed lawful procedure we would not be before this Court. It crystal clear, Jeffco did not follow proper lawful procedure because they have a county wide policy of violating an individual's and farm's constitutional rights.

**WHEREFORE**, Petitioner asks this Court to reverse and remand the case back to the District, with instructions to the lower-court to obey and honor the Constitution, Colorado Open Record Act, and Colorado's Right to Farm Act. Releasing the names[s] of the false filers who in-part caused the Petitioners damages with instructions to the lower-court to enforce and uphold SCOTUS

decisions in *Camara/See* requiring Jeffco to possess a warrant anytime they trespass a gated private road to search, surveil and seize private property.

# APPENDIX

Appendix Document A……District Judgment

Appendix Document B……Court of Appeals Judgment

Appendix Document C…Amicus Brief by Colorado's Department of Agriculture

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing petition was served

upon the following parties on this 26th Day of January, 2022 by email to:

Respondent: Counsel for Jefferson County, Colorado

          Amanda Cruser
          Boog Cruser PC
          3333 W. Wadsworth Blvd.
          Unit D324, Lakewood, Colorado 80227
          303-986-5769
          abcruser@vfblaw.com

By_____