IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8:43 am, Mar 29, 2022
JEFFREY P. COLWELL, CLERK

Action No.   22cv389

**Plaintiff/Cross-Complainant Defendant,**
Jefferson County, Colorado/Board of County Commissioners in their official and individual capacities.

**Cross/Complaint Defendant**
Jefferson County, Colorado a quasimunicipal corporation and political subdivision of the State of Colorado;

**Cross/Complaint Defendant**
Jeremy Cohen in his individual capacity/and his capacity as Supervisor for Jefferson County, Colorado, Planning and Zoning;

**Cross/Complaint Defendant**
Amy Reistroffer in her individual capacity/and her capacity as employee for Jefferson County, Colorado Planning and Zoning

**Cross/Complaint Defendant**
Madison Pitts in her in her individual capacity/his capacity as employee for Jefferson County, Colorado Public Health.

**Cross/Complaint Defendant**
Aly Dressler in her individual capacity/his capacity as employee for Jefferson County, Colorado Public Health.

**Cross/Complaint Defendant**
John/Jane doe who have file false public complaints against the Colorado farm knowns as the Vine Ranch Farm,

v.

**Defendant; Cross/Complaint Plaintiff**
Reed McDonald
(aka) The Vine Ranch Farm

___

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR REMAND;
DEFENDANTS MOTION TO THE COURT PURSUANT
FEDERAL RULES OF CIVIL PROCEDURE RULE 201**

___

1


Reed K. McDonald
Pro se Counsel of Record
5856 S. Lowell Blvd.
UPS/Ste 163
Littleton, Colorado 80123
720-589-3160
kirkmcdonald56@gmail.com

## RESPONSE

Defendant and now Cross/Complaint Plaintiff, Reed McDonald files this response to Plaintiff Colorado Jefferson County's motion to remand. Plaintiff Jefferson County Colorado, hereafter, "Jeffco" asks this Court for remand without providing a single piece of evidence in their harassment case against defendant and whistleblower Reed McDonald. I remind the Court, Defendant Reed McDonald did not initiate this case, Jefferson County Colorado did to retaliate against this Defendant. In fact, Jeffco in their motion to remand did not even produce the fraudulent complaint as evidence against this Defendant.

Meanwhile Defendant in his Cross-Complaint has served this Court with numerous elements of irrefutable evidence regarding Jeffco's trespass; unreasonable search and seizure; harassment; and Jeffco's violation of Defendant's rights secured under Constitution for equal protection under law, due process, and other constitutional violations against the subject farm because Defendant Reed McDonald is a whistleblower having exposed Jeffco's tax fraud scheme against farm and ranch. If this case would be remanded it surely would be reversed as in *Handy v. Maximus Inc.*, District of Colorado Case 20cv3235-LTB-GPG.

### STANDARD FOR REMAND & 10TH CIRCUIT PRECEDENT

1.   "[F]ederal magistrate[judges] are creatures of statute, and so is their jurisdiction." *NLRB v. A-Plus Roofing, Inc.,* 39 F.3d 1410, 1415 (9th Cir.1994). Unlike district judges, they are not Article III judicial officers, and they have only the jurisdiction or authority granted to them by

Congress, which is set out in 28 U.S.C. § 636. See <u>Ocelot Oil Corp. v. Sparrow Indus.,</u> 847 F.2d 1458, 1461 (10th Cir. 1988).

2.      The 10th Circuit agrees with the Third Circuit — "the only other circuit to have expressly addressed the issue — that a remand order is a final decision or dispositive action that must ultimately be made by the district court to survive Article III scrutiny. That means that a magistrate judge may recommend a remand "`so long as the ultimate decision is made by the district court.'" <u>Ocelot Oil,</u> 847 F.2d at 1463 (quoting <u>Raddatz,</u> 447 U.S. at 683, 100 S.Ct. 2406)." <u>First Union Mort. Corp., v. Smith</u>, 229 F.3d 992 (10thCir.2000).

