**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-389-GPG

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON, STATE OF COLORADO, a body politic and corporate,

Plaintiff and Counterclaim Defendant,

v.

REED KIRK MCDONALD,

Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff,

v.

JEREMY COHEN,
AMY REISTROFFER,
MADISON PITTS,
ALY DRESSLER, and
JOHN/JANE DOE,

Third-Party Defendants.

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR WRIT OF MANDAMUS [ECF Nos. 17 and 18]
AND DEFENDANT'S MEMORANDUM TO THE COURT [ECF. No. 16]**

---

Plaintiff and Counterclaim Defendant Board of County Commissioners of the County of Jefferson, State of Colorado (the "County"), through counsel, hereby responds in opposition to the Motion for Writ of Mandamus [ECF Nos. 17 and 18][1] and Memorandum to the Court [ECF. No. 16] filed by Defendant and Counterclaimant Reed Kirk McDonald ("Mr. McDonald"). In support, the County states as follows:

---

[1] ECF No. 17 and ECF No. 18 are identical, except for their attachments. ECF No. 17 attaches 15 exhibits, while ECF No. 18 attaches Court orders in state court proceedings instituted by Mr. McDonald and referenced below.

## INTRODUCTION

The County initiated this action in Jefferson County Court, alleging that certain activity on Mr. McDonald's property violates the Jefferson County Zoning Resolution, and seeking to enforce the relevant zoning restrictions. [ECF No. 5]. Mr. McDonald removed the matter to this Court and the County filed a Motion to Remand to Jefferson County Court [ECF No. 15], which is currently pending and in the process of being briefed.

Mr. McDonald then filed Defendant's Verified Cross-Complaint [ECF No. 13], asserting claims against the County and additional Third-Party Defendants for (1) illegal search under the Fourth Amendment, (2) illegal search under the Colorado Constitution, (3) unconstitutional custom or practice under the Fourth and Fourteenth Amendment, and (4) equal protection violation under the Fourteenth Amendment. The County filed a Motion to Dismiss Defendant's Verified Cross Complaint [ECF No. 19].

On March 15, 2022, Mr. McDonald filed Defendant's Motion for Writ of Mandamus [ECF Nos. 17 and 18] and a Memorandum to the Court [ECF No. 16] which, in substance, simply requests a bench hearing for the Motion for Writ of Mandamus (Defendant's Motion for Writ of Mandamus [ECF Nos. 17 and 18] and Memorandum to the Court [ECF No. 16], collectively referred to as "Motion for Mandamus").

The Motion for Mandamus concerns a Colorado Open Records Act ("CORA") request Mr. McDonald submitted to Jefferson County Public Health ("JCPH") on March 12, 2020, seeking public records of all complaints filed against him or his property. JCPH produced responsive information but did not provide the name of any complainant. Mr. McDonald then petitioned for a hearing in Jefferson County District Court case No. 2020cv80, seeking an order requiring JCPH to

2

disclose the name of the individual that complained against him. The district court denied relief for Mr. McDonald, finding that pursuant to C.R.S. § 24-72-204(2)(a)(IX), JCPH was not obligated to produce the name of the complainant in response to Mr. McDonald's CORA request. The Colorado Court of Appeals affirmed that decision in Case No. 2020CA1176. And Mr. McDonald is currently seeking review by the Colorado Supreme Court in Case No. 2022SC63.

Mr. McDonald's Motion for Mandamus is fatally flawed because: (1) this Court does not have original or ancillary jurisdiction to issue the requested writ; (2) this Court does not have jurisdiction to compel the County, a local political body, to act under state law; (3) Mr. McDonald has failed to request the writ of mandamus as a separate action, or move to add it as a cause of action in this case; and (4) JCPH is a necessary and indispensable party to Mr. McDonald's Motion for Mandamus because that is the party he seeks to compel to act, but JCPH is not a party to this action. The Court should deny the Motion for Mandamus accordingly.

