IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-389-GPG

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON, STATE OF COLORADO, a body politic and corporate,

Plaintiff and Counterclaim Defendant,

v.

REED KIRK MCDONALD,

Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff,

v.

JEREMY COHEN,
AMY REISTROFFER,
MADISON PITTS,
ALY DRESSLER, and
JOHN/JANE DOE,

Third-Party Defendants.

---

**REPLY IN SUPPORT OF MOTION TO REMAND [ECF No. 15]**

---

Plaintiff and Counterclaim Defendant Board of County Commissioners of the County of Jefferson, State of Colorado (the "County"), through counsel and pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1447(c), hereby files its Reply in Support of Motion to Remand [ECF No. 15], stating as follows:

**SUMMARY**

The County has moved to remand this case to state court because: (1) the County's Complaint asserts a single state law claim that does not create a federal question or give this Court removal jurisdiction; and (2) the defenses and federal counterclaims asserted by Defendant Reed

McDonald ("Mr. McDonald") do not confer removal jurisdiction. [*See* Motion to Remand, ECF No. 15.] Mr. McDonald's Response to Plaintiff's Motion for Remand [ECF No. 21] (the "Response") fails to contradict the valid grounds for remand stated by the County and fails to establish why remand would otherwise be improper. The briefing on this issue therefore establishes that this case should be remanded.

**ARGUMENT**

**I.      Mr. McDonald's Response fails to establish any reason this case should not be remanded.**

The far majority of Mr. McDonald's Response simply reasserts allegations concerning the merits of his counterclaims and third-party claims. The points in the Response that can be construed as arguments against remand appear to suggest that remand is improper because: (1) a decision to remand must be ultimately made by an Article III judge [Resp. ¶¶ 1-3]; (2) the County's alleged trespass and illegal search give rise to a constitutional question [*id*. ¶¶ 23, 25]; (3) jurisdiction in this Court is established if Mr. McDonald could have brought an original proceeding in federal court [*id*. ¶ 28]; and (4) the County has admitted remand is improper by filing a motion to dismiss [*id*. ¶ 32]. Mr. McDonald's arguments do not provide grounds for remand to be denied.

**a.      This case may be properly remanded by a district court judge.**

Mr. McDonald seemingly contends that the County's Motion to Remand should be denied on the basis that a magistrate judge may only recommend remand and the ultimate decision should be made by an Article III judge. [*See* Resp. ¶¶ 1-3.] However, this does not affect the merits of the County's Motion to Remand or the Court's ultimate ability to remand this case for good reason. Rather, this case can, and should, be properly remanded.

b.      **Mr. McDonald's counterclaims cannot give rise to removal jurisdiction.**

In his Response, Mr. McDonald states that the County's alleged trespass and illegal search

of his property violates the U.S. Constitution and gives rise to constitutional questions. [Resp.¶¶

23, 25, 31.] However, Mr. McDonald does not and cannot establish how constitutional questions

created only by his counterclaims could warrant removal jurisdiction to this Court. "Absent

circumstances not present here, . . . (complete-preemption doctrine), a case may not be removed

to federal court solely because of a defense or counterclaim arising under federal law." *Topeka*

*Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (citing *Holmes Group, Inc., v.*

*Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 & n. 2 (2002)). Mr. McDonald's federal

counterclaims cannot create jurisdiction in this Court and the case should be remanded

accordingly.

c.      **Federal jurisdiction is not created because a defendant could have brought an**
        **original proceeding in federal court.**

Mr. McDonald suggests "all that is required to defend this case, maintaining jurisdiction in

federal court is that Defendant could have brought an original proceeding in federal court for the

same illegal and unconstitutional conduct by [the County]." [Resp. ¶ 28.] He supports that position

by citing the unreported and unpublished matter of *Garner v. City of Loveland*, 21-cv-1035 (D.

Colo.), which, upon review of the docket report, did not deal with the issue of remand, did not

involve any dispute regarding federal jurisdiction, and in no way stands for the proposition that

federal jurisdiction exists if a defendant could have brought an original proceeding in federal court.

Indeed, as explained in the preceding section, a case cannot be removed to federal court because a

defendant's counterclaims include federal claims. *See Topeka Hous. Auth.,* 404 F.3d at 1247. Mr.

McDonald misstates the law; and any claims he could have allegedly brought in federal court

originally do not now create jurisdiction in this Court.

> **d.** **The County's filing of a motion to dismiss is not an admission of jurisdiction and cannot create jurisdiction.**

Mr. McDonald claims that "[the County] in as much admits it is improper to remand [sic] this case, as they have now filed on March 24, 2022 a new motion for dismissal." [Resp. ¶ 32.] Mr. McDonald is incorrect. The County was obligated to respond to Mr. McDonald's counterclaims because the deadline to do so was not stayed pending resolution of the Motion to Remand. *See Brooks v. Purcell*, 57 F. App'x 47, 50 (3d Cir. 2002) (stating that the plaintiff "should have understood that the proceedings were not stayed" despite a pending motion to remand). Further, an admission that remand is improper—if one existed—cannot establish federal jurisdiction. *See Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. 2005) ("[J]urisdiction cannot be conferred upon a federal court by consent…."). The County moving to dismiss Mr. McDonald's counterclaims in no way suggests remand is improper.

## CONCLUSION

This case should be remanded because the County's Complaint does not create a federal question warranting removal jurisdiction. Mr. McDonald's Response fails to provide any valid argument against that basis for remand or any grounds to otherwise refrain from remanding. Accordingly, the County respectfully requests that this action be remanded to state court.

Dated: April 12, 2022.

JEFFERSON COUNTY ATTORNEY'S OFFICE

*s/ Parker J. Smith*
Jason W. Soronson
Parker J. Smith
Assistant County Attorneys
100 Jefferson County Pkwy, #5500
Golden, Colorado 80419
Telephone:  303.271.8932
Fax:  303.271.8901
jsoronso@jeffco.us
psmith@jeffco.us
*Attorneys for the County*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2022, I filed the foregoing REPLY IS SUPPORT OF MOTION TO REMAND [ECF. No. 15] via the US District Court CM/ECF System and served a true and correct copy via U.S. Mail upon the following:

Reed Kirk McDonald, *pro se*
5856 S. Lowell Blvd.
UPS/Ste 163
Littleton, Colorado 80123

*s/ Briana McCarten*
