**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
4/18/2022
**JEFFREY P. COLWELL, CLERK**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Action No.   22cv389**

**Plaintiff/Cross-Complainant Defendant,**
Jefferson County, Colorado/Board of County Commissioners in their official and individual capacities.

**Cross/Complaint Defendant**
Jefferson County, Colorado a quasimunicipal corporation and political subdivision of the State of Colorado;

**Cross/Complaint Defendant**
Jeremy Cohen in his individual capacity/and his capacity as Supervisor for Jefferson County, Colorado, Planning and Zoning;

**Cross/Complaint Defendant**
Amy Reistroffer in her individual capacity/and her capacity as employee for Jefferson County, Colorado Planning and Zoning

**Cross/Complaint Defendant**
Madison Pitts in her in her individual capacity/her capacity as employee for Jefferson County, Colorado Public Health.

**Cross/Complaint Defendant**
Aly Dressler in her individual capacity/her capacity as employee for Jefferson County, Colorado Public Health.

**Cross/Complaint Defendant**
John/Jane doe who have file false public complaints against the Colorado farm knowns as the Vine Ranch Farm,
                                                       **v.**

**Defendant; Cross/Complaint Plaintiff**
Reed McDonald
(aka) The Vine Ranch Farm

---

## DEFENDANT'S RESPONSE TO (SIC)
## PLAINTIFF'S MOTION TO DISMISS
## DEFENDANT'S CROSS COMPLAINT

---

Reed K. McDonald
Pro se Counsel of Record
5856 S. Lowell Blvd.
UPS/Ste 163
Littleton, Colorado 80123
720-589-3160
kirkmcdonald56@gmail.com

## INTRODUCTION

The Court is yet to assign an Article III judge to the case. Therefore, the Defendant in his response is not aware of any page limitation or other restriction concerning this response.

Jeffco's counsel continues to use false representations in their briefs against this *pro se* Defendant. The latest false representation is that Jefferson County, Colorado has not been served. See **Jeffco's note 1**. This is because this Court has not ruled upon Defendant's IFP motion. Defendant has already discussed service with the United States Marshal's service from this Court's clerk of court. Of course, as provided in 10th circuit precedent, a magistrate judge cannot make decisions regarding Defendant's IFP status. More importantly, Jeffco refuses to name the individual[s] who are swatting the Vine Ranch Farm operation to willfully impede this civil action.

Second, Jeffco's counsel falsely states, Jeffco has not been named in the federal case correctly, citing Colorado law in error. This is federal case for violation of the Defendant's constitutional rights. As in *McDonald v. Wise*, 769 F.3d 1202, ($10^{th}$Cir.2014), because Defendant is suing the government entity, it is not necessary to name the BOCC in the lawsuit (FYI, both the BOCC and Jeffco County are named in the Lawsuit-**Exhibit 1**) because official capacity suits are simply "another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

2

Suits against government officials in their individual capacities are governed by 42 U.S.C. § 1983, which imposes civil liability on a person acting under the color of the law causing a deprivation of another's constitutional right.

In this case, both the BOCC and the Cross-Complaint Defendant's knew they were employees of a Colorado government entity and clearly knew they trespassed Defendant's gated private road and private property thereafter conducting an unreasonable search of the Defendant's property because Defendant's gate is clearly marked "no trespass" and "private property." **Exhibit 2**.

The Defendant has not yet filed an answer to the county's fraud complaint because it is moot and because this Court has not yet recognized this case. Although it has been removed. See **Jeffco note 3**.

Jeffco, also makes the false claim they do not know the names of the public individuals who filed numerous false complaints (swatting) the Defendant's farm operation. This is another false representation, Jeffco in violation of Colorado law, Colorado Open Records Act and the 6th Amendment concealed the names of individuals who have filed the false complaints because this caused Jeffco's unconstitutional conduct; simply concealment of a coconspirator. See **Jeffco note 4**.

### I. DISMISS STANDARD

"[W]henever a plaintiff states an *arguable* claim for relief, dismissal is improper, even if the legal basis underlying the claim ultimately proves incorrect." *McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir.1991) (emphasis in original) (citing *Neitzke,* 490 U.S. at 328, 109 S.Ct. at 1833). "Examples of claims based on inarguable legal theories include those against which the

defendants are undeniably immune from suit and those alleging an infringement of a legal interest that clearly does not exist." *Neitzke v. Williams,* 490 U.S. 319 (1989).

"A court reviewing the sufficiency of a complaint presumes that all of the (Defendant's) Cross-Complaint Plaintiff's factual allegations are true and construes them in the light most favorable to the Cross-Complaint Plaintiff." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Meade,* 841 F.2d at 1526; *Morgan v. City of Rawlins,* 792 F.2d 975, 978 (10th Cir.1986).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Gillihan v. Shillinger,* 872 F.2d 935, 938 (10th Cir.1989). "We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir.1991).

The *Haines* rule applies to all proceedings involving a pro se litigant, including motions for dismissal and summary judgment proceedings. *See, e.g., Reed,* 893 F.2d at 286 (liberally construing pleadings dismissed under § 1915(d)); *Overton v. United States,* 925 F.2d 1282 (10th Cir.1990) (liberally construing pro se pleadings in review of summary judgment). In addition, pro se litigants are to be given reasonable opportunity to remedy defects in their pleadings. *See, e.g., Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir.1990); *Jaxon v. Circle K Corp.,* 773 F.2d 1138, 1140 (10th Cir.1985); *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir.1991).

""pro se pleadings are "to be liberally construed," and "a pro se complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"" _King v. Ramirez,_ civil case #3:17-cv-2983-M-BK (2017); "On ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true" _Smith v. Board of County Commissioners of Chaves_, Dist. of New Mexico civil case #09-026 LH/DJS (2010); **"Specific facts are not necessary; the statement need only `give the defendant fair notice of what the... claim is and the grounds upon which it rests"** _Meyer v. Degan_ civil case #8:08cv231, Dist. of Nebraska (2009); ""The Court is obliged to give Plaintiff's pro se allegations, " `however in artfully pleaded,' "a liberal construction"" _Solesby-Funmaker   v. Hautamaki_, Dist of Wisconsin civil case #18-cv-1205-JPS (2018).