3.      Jeffco's motion for remand must be summarily dismissed because they failed to provide the required standard when asking for dismissal and or remand; a requirement of federal pleading standard for either dismissal or remand.

4.      Because the Defendant appears pro se, his pleadings and other papers must be liberally construed and held to a less stringent standard than those drafted by attorneys. See <u>Haines v. Kerner,</u> 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); <u>Hall v. Bellmon,</u> 935 F.2d 1106, 1110 & n. 3 (10th Cir.1991).

### I. CONSTITUTION VIOLATION

5.      First and foremost, Colorado lower-courts do not recognize a *pro se* person[s] right under the Constitution for a right to privacy, a person's right against unreasonable search & seizure; nor a person's right of due process or the right to face his accuser, a right secured under constitution. Moreover, state judges who are elected, seem to have an infinity to rule in favor of the city/county where elected, regardless of a person's right secured under Constitution. As this Court is aware its irrefutable that Jeffco trespassed Defendant's gated private road and property based upon a fraudulent anonymous complaint. Jeffco trespassing Defendant's private gated road,

3

drove miles to the location of the subject farm. Thereafter, again trespassing Defendant's farm property without warrant.

6. Because Colorado lower-courts refuse to recognize the Constitution a the law of the land, the Colorado Supreme Court has to uphold the Constitution and Supreme Court of the United States precedent. Currently, the Colorado Supreme Court is reviewing Jeffco's trespass and unconstitutional search of the subject farm in violation of the 4th, 6th and 14th amendments of the Constitution in case 2022SC63. As a *pro se* party in state court, one would have hoped it would not take briefs to the state's highest court to uphold the Constitution and precedent of the Supreme Court of the United States in *Camara v. City of San Francisco*, 387 U.S. 523(1967) and *See v. City of Seattle*, 387 U.S. 523 (1967).

7. Recently, during 2022 and 2021 several decisions in state court have revealed Colorado city/county constitutional misconduct. On March 25, a jury awarded $14 million dollars to protesters after finding Denver police violated their constitutional rights. And during 2021 a woman with dementia was awarded $3 million after Loveland officers brutally arrested her leaving Walmart, forgetting to pay $13 dollars for product.

8. In both, *Camara* and *See,* city/county employee's trespassed private property to conduct inspection without warrant. Justice Bryon R. White of the Supreme Court writing for the 6-3 majority vacated the lower court judgment. The Supreme Court held that *Camara* and *See* held a constitutional right to legally insist that the city/county obtain a warrant before searching there home/business.

9. In this Case its irrefutable, Jeffco admits they trespassed Defendants gated private road and then dove miles to the site of the subject farm, thereafter conducting an unreasonable search of Defendant's farm without notice, without warrant based upon a fraudulent complaint

4

designed to harass and obstruct the farm operation of Reed McDonald in violation of Colorado law C.R.S. §35-3.5-102.

10. This type of complaint has already been heard before the Colorado Court of Appeals in Case 2013ca1806, in that case the appellate court decided in favor of the accused farm. See Amicus Brief of the State of Colorado and then governor John W. Hickenlooper and the Colorado Departments of health and Environment and Department of Agriculture. **Exhibit 1**. Also see C.R.S. §35-3.5-101 et seq., Colorado's Right to Farm Act wherein Defendant's right to farm on his approved agricultural property is reaffirmed.

## DOCTRINE OF PRECEDENT

11. The doctrine of hierarchical precedent is part of judicial practice which is willfully disregarded by Jefferson County, Colorado. Doctrinal supremacy is not to be questioned, specifically when the precedent comes from the Supreme Court of the United States. The Supreme Court of the United States in *Camara v. City of San Francisco*, 387 U.S. 523(1967) and *See v. City of Seattle*, 387 U.S. 523 (1967) adjudged that a city/county employee must have warrant to trespass private property and to conduct search. The Supreme Court pronouncing the following:

> 1. The Fourth Amendment bars prosecution of a person who has refused to permit a warrantless code enforcement inspection of his personal residence. *Frank v. Maryland, supra, pro tanto* overruled. Pp. 387 U. S. 528-534.
>
> (a) The basic purpose of the Fourth Amendment, which is enforceable against the States through the Fourteenth, through its prohibition of "unreasonable" searches and seizures is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials. P. 387 U. S. 528.
>
> (b) With certain carefully defined exceptions, an unconsented warrantless search of private property is "unreasonable." Pp. 387 U. S. 528-529.
>
> (c) Contrary to the assumption of *Frank v. Maryland, supra,* Fourth Amendment interests are not merely "peripheral" where municipal fire, health, and housing inspection programs are involved whose purpose is to determine the existence of physical conditions

not complying with local ordinances. Those programs, moreover, are enforceable by criminal process, as is refusal to allow an inspection. Pp. 387 U. S. 529-531.

(d) Warrantless administrative searches cannot be justified on the grounds that they make minimal demands on occupants; that warrant in such cases are unfeasible; or that area inspection programs could not function under reasonable search warrant requirements. Pp. 387 U. S. 531-533.

12. Simply, Jeffco does not believe Supreme Court precedent of the Constitution is binding law upon them. Consequently, Jeffco and its employees believe they can violate a person's right secured under Constitution.

## II. JEFFCO'S TAX FRAUD SCHEME

13. Jeffco violates the Constitution and Defendant's rights secured therein, and in error argues that Defendant cannot obtain agricultural status for his farm because of a twenty-year-old decision in *Welby Gardens v. Adams County Bd. of Equalization*, 71 P.3d 992 (2003). In the *Welby Gardens* decision, Welby concede that their farm operation did not in any way depend on the location of the farm on that particular piece of property, did not use soil from the land, and did not use the location of the property to aid in the growth of their product. **Exhibit 2**. These factors typically affect the productivity of agricultural land, including temperature, humidity, and soil quality.

14. The *Welby* decision does not take in to account the water saving strategy which is currently enforced by the State of Colorado regarding farm operations by the Colorado Department of Agricultural. According to the Public Broadcast System (PBS) Colorado is among the western states that are in the worst drought in 1000 years.

See:*https://www.pbs.org/newshour/show/western-states-face-a-bleak-future-amid-the-worst-drought-in-more-than-1000-years*.

15. In contrast. The Vine Ranch Farm uses soil from the land for its farm operation. Second, in contrast the Vine Ranch Farm's location utilizes the productivity of the land because of the southern exposure and elevation of the property; the Vine Ranch Farm is located at 8,000 feet above the City of Denver's inversion layer. Thus, although the subject farm is placed higher in elevation, where it actually is warmer because of the lack of clouds. Third, in contrast, the greenhouses on the Vine Ranch Farm are underground greenhouses referred to as Walipini. See Brigham Young University (BYU) research on Walipini; **Exhibit 3**. The Vine Ranch Farm uses a modern version of the Jeffco approved Walipini on the Vine Ranch Farm; **Exhibit 4**.

16. Walipini's are underground greenhouses, they are underground because four feet underground, that ground is a constant 50 degrees, utilizing the productivity of the land to effectively enhance plant growth. Fourth, in contrast, not only are plants grown in the greenhouses but they also are planted in the soil of the subject farm land. Fifth, Jeffco as a part of their fraud scheme allows only a single harvest from the land financially harming the subject farm. Multiple harvests are achieved by transferring plants on the Vine Ranch Farm from uncontrolled greenhouses to controlled underground greenhouses to outside planting. Although, this process has been explained and tours have been conducted of the subject farm and documentation has been provided Jeffco refuses to recognize modern farming and water conserving techniques denying Defendant his agricultural tax status.

17. Thus, The Vine Ranch Farm uses the productivity of the land to produce its product for sale. In addition, the Vine Ranch Farm is a verified farm that has been granted such status, recognized by the United States Department of Agricultural and Colorado's own Department of Agricultural. See grants provided by United States Department of Agricultural. **Exhibit 5**.