## ARGUMENT

**I.   This Court does not have original or ancillary jurisdiction.**

By statute, federal district courts have general power to issue writs which may be necessary or appropriate in aid of their jurisdiction and agreeable to the usages and principles of law.[2] *See* 28 U.S.C. § 1361. However, such a writ is necessarily auxiliary or ancillary in character and fashioned to preserve jurisdiction given the court by other processes and "will not supply an independent basis for jurisdiction when such jurisdiction is otherwise absent*." Mohit v. U.S. Dep't of Homeland Sec*., 478 F. Supp. 3d 1106, 1112 (D. Colo. 2020) (quoting *Alvidrez v. Ridge*, 311 F.

---

[2] Fed. R. Civ. P. 81(b) abolished the writ of mandamus, but federal courts retain the power to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," including writs of mandamus, under 28 U.S.C. § 1651.

3

Supp. 2d 1163, 1166 (D. Kan. 2004)).

Here, Mr. McDonald is seeking a writ compelling the County to produce certain information in response to a CORA request. Such a writ cannot create an independent basis for original jurisdiction in this Court. Further, as explained in detail in the County's pending Motion to Remand [ECF No. 15], neither the County's single claim to enforce a local zoning ordinance nor Mr. McDonald's counterclaims create jurisdiction in this Court. *See Twp. of Whitehall v. Allentown Auto Auction*, 966 F. Supp. 385, 386 (E.D. Pa. 1997) (citing *Gully v. First National Bank*, 299 U.S. 109, 57 S. Ct. 96 (1936) and explaining that an action "may not be removed on the basis of a defendant's counterclaim with federal claims"). Thus, there cannot be ancillary jurisdiction to extend to the Motion for Mandamus and it should therefore be denied for lack of jurisdiction.

**II.     This Court does not have jurisdiction to issue a writ of mandamus compelling a local agency to act pursuant to state law.**

The federal mandamus statute provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of *the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). Federal courts have no jurisdiction or authority to issue mandamus directives to non-federal entities or officials in the performance of their duties. Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials. *Sockey v. Gray*, 159 F. App'x 821, 822 (10th Cir. 2005) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."); *Adkins v. Kansas Comm'n on Jud. Qualifications*, 510 F. App'x 700, 706 (10th Cir. 2013) (same).

Here, Mr. McDonald is asking the Court to issue an extraordinary writ to compel the

4

County, a local political and corporate body, to produce information pursuant to CORA, a state statute. This Court does not have jurisdiction to issue such a writ because the County is not a federal agency subject to the federal mandamus statute. For this reason, too, this Court lacks jurisdiction to consider the Motion for Mandamus.

**III.    Mr. McDonald's Motion for Mandamus is an improper attempt to pursue an independent, previously unstated cause of action in this case.**

The federal mandamus statute provides for an "action in the nature of mandamus," thereby contemplating mandamus as an independent cause of action. *See* 28 U.S.C. § 1361. "Mandamus is not available by filing a motion in an existing [action]." *Cohen v. United States*, No. 5:20-CV-219, 2021 WL 1115538, at *2 (N.D.W. Va. Mar. 2, 2021).[3]

Procedurally, Mr. McDonald's Motion for Mandamus is fatally defective. Mr. McDonald has not filed a petition for a writ as a separate civil action, nor has he moved to amend any pleading to include his request for a writ as a claim in this case. Rather, Mr. McDonald's Motion for Mandamus improperly seeks relief under an independent, previously unstated cause of action. For this reason alone, the Motion for Mandamus fails and should be denied.

**IV.    The Motion for Mandamus pertains to a necessary party not in this action.**

Federal courts have discretion to dismiss claims where necessary and indispensable parties under Fed. R. Civ. P. 19 are not participants in the action. Logically, "it is fundamental that where a mandamus action is brought to compel the performance of a ministerial duty those individuals who would be compelled to perform that duty are necessary defendants in the mandamus action." *Hammes Co. Sports Dev., Inc. v. City of Miami, Fla.*, No. 06-20363-CIV, 2006 WL 8433471, at

---

[3] All unpublished decisions cited by the County will be provided to Mr. McDonald.