I remind the Court; federal lower courts had been confused by SCOTUS's decision in _Iqbal_ and _Twombly_. The Supreme Court of the United States reversed the 10th Circuit's and the district's decision for dismissal, and explained and clarified its previous opinion regarding pro se pleadings. In _Erickson v. Pardus,_ 551 U.S. 89 (2007) the district's opinion was reversed. See also ((_Daniel W. Robertson: In Defense of Plausibility: Ashcroft v. Iqbal and What the Plausibility Standard Really Means_, 38 Pepp. L. Rev. Iss. 1 (2011)). ==**Exhibit 3.**==

A month after _Twombly,_ in _Erickson v. Pardus,_ 551 U.S. 89 (2007) the Supreme Court of the United States vacated a dismissal by the 10th Circuit in _Erickson_. The Tenth Circuit attempted to apply what it thought was the _Twombly_ standard, determined that the plaintiff's allegations were "conclusory," and affirmed the dismissal on that basis.

In response, the Supreme Court reversed that decision, declaring that "it was error for the 10th Circuit Court of Appeals to conclude that the allegations in question…were too conclusory…." the _per curiam_ opinion described the Tenth Circuit's holding as one that "departs

in [a]…stark…manner from the pleading standard mandated by the Federal Rules of Civil Procedure…." The Supreme Court cited only two rules in their reversal of the 10th Circuit's opinion, both from *Twombly,* the Supreme Court stated the following in overturning the districts opinion:

> **Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp.* v. *Twombly*, 550 U. S., (2007) (slip op., at 7–8) (quoting *Conley* v. *Gibson*, 355 U. S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp., supra*, at (slip op., at 8–9) (citing *Swierkiewicz* v. *Sorema N. A.*, 534 U. S. 506, 508, n. 1 (2002); *Neitzke* v. *Williams*, 490 U. S. 319, 327 (1989); *Scheuer* v. *Rhodes*, 416 U. S. 232, 236 (1974)).**
>
> **The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed *pro se* is "to be liberally construed," *Estelle*, 429 U. S., at 106, and "a *pro se* complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid.* (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").**

Jeffco asks this Court to dismiss Defendant's Cross-Complaint without providing a single piece of evidence, testimony, and or affidavit in support of their fraudulent and unsupported argument. Moreover, Jeffco asks this Court to overrule the Supreme Court of the United States and its precedent in *Camara* and *See*; a futile and mislead argument at best.

In this case the "conclusory" statements are made by the Jeffco. Jeffco's counsel attempts to testify himself without personal knowledge of the material facts of this case. Thus, Jeffco's entire motion to dismiss is innuendo and speculation. In fact, Jeffco's counsel Mr. Soronson's argument is made-up out of whole cloth speculating on Jeffco's trespass was in a residential neighborhood or an open filed, where seemingly Jeffco government employees are allowed to

trespass and conduct search without warrant; an opinion that conflicts with SCOTUS in *Camara* and *See*.

Jeffco and their counsel Mr. Soronson fails to support his invented argument without a single piece of evidence or affidavit as the subject farm and Jeffco's trespass occurred in an agricultural district not a residential district and Jeffco's unreasonable search and trespass occurred within the curtilage area of the Defendants private property.

Jeffco in their argument admits, employees from Jeffco Environmental Health; Jeffco Planning; and Jeffco Zoning have all trespassed Defendant's gated private road at different times without warrant to surveil and conduct unreasonable searches of the Defendant's private property because of false public complaints designed to harass Defendant's farm operation. See Colorado Supreme Court case #2022sc63. **Exhibit 4**.

The Defendant/Cross-Complaint Plaintiff has clearly put Cross-Complaint Defendants on notice regarding the claims at issue per SCOTUS decision. *Erickson v. Pardus*, 551 U.S. 89 (2007). In this case, the Cross-Complaint Defendants are well aware their acts in violation of the Constitution were based upon false public complaints that were willfully designed to harass the subject farm operation.

Defendant's farm, subject to the false complaints is an active construction site which was and is permitted by Jefferson County's Building Department to construct a series of greenhouses and Walipini's. See enclosed permit for the construction of greenhouses on the Plaintiff's farm issued on June 7, 2021. **Exhibit 5**. Jeffco seems to have failed to do even a cursory review of the subject farm's permits issued by their own institution before they trespassing Defendant's gated private road and property to conduct an illegal and unreasonable search without warrant. See

Defendant's clearly labeled gated private road trespassed by Cross-Complaint Defendants. **Exhibit** 2.

## II. JEFFCO'S USE OF UNPUBLISHED OPINIONS

Plaintiff's counsel in their motion to dismiss relies on unpublished opinions from other jurisdictions which are without precedent. In the context of federal appellate opinions, the term "unpublished" is synonymous with "non-precedential" (see *Federal Rule of Appellate Procedure (FRAP) 32.1*; *2006 Advisory Committee Notes to FRAP 32.1*). Before the advent of the internet and electronic legal databases, unpublished opinions were not readily available, because they were not physically published. However, federal appellate opinions are now accessible online, even if deemed unpublished by the issuing circuit court. ***Just because they have access does not mean they are valid***.

It would appear, Jeffco's is attempting to give this Court by its use of unpublished decision an impossible and illegal reason to dismiss this *pro se's* Cross-Complaint, as the 10th Circuit and SCOTUS precedent do not support their opinion. Thus, the supplied conclusions from other jurisdictions, are not in alignment with the 10th Circuit Court of Appeals or the Supreme Court of the United States; if this Court would consider these unpublished results clearly its superior court would reverse that decision in violation of the Constitution.

On the other hand, Defendant's/Cross-Complaint Plaintiff's argument utilizes published opinions of not only the Supreme Court of the United States, this county's highest court, but also that of United States 10th Circuit Court of Appeals, and Colorado Supreme Court, Colorado's highest court.

Confusion has arisen between the binding effect of federal appellate and district court decisions. The Court should remember that, unlike appellate opinions, district court opinions are

not precedential (see *Nat'l Union Fire Ins. Co. v. Allfirst Bank, 282 F. Supp. 2d 339, 351 (D. Md. 2003)* ("Of course, no decision of a district court judge is technically binding on another district court judge, even within the same district.")). In that sense, all district court opinions are "unpublished," even though they are readily available online.

Under FRAP 32.1(a), attorneys practicing in any court may freely cite to a federal judicial opinion or other written disposition that has been designated by the issuing court as "unpublished," "not for publication," "non-precedential," "not precedent" or the like if the opinion was issued on or after January 1, 2007. Before this rule was enacted, circuit court rules restricted or even prohibited the citation of unpublished opinions in court filings (see *2006 Advisory Committee Notes to FRAP 32.1(a)*).

Because FRAP 32.1(a) applies only to unpublished opinions issued on or after January 1, 2007, courts are still permitted to prohibit or restrict the citation of unpublished opinions issued before that date. Attorneys who wish to cite to an unpublished opinion issued before that date should consult both the rules of the circuit court that issued the opinion and the rules of the circuit court in which the attorney is litigating, because the relevant rules vary among the courts. (See *2006 Advisory Committee Notes to FRAP 32.1(a)* ("The citation of unpublished opinions issued before January 1, 2007, will continue to be governed by the local rules of the circuits.").)