18. Moreover, three neighboring so-called farm operations are granted agricultural tax status although they do not farm according to Jeffco's own definitions, resulting in Jeffco's unconstitutional conduct. These farm/ranches are listed here not to deprive these operations of their agricultural tax status but as comparison as to the arbitrary, capacious and unconstitutional acts of Jeffco for their lack of equal protections under tax law, in determining who is granted the favored tax status.

19. First, is my closest neighbor who has a million-dollar home on 35 acres. They have four pet Alpacas although they neither farm nor breed nor harvest these animals these owners are granted agricultural tax exemption. Paying only a property tax of $2,600 for the tax year of 2021in lieu of paying the property tax of $8,500; in comparison the Vine Ranch Farm has been accessed $3,600 for the same taxable year. **Exhibit 6**.

20. Second, is a neighboring Fungi farm. Fungi or as they are known by the public "mushrooms" are not grown in the ground but are grown on raised beds in total darkness. Again, I am not requesting this operation be denied agricultural tax status, I am using this farm which is only a few miles from the Vine Ranch Farm. The subject fungi farm has been granted agricultural tax status while the Vine Ranch Farm has been denied. **Exhibit 7**.

21. Third, is a local neighboring so-called farm who is granted agricultural tax status claiming to have a tree and soil farm. Ariel photos reveal there is no tree farm or soil farm located on the subject property and could never have such farm elements because the property is in a subdivision. **Exhibit 8**.

22. Defendant can produce a dozen more fraudulent farm/ranch operations that have been granted agricultural tax status. This is not done to harm any of the already approved farm operations but is to illustrate how Jeffco's assessor is not the appropriate entity to determine who

is and who is not a farm or ranch. Specifically, the entity (Jeffco) has a vested interest and is therefore prejudice in determining who is allowed agricultural tax assessments to real farms.

### III. FEDERAL CLAIMS

23. Jeffco claims their conduct of trespass without warrant, unreasonable search of Defendant's property and their refusal to grant agricultural status to the Vine Ranch Farm is not unconstitutional conduct. In addition, Jeffco claims their fraudulent harassment of Defendant and their failure to disclosure who is filing false complaints that have led to Jeffco's numerous trespass and illegal search of the Vine Ranch Farm without warrant does not rise to a constitutional question; the Defendant and SCOTUS disagree.

24. It would appear on its face Jeffco does not recognize the Supreme Court of the United States as a superior court. Moreover, Jeffco does not recognize precedent and judgment made by these lands highest court and that they do not encompass their jurisdiction. Nor do decisions made by the Colorado Supreme Court hold any power over Jefferson County, Colorado; clearly an alarming issue.

25. After conferring with opposing counsel, I can confirm trespass of gated private roads and search of private property without warrant is the stated policy of the Board of County Commissioners for Jefferson County Colorado. None-the-less, Jeffco's stated policy is in violation of the United States Constitution and its 4th, 6th and 14th Amendments and in willful disrespect of decisions/precedent of SCOTUS in *Camara* and *See*.

26. Jeffco's fraudulent harassment case was only filed against this Defendant after he exposed their unconstitutional conduct and fraudulent taxation policy. It would also appear there is a conspiracy regarding Jeffco employees to make false representation before this Court as there is no explanation of what code was violated by the Defendant. It would seem Jeffco relies only on

9

their counsel's statement or perjured statements of Jeffco employees. Jeffco affirms in their argument they do not need warrant to trespass and conduct searches of Defendants farm.

27. Jeffco and their counsel a member of this Court, expects this Court to remand based solely on their say-so and not upon any material foundation or factual evidence against this Defendant. Defendant has provided in his cross complaint with evidence, it is irrefutable that Jeffco trespassed Defendant's private gated road and then drove miles to the site of The Vine Ranch Farm, therein conducting an unreasonable search of property in violation of the Constitution without warrant.