\*3 (S.D. Fla. Sept. 27, 2006); *see also W. B. Fishburn Cleaners, Inc. v. Army & Air Force Exch. Serv.*, 374 F. Supp. 162, 167 (N.D. Tex. 1974) ("[O]fficers of AAFES subject to a mandamus under 28 U.S.C. § 1361 are necessary parties."); Judy Zelin, Mandamus and Prohibition § 119 (2006).

As Mr. McDonald acknowledges in his Motion for Mandamus, his previous CORA request, which remains the central issue here, sought information from JCPH. Indeed, JCPH was the party that produced information in response to Mr. McDonald's CORA request but did not provide the name of any complainant. And JCPH is the named Defendant and Appellee in the state court actions in which Mr. McDonald challenged the withholding of the names of complainants. Yet, JCPH is not a party to this action. Mr. McDonald's Motion for Mandamus is seemingly requesting that the Board of County Commissioners of the County of Jefferson provide the information he desires from his CORA request to JCPH. Put simply, Mr. McDonald's Motion for Mandamus fails to include the party he wants to be forced to take certain action—JCPH—and his failure to include that necessary and indispensable party is further grounds to deny the Motion for Mandamus.

**V.     The Motion for Mandamus should be denied pursuant to the *Younger* abstention doctrine.**

Under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, federal courts must refrain from exercising jurisdiction "when the federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) that affords an adequate opportunity to raise the federal claims." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir.1999). "Younger abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Amanatullah v. Colo. Bd. of Med.*

*Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

Here, all of the elements of *Younger* are present. The issue Mr. McDonald seeks to address through mandamus is essentially identical to the issue currently pending review by the Colorado Supreme Court in Case No. 2022SC63. That issue involves local interests because it concerns CORA—a state statutory scheme. And the Jefferson County District Court, Colorado Court of Appeals, and Colorado Supreme Court are adequate forums to address Mr. McDonald's grievance. This Court should therefore abstain from addressing the request in the Motion for Mandamus and deny the same.

**VI.     The Motion for Mandamus fails on the merits.**

To the extent the Court finds it appropriate to address the merits of Mr. McDonald's Motion for Mandamus, it should still be denied. C.R.S. § 24-72-204(2)(a)(IX) specifically allows agencies conducting civil or administrative investigations to "remove the name or other personal identifying or financial information of witnesses or targets of such closed investigations from investigative records prior to inspection," even after an investigation is concluded. The Colorado Court of Appeals has already addressed this argument and found in favor of JCPH in its December 16, 2021, ruling in Case No. 20CA1176. Mr. McDonald's request is without merit.

## CONCLUSION

For all the reasons above, the County requests that the Court deny Mr. McDonald's Motion for Writ of Mandamus.

7

Dated: April 5, 2022.    JEFFERSON COUNTY ATTORNEY'S OFFICE

*s/ Parker J. Smith*
Jason W. Soronson
Parker J. Smith
Assistant County Attorneys
100 Jefferson County Pkwy, #5500
Golden, Colorado 80419
Telephone:  303.271.8932
Fax:  303.271.8901
jsoronso@jeffco.us
psmith@jeffco.us
*Attorneys for the County*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2022, I filed the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR WRIT OF MANDAMUS [ECF. Nos. 17 and 18] AND DEFENDANT'S MEMORANDUM TO THE COURT [ECF. No. 16] via the US District Court CM/ECF System and served a true and correct copy via U.S. Mail upon the following:

Reed Kirk McDonald, *pro se*
5856 S. Lowell Blvd.
UPS/Ste 163
Littleton, Colorado 80123

*s/ Briana McCarten*