Lastly, Jeffco uses statements by other circuit courts which hold no precedent over decisions by this Court. The reason Jeffco uses other court choices is because SCTOUS and 10th Circuit do not support Jeffco's conclusions.

### III. JEFFCO'S FALSE AND MISLEADING STATEMENTS TO THIS COURT

Jeffco falsely states in their "Background" this case is about a zoning violation; it is not. Cleary, first and foremost this case is about Jeffco's unconstitutional activities of trespass, illegal

surveillance, and Jeffco's numerous unreasonable searches of Defendant's private property, that have occurred not just once but multiple times without warrant during 2017, 2018, 2019, 2020, 2021, and 2022. Jeffco has been warned numerous times by the Defendant to halt their unconstitutional activities; Jeffco has refused to halt their unconstitutional activities.

Jeffco, and its numerous employees named as Cross-Complaint Defendants in this federal case have irrefutable stated, they do not have to obey the Constitution because they work for a government entity.

In addition, this case is about Jeffco's harassment by and through the abuse of their government powers therein filing a fraudulent complaint in state court which has been fabricated to intimidate this whistleblower regarding Jeffco's tax fraud scheme. It is beyond refute; Jeffco has trespassed Defendant's gated private road numerous times illegally surveilling and conducting unreasonable searches without warrant on Defendant's private property.

Jeffco's does not recognize farm/ranch as such, and claims these farms and ranches are vacant property to thereafter illegally and unreasonably search and increase the farmers tax burden six (6) fold, in violation of the equal protection under law clause of the Constitution.

Jeffco in their motion to dismiss cites a case on appeal (2021cv182) which is intertwined with the Colorado Supreme Court's review of the judge's misconduct and violation of Colorado law and the Constitution; see Colorado Supreme Court case #2022sc63.

In case 2021cv182 the sitting judge refused to obey Colorado law, refusing to conduct a property tax hearing in violation of Colorado law C.R.S. 39-1-101 *et seq*., regarding Jeffco's illegal and unconstitutional conduct and Jeffco's tax fraud scheme. Moreover, that same judge refused to halt Jeffco's trespass, illegal surveillance and unreasonable searches of the Defendant's farm without warrant.

Subsequently, Jeffco's unconstitutional conduct of trespass, illegal surveillance and unreasonable search was initiated by numerous individual[s] filing false public complaints (Swatting) Defendant's farm. These false complaints were filed by neighbors to intentionally harass and impede Defendant's approved farm projects by the Colorado Department of Agricultural which have been recognized by the United States Department of Agricultural (USDA).

Swatting is a criminal harassment tactic, deceiving a city/county government into sending police, emergency service or county response team to another person's address. See C.R.S. §18-8-111.

In violation of the Constitution's 6th Amendment, Jeffco conceals the identity of the neighbors filing numerous false complaints, swatting the Defendant's farm operation; a violation of Colorado law C.R.S. §35-3.5-102 and C.R.S. §18-8-111.

Jeffco claims the County's case is not a criminal proceeding; this is simply false. As in *Camara,* Defendant can be arrested, incarcerated and fined. In fact, Jeffco hopes to incarcerate this Defendant fining him, therein taking his private property, the agricultural farm; an unconstitutional process.

### IV. COLORADO'S HIGHEST COURT DECIDING JEFFCO'S UNCONSTITUTIONAL CONDUCT

The Colorado Supreme Court is currently reviewing Jeffco's trespass, illegal surveillance and the unreasonable search of Defendants property without warrant and Jeffco's refusal to release names of individuals who file false complaints swatting the Vine Ranch Farm operation in violation of Colorado C.R.S. §35-3.5-102 and the following precedent in Case # 2022sc63. *Hoffman v. People*, 780 P.2d 471 (Colo.1989); *Hoery v. United States of America*, 64 P.3d 214 (Colo.2003); *Miller v. Carnation Company*, 516 P.2d 661 (Colo.App.1973) and Supreme Court

of the United States decisions in _Camara v. City of San Francisco,_ 387 U.S. 523 (1967) and _See v. City of Seattle,_ 387 U.S. 523 (1967).

In addition, this dispute arises from Colorado, Jefferson County's (Jeffco) violation of Petitioner's 4th, 6th, and 14 Amendment rights after a series of concealed false nuisance complaints were filed to obstruct and harass the subject farm operation by members of the public in violation of C.R.S. §35-3.5-102 and C.R.S. §18-8-111.

Moreover, this case concerns the constitutional conflict between two State Statutes C.R.S. § 35-3.5-102 and C.R.S. §24-72-204(1)(2)(3), regarding concealment of individuals who file false complaints to harass farm/ranch operations in violation of the 6th Amendment of the Constitution, Colorado's Open Records Act, (CORA) C.R.S. §24-72-201 to 206, which provides all public records shall be open for inspection by any person at reasonable times. Jeffco in violation of CORA refuses to release names of individuals who file false reports and refuses to allow this Defendant to face his false accuser. **Exhibit 6**.

## V. ELEMENTS OF THIS CASE ARE COMPLEX, & INTERTWINED

I will try to explain this case as simply as possible because it is complex. Jeffco since 2017 has refused to grant agricultural tax status to the Defendant's agricultural farm although the Defendant has complied with every Jeffco Accessor's request; Jeffco currently owes the Defendant a tax refund around $8,000. Jeffco in error relies on a twenty-year old decision in _Welby Gardens v. Adams County Bd. of Equalization,_ 71 P.3d 992 (Colo.2003). In _Welby,_ the gardens admitted they did not use the productivity of the land in their farm operation. Thus, they were denied agricultural tax classification. The Vine Ranch Farm, Defendant's farm **uses** the productivity of the land to produce its product. Thus, agricultural tax clarification is warranted. Jeffco clearly aware of these differences refuses to grant agricultural tax status to the Vine Ranch

Farm because of the reduced tax assessment; a violation of Colorado tax law and the equal protection clause of the Constitution.

Defendant's farm uses soils from the subject farm to grow agricultural product. Second, the land of the subject farm is located at an elevation of 8,500 feet, this provides better solar exposure and higher temperatures because lower elevations in Denver metro are subject cold temperature inversion. Fourth, the Walipini's are placed eight (8) feet underground to use the stable temperature of the earth's core. Four feet underground the earth temperature is a constant 45-50 degrees. Fifth, the location of the greenhouses depends on the south facing orientation and solar exposure. Therein, providing enhanced growth. Sixth. The Walipni's enable the Defendant famer to grow fresh produce all year long even in the middle of winter. See BYU's examination of how Walppini's work with the productivity of the land. **Exhibit 13**.