28. As in *Garner v. City of Loveland*, Dist. of Colorado case 21cv1035 this case concerns Jeffco's constitutional violations of this Defendant rights secured under Constitution. As in *Garner,* all that is required to defend this case, maintaining possession in federal court is that Defendant could have brought an original proceeding in federal court for the same illegal and unconstitutional conduct by Jefferson County, Colorado. Cleary that is why the Colorado Supreme court has taken up the issue. Jeffco's admitted constitutional violations and Jeffco's stated unconstitutional policy and acts and failure to act are in violation of the Constitution and SCOTUS precedent.

29. Jeffco has failed to provided a single shred of evidence that they did not trespass Defendant's gated private road. Moreover, Jeffco has failed to provide any evidence they did not conduct a reasonable search of the Vine Ranch Farm with warrant; they do not provide a warrant because there is none.

30. Certainly, if Jeffco held a warrant to trespass and conduct a search of the defendant's property they would have produced it by now before this Court, ending the debate over the constitutional issue. The reason Jeffco does not provide a warrant is because there is none

and has never been one, because Jefferson County, Colorado believes it is immune from prosecution for violating this Defendant's rights secured under Constitution.

31.     Finally, in error Jeffco claims their trespass of Defendant's gated private road and Jeffco's unreasonable search of Defendant's property does not raise and federal issues; clearly their argument is made in bad faith; as SCOTUS has already ruled on this matter.

### IV. JEFFCO ADMITS REMAND NOT APPROPRIATE

32.     Plaintiff and Cross-Complaint Defendant Jeffco in as much admits it is improper to remanded this case, as they have now filed on March 24, 2022 a new motion for dismissal.

### JEFFCO'S REQUEST FOR ATTORNEY FEES

33.     Jeffco requests attorney fees although they admit they trespassed Defendant's gated road without warrant. In addition, Jeffco's requests attorneys' fees although they admit after trespassing Defendant's gated private road, then dove miles to the subject farm therein conducting an unreasonable search of Defendant farm property without warrant. Jeffco goes on to ask for remand although they do not provide a singe piece of evidence of any allegation violated by this Defendant.

34.     How is it possible for the county to prove their fraudulent allegations against this Defendant solely based upon their say-so? Jeffco cannot produce any evidence because that would incriminate their trespass of Defendant's gate private road and from their unreasonable search of the Defendant's private property and because it would expose Jeffco to a motion for summary judgment under Rule 56.

35.     Defendant has warned Jeffco of their illegal acts numerous times; Jeffco believes there are immune from prosecution and has stated they have a county wide policy they can trespass and conduct search and seizure without warrant.

11

36.     Simply, Jeffco asks for fees solely base upon their say-so. Under federal law each party must pay their own way in court. Therefore, this Court must refuse Jeffco's request; clearly it must be a joke.

## CONCLUSION

Jeffco asks this court for remand while it also asks for dismissal, this is because they well-know remand is improper.

Jeffco without any evidence asks for remand. In addition, Jeffco admits they trespassed Defendant's gated private road without warrant. See Colorado Supreme Court case 2022sc63 which is publicly available information.

Moreover, Jeffco admits once it trespassed Defendant's gated private road they then conducted a search of the Vine Ranch Farm without Defendants knowledge and without warrant.

What more frightening is that Jeffco believes it can trespass, search and seizure private property without warrant in unincorporated Jefferson County, Colorado in willful disrespect of numerous SCOTUS judgments and the Constitution.

Lastly, Jeffco believes, and has confirmed, it is a county wide policy to allow county employees to trespass and search and seize a person's asset without warrant and without notice.

Simply, remand is improper and ill-advised. Clearly at issue are questions regarding the Defendant's rights secured pursuant to the United States Constitution and opinions of the Supreme Court of the United States. Thus, a hearing pursuant to Article III of the Constitution are advised and must be adhered too.

Respectfully,

*[signature]*

<div style="text-align: right">
Reed McDonald *pro se*  
5856 S. Lowell Blvd.  
UPS/Ste 163  
Littleton, Colorado 80123  
kirkmcdonald56@gmail.com  
720-589-3160  
</div>

Reed McDonald

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2022 I sent a copy via email of the Defendant's response to Jefferson County, Colorado

_____  _____
Date Signature