**What constitutes private road:**

During 2017, 2018, 2019, 2020, 2021, and 2022 Jeffco has trespassed the Defendant's gated private road and property after public false complaint. Based on these false second-hand complaints Jeffco trespassed Defendant's gated private road and drove on the farms private road to surveil and conduct unreasonable searches and seizures of the Defendant's property based upon these fraudulent complaints. The Colorado's Supreme Court has weighed in with precedent on what constitutes a private and or public road in *Curtis v. Lawley*, 346 P.2d 579 (1959). Since 1959 Colorado law has defined the difference between private and public roads. See Colorado Supreme Court's decision *Curtis v. Lawley*, 346 P.2d 579 (1959) where the court ruled

**A public road is defined as:**

"(a) the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel; or (b) the entire width of every way declared to be a public highway by any law of this state." C.R.S. '53, 13-1-1(20).

**A private roadway is defined as:**

> "every road or driveway not open to the use of the public for purposes of vehicular travel." C.R.S. '53, 13-1-1(21)

Clearly as a matter of Colorado law and Colorado Supreme Court precedent, Defendant's gated private road is just that; a private road. Additionally, the Colorado Supreme Court and the Colorado Court of Appeals has always upheld a person[s] right to privacy. See, _People v Harfman_, 555 P.2d 187 (Colo.App.1976):

> "The constitutional prohibitions against unreasonable searches and seizures protect those who have a reasonable expectation of privacy. _People v. Gallegos_, 179 Colo. 211, 499 P.2d 315; _Zamora v. People_, 175 Colo. 340, 487 P.2d 1116. _See also Katz v. United States_, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. One who entertains an expectation of privacy that society is prepared to recognize as reasonable is fully protected from governmental intrusions which do not comport with that expectation, even though no actual physical trespass occurs. _Katz v. United States, supra_; _People v. Becker_, Colo., 533 P.2d 494. Thus, a visual observation which infringes upon a person's reasonable expectation of privacy constitutes a search. _People v. Triggs_, 8 Cal.3d 884, 106 Cal.Rptr. 408, 506 P.2d 232. _See also People v. Boorem_, 184 Colo. 233, 519 P.2d 939."

Individual departments of Jefferson County, Colorado do not discuss or communicate with each other prior to surveilling, trespassing, and conducting unreasonable searches based upon a county-wide policy. Thus, policy decisions from different departments do not interface correctly and result in constitutional violations from Jeffco's willfully conduct.

It is irrefutable, that Jeffco without notice to Defendant and without warrant trespassed the subject farm's gated property, driving miles to The Vine Ranch's location on private road. The Vine Ranch's location, can only be accessed via private road. Thus, encroachment of the gated property constitutes trespass. "A trespass is any entry upon the real estate of another without the invitation or permission of the person lawfully entitled to possession of the real estate." _CJI-Civ.2d._ 18:1 (1980); _United States v. Osterlund_, 505 F.Supp. 165 (D.Colo.1981),

*aff'd,* 671 F.2d 1267 (10th Cir.1982); *see* Restatement (Second) of Torts, §§ 158-159 (1965).

*Plotkin v. Club Valencia Condominium Ass'n,* 717 P.2d 1027 (Colo.App.1986).

Because Jeffco accessor's office has refused to grant the Vine Ranch Farm, agricultural tax status, Jeffco's claims that the subject farm is "vacant property." Based upon the accessor's claiming the subject farm is vacant property, Jeffco Zoning has ordered the Defendant to remove any and all farm equipment from the agricultural zoned farm property where the Defendant farms. Jeffco's acts are in violation of the Constitution; and Colorado law, C.R.S.§39-1-102(1.3) and (I)(A); Colorado tax law.

Moreover, as a result of Jeffco's classifying Defendant's agricultural property as vacant property, Jeffco Zoning has trespassed Defendant's private gated property and road, surveilling and conducting numerous unreasonable searches of the subject farm property from 2017, 2018; 2019; 2020, 2021 and 2022. Defendant has informed Jeffco repedatly they are violating his constitutional rights.

In response to this and other Jeffco's unconstitutional conduct, Jeffco has filed a fraudulent criminal complaint against this Defendant claiming in excess of $10,000 dollars in fines for violations of vacant property, leading to possible incarceration and the theft of the agricultural property. See *Camara v. City of San Francisco,* 387 U.S. 523 (1967) & *See v. City of Seattle,* 387 U.S. 523 (1967). SCOTUS has made clear an arrest of an individual refusing to allow a government agency to conduct search without warrant is a violation of the Constitution.

As discussed with the Jeffco accessor's office, they are unaware how Jeffco Zoning treats owners of agricultural property who are actually farming. Just because Jeffco's assessor's office refuses to recognize the Defendant's farm as agricultural for tax purpose, does not mean farming is not in process on the subject property. Jeffco is well aware it has issued permits for numerous

greenhouses, Walipini's and recognizes the subject property as a registered farm with remote water rights. See Jeffco mandated Defendant post notice of outside water rights in clerk and recorder's office for Jefferson County, Colorado. See, also *Welby Gardens v, Adams County Board of Equalization*, 71 P.3d 992 (2003) and **Exhibits 7 & 10**.

As an example, as stated above, Jeffco ordered this Defendant to remove his agricultural, storage facility, cultivation equipment, and farm equipment from the so-called "vacant property" although the subject farm is classified by the State of Colorado, Colorado's Department of Taxation and United States Department of Agricultural as a farm. This is why Jeffco refuses to discuss what and why they are criminally prosecuting this Defendant in State court; Jeffco is well aware it has filed a willfully fraudulent criminal complaint against this Defendant to harasses him for exposing Jeffco's tax fraud scheme.

More recently, the Defendant has had problems with Jeffco's Department of Environment Health. Defendant held a septic permit to construct a septic field for a structure containing 4 bedrooms. Three (3) bedrooms in the main structure and one (1) bedroom in an Attached Dwelling Unit (ADU).

Because the Defendant's neighbors in violation of Colorado law C.R.S. §35-3.5-102 continue to harness the subject farm operation, Defendant fearing the occupant of the ADU would be subject to this same mistreatment and unlawful conduct. Defendant asked Jeffco Planning to allow a new location for the ADU, a few hundred feet away from farm structures, still on the Defendant's acreage; since 2020 Jeffco has refused to answer this question. **Exhibit 8**.

Because the Defendant was unable to get an answer from Jeffco Planning he redesigned the septic system on his own to accommodate the proposed relocation of the ADU. Thereafter,

Jeffco Environmental Health mandated the new design for the ADU must now be planned for six (6) bedrooms although there are still only 4 bedrooms to be constructed. ADU's under current Jeffco guidelines cannot exceed 1200 sq. ft; the average size of a single room apartment in Denver, Colorado.

Jeffco's Environmental Health's mandate that the septic filed must be sized for 6 bedrooms, although only four (4) bedrooms are constructed is arbitrary and capricious. This has substantially increased the cost of the septic system two-fold, doubling the cost. In addition, Jeffco Planning still refuses to answer any question regarding relocation of the ADU for the past two years.

Defendant is also a member of Jeffco's Environmental Health's water well test program. During 2019 Defendant discovered about a dozen mice had climbed into his well thinking it was a good place to overwinter; the mice fell to their death. I asked Jeffco as a member of their well program if they would test my well for containments. Since 2020 Jeffco have refused to help me test my well because their employee dropped the ball; this is the usual treatment for a citizen for Jefferson County, Colorado.

## VI. JEFFCO PUT ON NOTICE OF THEIR VIOLATIONS

Jeffco knowingly and willfully trespassed Petitioner's private gated road on or about, august of 2017; July of 2018; June of 2019; May of 2020; and again, during August of 2021; and again, during September of 2022. Jeffco admits its government employees trespassed Defendant's gated private road based on public false complaint. Jeffco's employee then drove on Defendant's private road to site of the subject farm. Jeffco warned of their unconstitutional conduct stated during hearing they were allowed to violate the Defendant's rights secured under the United States and Colorado Constitutions because they were a governmental agency. Simply, Jeffco refuses to adhere to the Constitution and rulings of the Supreme Court of the United States

in *Camara v. City of San Francisco*, 387 U.S. 523 (1967) and *See v. City of Seattle*, 387 U.S. 523 (1967).

The Supreme Court of the United States (SCOTUS) reversed the City of San Francisco's and City of Seattle's opinion in *Camara* and *See* during 1967 in, 387 U.S. 541 (1967), the Supreme Court adjudged the following:

1. The Fourth Amendment bars prosecution of a person who has refused to permit a warrantless code enforcement inspection of his property. *Frank v. Maryland*, *pro tanto* overruled. Pp. 387 U. S. 528-534.

(a) The basic purpose of the Fourth Amendment, which is enforceable against the States through the Fourteenth, through its prohibition of "unreasonable" searches and seizures is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials. P. 387 U. S. 528.

(b) With certain carefully defined exceptions, an unconsented warrantless search of private property is "unreasonable." Pp. 387 U. S. 528.

Moreover, Colorado's General Assembly passed legislation/law against the public's harassment of community farms designed to impede farming operations during 1981. See, C.R.S. §35-3.5-102 which provides the following:

C.R.S. §35-3.5-102(1)(a) Except as provided in this section, an agricultural operation shall not be found to be a public or private nuisance if the agricultural operation alleged to be a nuisance employs methods or practices that are commonly or reasonably associated with agricultural production.

The Colorado Supreme Court has defined trespass as; "trespass is any entry upon the real estate of another without the invitation or permission of the person lawfully entitled to possession of the real estate." *CJI-Civ.2d.* 18:1 (1980); *United States v. Osterlund,* 505 F.Supp. 165 (D.Colo.1981), *aff'd,* 671 F.2d 1267 (10th Cir.1982); *see* Restatement (Second) of Torts, §§ 158-159 (1965) and *Plotkin v. Club Valencia Condominium Ass'n,* 717 P.2d 1027 (Colo.App.1986).

## VII. JEFFERSON COUNTY'S UNSUBSTANTIATED MOTION

Jeffco's motion to dismiss is made of willful speculation, innuendo, and unsubstantiated statements made by Jeffco counsel who has no first-hand knowledge of any facts of the case. Jeffco's false statements reach well beyond their right to defend themselves without foundation and or substantiation as they are argued by a member of this Court without first hand knowledge. Never have I seen so many numerous false statements in a legal brief composed by a representative counsel of the Colorado Bar in an effort to dismiss a rightful and lawful case.

Attorneys representing a party cannot act as counsel and witness, and therefore must support statements in their briefs, or as in this case, their motion to dismiss the Cross-Complaint, especially in a motion to dismiss. Under ABA Rule 3.7 the American Bar Association clearly provides combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client. Under ABA Rule 3.7(2).

> **"The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof."**

Simply, Jeffco's motion to dismiss Defendant's Cross-Complaint is a fabrication out of whole cloth, which is unsupported, without any foundation and therefore must be summarily denied.

What's clear and irrefutable is Jeffco's government employees have trespassed Petitioner's gated private road numerous times. Jeffco has a county-wide policy of allowing the trespassing gated private property and conducting search without warrant. Jeffco's unconstitutional acts of trespass, illegal surveillance, unreasonable search and seizure initiated by

public false complaints remains unaddressed by the lower-court. Moreover, Jeffco's refusal to release the identities of the public filling the numerous false complaint who caused Jeffco to violate Defendant's civil rights have been concealed in violation of the 6th Amendment.

## VIII. FOURTH AMENDMENT PROTECTS CITIZENS

The Fourth Amendment protects citizens "against unreasonable searches and seizures." U.S. Const., amend. IV. 2 "What is reasonable depends upon all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself." _United States v. Montoya de Hernandez_, 473 U.S. 531, 537 (1985). There is a presumptive requirement that searches or seizures be carried out pursuant to a warrant. See _Katz v. United States_, 389 U.S. 347, 357 (1967) ("[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions."). Evidence obtained during the course of an unreasonable search and seizure can be suppressed and not admitted at trial. See _Wong Sun v. United States_, 371 U.S. 471, 485-86 (1963) (exclusionary rule requires suppression of any evidence which is either the direct or indirect product of illegal police conduct).

## IX. RESPONSE JEFFERSON COUNTY FALSE CLAIMS

Jeffco failed to cite any circuit law for its dismissal, but evokes _Monell v. Dept of Soc. Service of N.Y._, 436 U.S. 658 (1978) where the City of New York was sued in its official capacity. In _Monell_ the United States Supreme Court overruled its prior decision in _Monroe v. Pape_ holding that a local government is a "person" subject to suit under Section 1983 of Title 42 of the United States Code: Civil action for deprivation of rights.

In addition, local governments, like every other § 1983 "person," may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such custom

has not received formal approval through the government's official decision-making channels. Pp. <u>436 U. S. 690</u>-691.

The Defendant has already provided the Court with Jeffco's pattern of unconstitutional activities during 2017, 2018, 2019, 2020, 2021, and 2022 in his Cross-Complaint provides the same set of facts as here.

Cross-Complaint Defendants, Amy Reistroffer, Madison Pitts, Jeremy Cohen, Aly Dressler (Jeffco Cross-Complaint Defendants) admit they trespassed the subject farm's private road at different times after they were warned against trespass, with clearly labeled signage on Defendant's gated private road. They knew if they proceeded past the gated entrance, they would be trespassing private property. Thus, there is no dispute the Jeffco Defendants knew they were trespassing the farm's private gated road. **Exhibit 2**.

In this case Jeffco claims they are entitled to qualified immunity. They claim they held no understanding of a person's rights secured under Constitution for a right to privacy, for illegal search and or for trespass. Moreover, they claim they were not aware of Colorado statutory provisions for a "persons' right to privacy, trespass and illegal search under the rights secured under the United States Constitution, Colorado's Constitution and or Colorado law. Finally, both Jeffco Defendants claim they can't read the NO TRESPASS and Private Property signage on Defendant's gate. **Exhibit 2**.

As provided in Defendant's trespass warning on his gated private road and property, it was clearly established the Jeffco's employees would be trespassing Defendant's private road if they transgressed the gate. Thus, Jeffco were reasonable warned they would be trespassing if they transgressed Defendant's gated property.

The Supreme Court of the United States has long standing law regarding **Individual Capacity:** A §1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory/county liability." *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011). "Personal liability `under § 1983 must be based on personal involvement in the alleged constitutional violation.'" *Brown v. Montoya*, 662 F.3d at 1163 (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)). Clearly, Jeffco and its employees admit they were personally involved in the trespass and search of Defendant's private property without warrant.

As a matter of material fact, all of the Cross-Complaint Defendants individually trespassed Defendant's gated private road and proceeded to the subject farm location to conduct an illegal search and seizure of Defendant's private property and its structures without warrant or any court order in violation of provision of the Constitution. All Cross-Complaint Defendants are employees of Jefferson County, Colorado. Counties have a constitutional responsibility to protect people within their boundaries from Constitutional violations.

The Constitution did not prevent the Cross-Complaint Defendants from obtaining a legal right to trespass via a court order. Instead, Jeffco and its employees choose to trespass and conducted an illegal search of the Defendant's private property without warrant.

The United States Supreme Court overruled its prior decision in *Will v. Michigan Dept. of State Police*, during 1991. The court now holding "[W]e reject this reading of *Will* and hold that state officials sued in their individual capacities are "persons" for purposes of § 1983. Personal-capacity suits, seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, "[o]n the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.,* at 166.

"Through § 1983, Congress sought "to give a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position." _Monroe_ v. _Pape_, 365 U. S. 167, 172 (1961). Accordingly, it authorized suits to redress deprivations of civil rights by persons acting "under color of any [state] statute, ordinance, regulation, custom, or usage." 42 U. S. C. § 1983. The requirement of action under color of state law means that _Hafer_ may be liable for 28*28 discharging respondents precisely because of her authority as auditor general. We cannot accept the novel proposition that this same official authority insulates _Hafer_ from suit. _Hafer v. Melo_, 502 U.S. 21, (1991).

The Supreme Court of the United States was asked in _Monell v. Department of Social Services of the City of New York_, 436 U.S. 658 (1978), if sued in their official capacity, are local government officials and organizations such as a school board considered "persons" for the purpose of liability for back wages? The conclusion of the Supreme Court was "YES."

SCOTUS overruled their previous decision in _Monroe v. Pope_ and ruled afresh in a 7-2 majority, the court ruling, legislative history of the Civil Rights Act of 1871, and specifically the Sherman Amendment, indicated municipalities could be liable for the infringement of constitutional rights. Additionally, by 1871 there was a clear legislative and precedent-based history for municipal corporations — such as a school board — to be considered a "person" for the purpose of lawsuits and liability.

Jeffco obstructs this Defendant from serving members of the public that filed numerous false complaints because it conceals their identity. Therein, preventing examination of the Jeffco Cross-Complaint John Doe Defendant[s] under oath during oral deposition to as whether, the Jeffco employee's acts in violation of the Constitution and Colorado law and were approved by their supervisor or were a standing county policy, because a defendant's supervisor under §

1983's "personal-involvement requirement does not mean that direct participation is necessary." *Pahls v. Thomas*, 718 F.3d at 1225 (10th Cir. 2013). To prevail on a §1983 claim against a defendant-supervisor, a plaintiff need only establish "an `affirmative link' between the supervisor and the constitutional violation." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013)(citing *Dodds v. Richardson*, 614 F.3d at 1195 (10th Cir. 2010).

It's crystal clear on its face, Jeffco has a standing policy of allowing its employees to violate the Constitution as exhibited by their illegal conduct against this Defendant. Evidence in the record and in Defendant's Cross-Complaint clearly establishes that all, Jeffco Cross-Complaint Defendants trespassed gated private road which contained cautionary signage for illegal trespass to the public therein halting any illegal conduct.

Ultimately, the United Sates Supreme Court has ruled and maintains to this day:

""" We hold that state officials, sued in their individual capacities, are "persons" within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the "official" nature of their acts."" *Hafer v. Melo*, 502 U.S. 21 (1991)

**Supervisor/County Capacity**:

A county and its supervisor under § 1983's "personal-involvement" requirement does not mean direct participation is necessary." *Pahls v. Thomas*, 718 F.3d at 1225 (10th Cir.2013). To prevail on a §1983 claim against a county and or a supervisor, a plaintiff need only establish "an `affirmative link' between the supervisor and the constitutional violation." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013)(citing *Dodds v. Richardson*, 614 F.3d at 1195).

Jeffco does not dispute that *Camara v. City of San Francisco*, 387 U.S. 523 (1967) and *See v. City of Seattle*, 387 U.S. 523 (1967) are the controlling case law and precedent in this action. SCOTUS, in both *Camara* and *See* ruled that a government employee must have warrant

to trespass and to conduct a search of an individual's private property; Jeffco at all times during their trespass and unreasonable searches and seizure were without warrant.

Local governing entities (and local officials sued in their official capacities) can, therefore, be sued directly under § 1983 for monetary, declaratory, and for other relief in situations where, as here, Jefferson County, Colorado has a policy which violates a person's constitutional rights. Specifically, Jeffco has a stated policy, ordinance, regulation, and or has an officially policy that has been adopted or promulgated by those whose edicts or acts may fairly be said to represent Jeffco's official policy.

In this case, based upon a series of false complaints, Jeffco's division of Zoning, Environmental Health and Planning trespassed Defendant's gated private road, then dove several miles to the subject farm, conducting an unreasonable search of Defendant's private property and structure without warrant during 2017, 2018, 2019, 2020, 20221 and 2022. Defendant was never given the option to refuse Jeffco's unconstitutional trespass and or search as they trespassed Defendant's gated private road and conducted their surveillance and unreasonable search without warrant while Defendant was not present.

During 2018 Jeffco's division of Environmental Health based upon false complaint once again trespassed Defendant's gated private road and proceeded on Defendant's private road then conducted an unreasonable search of the farm and structure without warrant in violation of *Camara* and *See* and the Constitution.

## X. JEFFCO'S TAX FRAUD

After Defendant purchased the agricultural zoned property in unincorporated Jefferson County during 2017, he informed Jeffco of the farm's location and its tax status. Thereafter, Jeffco served this farmer with its requirements for agricultural tax status. **Exhibit 9**. The subject

property was chosen for purchase because of its location and access to the sun; productivity of the land, a requirement for agricultural tax status.

Jeffco's requirements provided by the appraiser's office for agricultural status were the following:

1. IRS Form 1040F (farm profit or loss)
2. Leases (farm or ranch lease)
3. Receipts for services and items purchased relevant to a agricultural operation
4. Brand inspection certificates
5. Enrolment documents for federal agricultural programs
6. Ownership of irrigation and or water shares
7. Well permit fir livestock watering
8. Sales or invoices regarding agricultural products or livestock sold.

First, Defendant provided Jeffco with the farm's IRS From 1040F (farm profit or loss) although occurring during the Covid-19 Pandemic. Second, Because the property is owned outright by Defendant no lease is necessary. Third, Defendant provided receipts to Jeffco for farm services and agricultural products purchased since 2017; those receipts amounted to well over $100,000 dollars. Fourth, certificates were providing by Defendant for the right to possesses licensed agricultural products to Jeffco; many agricultural products are licensed because they are patented. Sixth, Defendant provided his water contract with Oxford Recycling to purchase water from their well connected to the Laramie Aquaphor; cost 2,000 gallons for $35.00; this is the most cost-effective water solution for farms in the Front Range; the cost of drilling and acquiring additional water rights is well over $45,000.00 dollars. Seventh, the subject land is not at this time used for livestock; this is a predicated future use in the farm plan. Eighth, Defendant has testified to Jeffco regarding the donation of agricultural products because of the Pandemic to Jeffco individuals; currently Jefferson County's citizens are suffering food insecurity and Jeffco schools are in short supply of nutritional agricultural products because of the Covid-19 Pandemic. In fact, I have donated agricultural product to those individuals who complain the

most in the neighborhood. Ninth, Defendant has provided a signed affidavit of water use from the Laramie Aquaphor filed in the County's Office of Clerk and Recorder. **Exhibit 10**.

All of these efforts were to no avail because Jeffco refuses to grant agricultural tax status because they are in despite need of taxes. In Jefferson County, Colorado taxes on so-called vacant property are higher than on land with structure and are appreciably higher on vacant land than on farm/ranch land. Land with structures is accessed at a ratio of 7.15% of the mill levy. Jeffco's definition of so-called vacant land is accessed at 29% of the mill levy.

Agricultural land under Colorado law is to be accessed at the prescribed agricultural rate. That tax levy is about 1/4 of the over-levied amount. E.G: my neighbor paid about $2,500.00 in taxes for his, house, garage, horse corral, and numerous outbuildings a few years ago. At this same time, I paid that same amount $2,500.00 based upon my farm's so-called vacant land. If the farm was accessed correctly the tax owed would have been roughly $600.00 in lieu of $2,500.00. Because of abatements Jefferson County, Colorado owes me about $8,000.00 dollars in back taxes for fraudulent tax assessments.

Jeffco defends their tax fraud scheme by quoting a twenty-year-old decision which has nothing to do with the Defendant's dispute citing, _Welby Gardens v. Adams County Bd. of Equalization_, 71 P.3d 992 (Colo.2003). **Exhibit 12**. In _Welby,_ the gardens admitted they did not use the productivity of the land in their farm operation. Thus, they were denied agricultural tax classification. The Vine Ranch Defendant's farm **uses** the productivity of the land to produce its product. Thus, agricultural tax clarification is warranted.

### A. Jeffco's Farm/Ranch Tax Fraud Scheme

Jefferson County, Colorado refuses to utilize the Colorado mandated state-wide standards for agricultural tax status. The State of Colorado produces documents explaining state-wide

agricultural tax standards. **Exhibit 11**. In the published state-wide agricultural tax standards document, the requirement for agricultural farm land tax status is as follows:

### Section 1

"A parcel of land that was used the previous two years and is presently used as a farm or a ranch, or is being restored through conservation practices. Such land must have been classified or eligible for classification as agricultural land during the 10 years preceding the year of assessment. Agricultural land includes land underlying a residential improvement, if the occupant participates in the agricultural operation or is a statutorily specified relative of a participant in the agricultural operation. It also includes land under other improvements if such improvements are an integral part of the farm or ranch and are typically used as an ancillary part of the operation."

"A farm is defined as a parcel of land used to produce agricultural products that originate from the land's productivity for the purpose of obtaining a monetary profit."

Specifically, Defendant has farmed his agricultural land since 2017. That land has been classified as agricultural since its existence exceeding 50 years. The greenhouses and Walipini's underlying the improvements are an integral part of the farm operation and are used in the ancillary part of the operation. The Vine Ranch Farm and its agricultural products originate from the land's productivity for the purpose of monetary profit.

Jeffco to prevent agricultural tax status of the subject farm has invented in contravention to Colorado law its own rules for agricultural tax, to deny this and any other farm/ranch agricultural tax status.

## XI. PLAINTIFF'S 6TH AMENDMENT RIGHT

The Constitution and its 6th amendment contains a "Confrontation Clause" which relates to the common law rule preventing the admission of <u>hearsay</u>, that is to say, testimony by one witness as to the statements and observations of another person to prove that the statement or observation was true. This means a defendant may face and cross-examine his/her accuser[s].

The rationale for the confrontation clause was that the defendant had no opportunity to challenge the credibility of and or cross-examine the person making false statements. The Supreme Court, in *Crawford v. Washington*, <u>541</u> U.S. <u>36</u> (2004), increased the scope of the

Confrontation Clause by ruling that "testimonial" out-of-court statements are inadmissible if the accused did not have the opportunity to cross-examine that accuser and that accuser is unavailable at trial.

The Supreme Court in *Davis v. Washington* 547 U.S. 813 (2006), ruled that "testimonial" refers to any statement that an objectively reasonable person in the declarant's situation would believe likely to be used in court. In *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), and *Bullcoming v. New Mexico*, 564 U.S. 647 (2011), the Court ruled that admitting a lab chemist's analysis into evidence, without having him testify, violated the Confrontation Clause. In *Michigan v. Bryant*, 562 U.S. 344 (2011), the Court ruled the "primary purpose" of a shooting victim's statement as to who shot him, and the police's reason for questioning him, each had to be objectively determined. See Federal Evidence Review of *Bullcoming v. New Mexico* (Case # 09-10876); Scotusblog-Law need not bow to chemistry, Jun 25, 2009.

The right to confront and cross-examine a witness also applies to physical evidence; the prosecution must present physical evidence to the jury, providing the defense ample opportunity to cross-examine its validity and meaning. Jeffco willfully conceals the identity of their false filers, swatters in violation of Colorado's Open Records Act (CORA) and Colorado harassment law, C.R.S. §35-3.5-102 preventing Plaintiff from examining the false filers (swatters) complaint.

In this case, Jeffco has willfully made numerous false representations (lied) that it would not seek prosecution for claims made by a false flier or swatter. Jeffco is currently seeking criminal prosecution of this Defendant in Jefferson County Court for fraudulent accusations by swatters.

As provided above, Jeffco has only two (2) so-called inspectors for the entirety of the county. In lieu of actually doing inspections they only respond to complaints whether they are true or false. In this case Jeffco has accused the Defendant of having construction materials on my farm in an agricultural district. Jeffco and the swatter[s] claim I do not have a construction permit for said materials. Unfortunately, for Jeffco and the swatter[s] the Defendant has permits for the construction and materials on site, which was issued on June 7, 2021; the greenhouse and Walipini's permits took four years to process and issue.

The subject swatters complaint is an ongoing attempt to stop the state sanctioned farm operation which has already been approved; in total there have been dozens of false complaints filed against the subject farm operation by the same file filers.

As in _Melendez-Diaz v. Massachusetts_, and _Bullcoming v. New Mexico_, (2011) _Supra_. Jeffco's reliance upon the false filers (swatters) complaint and their concealment of their identity from their complaint, which is a matter of public record under CORA is a violation of the 6th amendment of the United States Constitution, Colorado law and Colorado's Constitution. Jeffco has so-far in this case obstructed justice by refusing to release the name[s] of the individuals swatting the subject farm operation. As such, Jeffco is violating the Defendant's constitutional rights, refusing to allow this Defendant to face his false accuser and in the process is refusing to enforce Colorado law and the Constitution.

## EQUAL PROTECTIONS

As provided in Defendant's Cross-Complaint Jeffco classifies the subject farm as vacant property; that property is not vacant and is an active farm. As part of Jeffco's retaliation against this whistleblower, Jeffco has invented fraudulent violations based upon their vacant property claim.

Meanwhile, Jeffco refuses to enforce its own regulations against the individuals who have filed the false complaints to harass the Defendant's farm operation.

For example, the neighbor has piled 400 cubic yards of manure on the road adjacent to the subject farm. This pile of manure has created a fly infestation of the Defendant's farm, causing crop loss. Jeffco has been asked numerous times to enforce its own regulation against this manure infestation; Jeffco has refused. See Pp. 16-18 of Defendant's Cross-Complaint. See Defendant's Cross-Complaint Exhibit 6 and 7, and Jeffco Regulation below:

**H. Animals**
1. Manure shall not be allowed to accumulate so as to cause a hazard to the health, safety or welfare of humans and/or animals. The outside storage of manure in piles shall not be permitted within 100 feet of the front lot line and 50 feet of the side and rear lot lines. (orig.3-26-13)

In addition, as explained in the Defendant's Cross-Complaint many of the neighbors do not farm, but are granted agricultural tax status in breach of County and State of Colorado policy. The closest neighbor has four pet alpacas. They do not practice animal husbandry, do not harvest their pets and nor do they in any way ranch or farm. But they are granted a $6,000 dollar discount off of their property tax burden in contravention to the Defendant who runs a real farm and is denied agricultural tax status.

Jeffco and Counsel stoops to any level to prevent discovery and cross-examination of Jeffco's assessor's office in front of a jury for their illegal and fraudulent misconduct against the Defendant and his subject farm operation.

Another example, Jeffco's refuses to respond to the Defendant's request. Defendant has asked Jeffco's assessor's office provide the Defendant a recalculation of tax owned by the defendant and subject farm if agricultural tax was applied so that the Defendant could pay this correct tax during this litigation for the years 2020 and 2021; Jeffco has refused.

Simply, Jeffco's applies it so-called regulations in an arbitrary and capricious nature. They then use thier unconstitutional conduct to harm whistleblowers (Defendant) who have exposed their tax fraud scheme and their unconstitutional conduct.

## CONCLUSION

Jeffco engaged in a contractual agreement with the Defendant based upon their published document for granting agricultural tax status and their request to review the subject farm's operation and business practices and other personal information.

Jeffco breached that agreement, and that breach has been detrimental to the Defendant's business. See Defendant's Cross-Complaint and "Detrimental Reliance" Pp. 24. Defendant released his personal and business income information regarding his start-up farm operation as requested by Jeffco. As in *Gearlds v. Entergy Services, Inc.*, 709 F.3d 448 (2013) Jeffco has intentionally mislead this Defendant, after releasing his personal business information as requested, the subject farm would be denied agricultural tax status. Thus, that agreement has been breached by Jeffco.

Jeffco has engaged in a tax fraud scheme against farm/ranch to increase their tax burden in violation of the rule of law and the Constitution. Moreover, Jeffco has used its governmental powers to indiscriminately grant agricultural tax status to individuals within Jefferson County, Colorado in a discriminatory fashion resulting in a fraudulent tax scheme increasing county revenues; a violation of the equal protection under law clause of the Constitution.

Jeffco in their acts to preserve their illegal and unconstitutional tax fraud scheme has conspired against the Defendant to quiet his voice; whistle blower. Simply, Jeffco will do anything to silence this Defendant.

Jeffco has irrefutably trespassed Defendant's gated private road without warrant, which is well marked as "no trespassing' and labeled as "private road." Jeffco without warrant trespassed Defendant's gated private road and proceeded to the Defendant's farm. After arriving at the subject farm Jeffco conducted an unreasonable search and seizure of private property in violation of the Constitution.

Most concerning, Jeffco refuses to enforce its own regulations against its co-conspirators who have filed fraudulent complaints against this Defendant and his subject farm operation to silence this whistleblower.

The Defendant's Cross-Complaint provides visual evidence and material testimony with personal knowledge of the events from the Defendant. In contravention, Jeffco provides no first-hand testimony or any evidence is support of their fraudulent facts. Instead Jeffco ask this Court to dismiss the Defendant's Cross-Compliant just because.

**WHEREFORE**, Defendant requests this Court reject Jeffco's motion to dismiss his cross-complaint.