**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
**8:26 am, Apr 19, 2022**
**JEFFREY P. COLWELL, CLERK**

**Exhibit 4**

| | |
|---|---|
| SUPREME COURT<br>STATE OF COLORADO<br>2 East 14th Avenue<br>Denver, Colorado 80203<br><br>On Certiorari to the Colorado Court of Appeals<br>Court of Appeals Case No. 2020CA1176<br>Jefferson County Court Case No. 2020CV80<br><br>PETITIONER     Reed K. McDonald<br><br>v.<br><br>RESPONDENT     Jefferson County Public Health – Mitch Brown in his official capacity as supervisor of Environmental Health, Jefferson County, Colorado,<br><br>*Attorney for Petitioner:*<br>Reed K. McDonald    Pro se<br>5856 S. Lowell Blvd.<br>Unit 32-Ste 163<br>Littleton, Colorado 80123<br>Phone Number:  720-272-8598<br>Email: kirkmcdonald56@gmail.com | **^COURT USE ONLY^**<br><br><u>District Court</u><br>Case Number: 21<br><br>Division:<br><br>Courtroom: |
| *Attorney for Respondent:*<br>Boog & Cruser P.C.<br>Amanda B. Cruser<br>Lakewood, Colorado 80123<br>Phone Number:  720-272-8598 | |
| **PETITION FOR WRIT OF CERTIORARI** | |

**Exhibit 4**

# CERTIFICATE OF COMPLIANCE

I hereby certify that this Petition complies with all requirements of C.A.R. 32 and C.A.R. 53, including all formatting requirements set forth in these rules. Specifically, the undersigned certifies that:

> This Petition contains 3,556 words, which does not exceed the word limit of 3,800 words.

*Reed K. Mc Donald*

**Exhibit 4**

**TABLE OF CONTENTS**

ISSUES PRESENTED FOR REVIEW………….…...………...…………………………………..6

OPINION TO BE REVIEWED……………………………………………………………………10

STATEMENT OF JURISDICTION…….…..……………………………………………………10

REFERENCE TO PENDING CASES…….…..…………………………………………………10

OPINION OF THE DISTRICT/APPELLATE COURT……..…..………………………………11

STATEMENT OF THE CASE………………….…..……………………………………………11

STANDARD OF REVIEW……………………………...………………………………………16

REASONS TO GRANT CERTIORARI…………...……….……………..………………...17

      I. State statute conflicts with the 6th Amendment to the United States Constitution……………………..……………………………………………….17

      II. Jeffco use of out-of-court statement to trespass private property…..…...19

      III. District's willfully refusal to obey the judgment of the United States Supreme Court and this Court………...…………………………………20

CONCLUSION…………………………….…………..………………….………………..21

APPENDIX…………………………………………………………………………………23

**Exhibit 4**

# TABLE OF AUTHORITIES

## CASES:

*Camara v. City of San Francisco,*
387 U.S. 523 (1967)…………………..……..………………8, 10, 14, 15, 17, 21

*Crawford v. Washington,*
541 U.S. 36 (2004)……………………………………………….…………….20

*Frank v. Maryland,*
359 U.S. 360 (1959)………………….…...……………………………………15, 16

*Hoery v. United States of America,*
64 P.3d 214 (Colo.2003)………………….……...………………………………10

*Hoffman v. People,*
780 P.2d 471 (Colo.1989)………………..…...………………………………10

*Kramer v. Union Free School Dist.,*
395 U.S. at 621, S.Ct. (1969)……………………….……………………….17

*Mattox* v. *United States,*
156 U.S. 237 (1895)………………………………………………………20

*Miller v. Carnation Company,*
516 P.2d 661 (Colo.App.1973)……………………………………………10

*Plotkin v. Club Valencia Condominium Ass'n,*
717 P.2d 1027 (Colo.App.1986)…………………………………………18

*Pointer* v. *Texas,*
380 U.S. 400, 406 (1965)………………………………..…………………20

*Robinson v. Colo. State Lottery Div.,*
179 P.3d 998, 1003 (Colo.2008)……………………..………………………17

*See v. City of Seattle,*

Exhibit 4

387 U.S. 523 (1967)……………………………………………8, 10, 14, 15, 17, 21

*Taco Bell, Inc. v. Lannon*,
744 P.2d 43, 46 (Colo. 1987)……………………………..…………………….17

*United States v. Osterlund,*
505 F.Supp. 165 (D.Colo.1981), *aff'd,* 671 F.2d 1267 (10th
Cir.1982)…………...…18

**STATUTES:**

C.R.S. § 24-72-201 to 206…………………..……………………………………8, 10, 12, 13

C.R.S. § 35-3.5-101 to 103………………...…………………………………7, 8, 10, 12, 14, 16

C.R.S. §18-9-111…………………………………………………………………………….7

**OTHER AUTHORITIES:**

Sixth Amendment of the United States Constitution…………3, 8, 9, 10, 12, 13, 22

Fourth Amendment of the United States Constitution…..…………9, 10, 12, 13, 22

Fourteenth Amendment of the United States Constitution………….…9, 10, 13, 22

Colorado Constitution, Article II, Section 7…………………..…………………10, 22

Restatement (Second) of Torts, §§ 158-159 (1965)……………..…………….18

**Exhibit 4**

## ISSUES PRESENTED FOR REVIEW

**Constitutional Conflict Under CORA:**

This case results from a series of false complaints filed by the public to harass the Vine Ranch Farm operation (Subject Farm) after the public was informed by Jefferson County, Zoning (Jeffco) they would not halt the legitimate Subject Farm operation. See C.R.S. §18-9-111 & C.R.S. §35-3.5-102.

The vine Ranch Farm is located in unincorporated Jefferson County, Colorado. The subject farm and surrounding properties are zoned agricultural. Because of the housing crisis, individuals have purchased agricultural land to build million-dollar homes, then complained about the resident farm. Because different departments of Jeffco do not confer prior to investigating false and or harassment complaints, one arm of the county does not know what the other is doing.

This has led to Jeffco violating Petitioner's civil rights numerous times via public false complaint. After the public false complaint, Jeffco trespassed the Subject Farm's gated private road, traveling several miles on the Subject Farm's private property to the location of the Subject Farm without warrant. Thus, Jeffco has violated Petitioner's civil rights. Because Jeffco's acts represent a series of constitutional violations, Petitioner seeks the names of the false filers swatting the

Exhibit 4

approved farm operation. As a matter of county policy Jefferson County, Colorado believes it is allowed to disregard the Constitution.

This exact type of case has already been heard by the Supreme Court of the United States in *Camara v. City of San Francisco* and *See v. Seattle*, where the court adjudged, city inspector was required to possess warrant to conduct an inspection. Because, Jeffco's inspections were without warrant they are unconstitutional, illegal and are barred as a matter of law; fruit of the poisonous tree.

Moreover, this action comes before this court because of constitutional conflict between two (2) sections of this State's statutes C.R.S. § 35-3.5-102 Colorado's Right to Farm Act and C.R.S. § 24-72-204(1)(2)(3) Colorado's Open Record Act. The Vine Ranch Farm, subject to an ongoing case of harassment via Jeffco's policy for accepting and concealing anonymous false complaints denied Petitioner to face his accuser[s] who filed the false complaints as mandated by the 6th Amendment of the Constitution.

Because the neighbor[s] filed numerous false complaints to harass the Subject Farm. And because these false complaints led to Jeffco's trespassing the Subject Farm's private gated road to conduct inspections without warrant, Jeffco's unconstitutional acts are intertwined with the public false complaints.

**Exhibit 4**

Petitioner seeks the names of the individuals who are filing the false complaints harassing the Subject Farm operation, therein allowing the false filers to be brought to justice in civil court. Jeffco's unconstitutional acts are affirmed because they admitted they trespassed Petitioner's gated private road without warrant. Thereafter, conducting surveillance, search and seizure of Petitioner's private property.

**6th Amendment Constitutional Conflict:**

Second, this case comes before this Court because that subject State statute C.R.S. § 24-72-204(1)(2)(3) is in conflict with the 6th Amendment of the Constitution; the right to face one's accuser. Jeffco in error now flies a civil case against this farmer because of the public's false complaints resulting in ill-advised court action with the possibility of incarceration and monetary fines leveled against this Petitioner.

**4th & 14th Constitutional Conflict:**

Third, intertwined in this case is the issue of Jefferson County's violation of Petitioners 4th and 14th amendment rights regarding Jeffco's illegal trespass, surveillance and illegal inspection of the Subject Farm operation triggered by public false complaint.

**Exhibit 4**

Jefferson County, admits its county policy to trespass private gated roads, to surveil individuals, conduct illegal searches of the private property without warrant, and without the owner's knowledge or presence.

**Majority's Opinion:**

The majority's decision was erroneous because they refused to obey and uphold the 4th, 6th and 14th Amendments to the Constitution of the United States and Colorado's Constitution, Article II, Sections 7 and 25.

In addition, there exists a direct conflict between C.R.S. §35-3.5-102 and C.R.S. §24-72-204, therein allowing Jeffco to conceal the false filer[s] who are harassing the Subject Farm.

Moreover, the majority's decision is in direct willful disrespect of this Court's decisions in _Hoffman v. People_, 780 P.2d 471 (Colo.1989); _Hoery v. United States of America_, 64 P.3d 214 (Colo.2003); _Miller v. Carnation Company_, 516 P.2d 661 (Colo.App.1973) and Supreme Court of the United States decisions in _Camara v. City of San Francisco,_ 387 U.S. 523 (1967) and _See v. City of Seattle,_ 387 U.S. 523 (1967).

It would appear on its face the appellate court attempted to retry the case in error. The appellate court cites illegal and incorrect observations made by the

Jeffco trespasser. Permits for all on-site equipment were on file in the county's record at the time of Jeffco's trespass.

The Jeffco trespasser simply did not perform their due diligence and job prior to surveilling and conducting their illegal search and seizure of the Subject Farm property. Simply, any reference by the appellate court to what they believe to be violations which lie without foundation are barred as a matter of law, even though their assumptions are incorrect, their reasoning is moot as any information gained during their illegal and unconstitutional search of the Subject Farm would be fruit of the poisonous tree.

## OPINION TO BE REVIEWED

*Reed Kirk McDonald v. Jefferson County, and Mitch Brown in his official capacity as Supervisor of Environmental Health, Jefferson County, Colorado case* 2020cv80; attached as Appendix A.

## STATEMENT OF JURISDICTION

This Court has jurisdiction under C.A.R. 49(a)(1) (2) (3) (4). On December 16, 2021, the Court of Appeals issued its opinion. That opinion was served via USPS to the *pro se* Petitioner on December 23, 2021. Thus, this Petition for Writ of Certiorari is timely filed.

## REFERENCE TO PENDING CASES

**Exhibit 4**

This Court has not granted a writ of certiorari on the Constitutional issues raised here under Colorado Open Records Act's conflict with Colorado's Right to Farm Act and the intertwined unconstitutional acts of trespass and illegal search and seizure by Jefferson County, Colorado. Moreover, this Court has not ruled on the ability of a county government to conceal individuals who file false complaints to harass approved farm operations.

## OPINION OF THE DISTRICT/APPELLATE COURT

The District issued its opinion on January 15, 2021; thereafter, that case went on appeal. Appendix Document 1.

The Court of Appeals issued its opinion on December 16, 2021. Thereafter, Petitioner received that decision on December 23, 2021.  Appendix Document 2

## STATEMENT OF THE CASE

This dispute arises from Colorado, Jefferson County's (Jeffco) violation of Petitioner's 4th, 6th, and 14 Amendment rights after a series of concealed false nuisance complaints were filed to obstruct and harass the Subject Farm operation by members of the public in violation of C.R.S. §35-3.5-102.

Moreover, this case concerns the conflict between two State Statutes C.R.S. § 35-3.5-102 and C.R.S. §24-72-204(1)(2)(3), regarding the concealment of individuals who file false complaints to harass farm/ranch operations. Colorado's

**Exhibit 4**

Open Records Act, (CORA) C.R.S. §24-72-201 to 206, provides all public records shall be open for inspection by any person at reasonable times.  In violation of CORA, Jeffco refuses to release names of individuals who file false reports.

It is a matter of public record that Petitioner held permits for the subject property regarding office, storage and propagation facility for live plants on site at the time of Jeffco's trespass. Jeffco prior to trespassing Petitioner's gated private road failed to investigate its own issued permits prior to violating Petitioner rights secured under Constitution and its 4th, 6th and 14th Amendments against illegal surveillance, search, seizure and the right to face his ones accuser.

In addition, State Statute C.R.S. § 24-72-204(1)(2)(3) allows a government entity to conceal the names of individuals swatting a legal farm operation. Swatting is a criminal harassment tactic, deceiving a city/county government into sending police, emergency service or county response team to another person's address. Petitioners' neighbors, use "swatting" to file anonymous false/nuance complaints in unincorporated Jefferson County, Colorado to harass and obstruct the Subject Farm operation.

Petitioner is an owner of a rural farm operation known and registered with the State of Colorado as the Vine Ranch Farm. Located at 14309 Elk Mountain Trail, Littleton Colorado. See CO #20181287896. Petitioner has farmed this

Exhibit 4

agricultural zoned property since 2017; historically this agricultural property has always been zoned and used as agricultural land since its existence.

Jeffco trespassed Petitioner's private gated road on or about July of 2018; June of 2019; May of 2020; and again, during August of 2021; Jeffco's government employees trespassed Petitioners gated private road based on false complaints. Jeffco warned of their unconstitutional acts stated during hearing they were allowed to violate the United States and Colorado Constitutions because they were a governmental agency; Jeffco refusing to adhere to rulings of the Supreme Court of the United States in *Camara v. City of San Francisco*, 387 U.S. 523 (1967) and *See v. City of Seattle*, 387 U.S. 523 (1967).

After trespassing Petitioner's gated private road, Jeffco's government employee drove several miles on Petitioner's private road to site of his farm. Thereafter, Jeffco again trespassed, surveilled, and conducted a search of the Petitioner's property without warrant and without Petitioner's knowledge or presence. These inspections were initiated because the surrounding neighbors who built million-dollar homes on agricultural land seek to have the Subject Farm shuttered; simply harassment pursuant to Colorado's Right to Farm Act – C.R.S. §35-3.5-101, *et seq*.

**Exhibit 4**

This type of case against a working farm has already been heard and decided in Colorado's Appellate Court in case #2013ca1806. In that appellate case, the court ruled in favor of the subject farm operation. See Amicus Brief by Colorado's Department of Agriculture and then Governor, the honorable John W. Hickenlooper. Appendix Document C.

In addition, Jeffco's constitutional violations cited by Petitioner have already been decided by the Supreme Court of the United States in <u>*Camara v. City of San Francisco*, 387 U.S. 523 (1967)</u> and <u>*See v. City of Seattle*, 387 U.S. 523 (1967)</u>.

In <u>*Camara*</u> & <u>*See*</u>, the Supreme Court of the United States was asked if a county/city government employee could search an individual's property without warrant. Camara was charged with violating the San Francisco Housing Code refusing, after three efforts by city housing inspectors to secure his consent, to allow a warrantless inspection of the ground-floor quarters which he leased and residential use of which allegedly violated the apartment building's occupancy permit. Thereafter, Camara was arrested and incarcerated. Camara claiming the inspection ordinance unconstitutional for failure to require a warrant for inspections, while awaiting trial, sued in a State Superior Court for a writ of prohibition, which the court denied. Relying on *Frank v. Maryland*, 359 U. S. 360, and similar cases, the district court of appeal affirmed, holding that the ordinance

Exhibit 4

did not violate the Fourth Amendment. The state supreme court denied a petition

for hearing.

**The Supreme Court of the United States Opinion in *Camara & See*:**

The Supreme Court of the United States reversed the state's opinion in *Camara* and *See* during 1967 in, 387 U.S. 541 (1967), the Supreme Court adjudged the following**:**

1. The Fourth Amendment bars prosecution of a person who has refused to permit a warrantless code enforcement inspection of his property. *Frank v. Maryland*, pro tanto overruled. Pp. 387 U. S. 528-534.

(a) The basic purpose of the Fourth Amendment, which is enforceable against the States through the Fourteenth, through its prohibition of "unreasonable" searches and seizures is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials. P. 387 U. S. 528.

(b) With certain carefully defined exceptions, an unconsented warrantless search of private property is "unreasonable." Pp. 387 U. S. 528-529.

(c) Contrary to the assumption of *Frank v. Maryland*, Fourth Amendment interests are not merely "peripheral" where municipal fire, health, and housing inspection programs are involved whose purpose is to determine the existence of physical conditions not complying with local ordinances.

(d) Warrantless administrative searches cannot be justified on the grounds that they make minimal demands on occupants.

Thus, Jeffco's acts of trespass, surveillance, search and seizure of

Petitioner's property were illegal and unconstitutional.

**Colorado's Right to Farm Act:**

**Exhibit 4**

Moreover, Colorado's General Assembly passed legislation/law against this type of false complaint designed to harass farm/ranch operations during 1981. See, C.R.S. §35-3.5-102 which provides the following:

> C.R.S. §35-3.5-102(1)(a)  Except as provided in this section, an agricultural operation shall not be found to be a public or private nuisance if the agricultural operation alleged to be a nuisance employs methods or practices that are commonly or reasonably associated with agricultural production.

> Although, the public informed the Vine Ranch Farm is a legal operation, the surrounding public so furious with Jeffco, violated State law by insisting the subject farm operation be shuttered. Because the subject farm is a legal farm operation, the surrounding public has sought by other means to use anonymous false complaints to interfere and obstruct the farm operation in violation of Colorado law and the Constitution.

As a matter of right, Petitioner has the constitutional and legal right to know who is filing false complaints against the Subject Farm operation.

## STANDARD OF REVIEW

The issues raised in this petition are questions of law reviewed de novo. *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1003 (Colo.2008) (determinations regarding immunity are reviewed de novo); *Taco Bell, Inc. v. Lannon*, 744 P.2d 43, 46 (Colo. 1987). Constitutional errors are reviewed de novo. Strict judicial scrutiny is warranted when participatory and constitutional rights are

Exhibit 4

infringed not only because a *fundamental* right is at stake, but also because the presumption of constitutionality and the approval given "rational" classifications in other types of enactments are based on an assumption that the institutions of state government are structured so as to represent fairly all the people.

However, when the challenge to the statute is in effect a challenge of this basic assumption, the assumption can no longer serve as the basis for presuming constitutionality. *Kramer,* 395 U.S. at 621, S.Ct. (1969).

The District's opinion in willful disobedience, challenges the Supreme Court of the United States judgment in <u>Camara</u> & <u>See</u>.

## REASONS TO GRANT CERTIORARI

This Court has defined trespass as; "trespass is any entry upon the real estate of another without the invitation or permission of the person lawfully entitled to possession of the real estate." *CJI-Civ.2d.* 18:1 (1980); <u>*United States v. Osterlund,*</u> <u>505 F.Supp. 165 (D.Colo.1981),</u> *aff'd,* <u>671 F.2d 1267 (10th Cir.1982)</u>; *see* <u>Restatement (Second) of Torts, §§ 158-159 (1965)</u> and <u>*Plotkin v. Club Valencia*</u> <u>*Condominium Ass'n,* 717 P.2d 1027 (Colo.App.1986)</u>.

What's clear and irrefutable is Jeffco's government employees have trespassed Petitioner's private gated road numerous times. Jeffco's unconstitutional acts of trespass, surveillance, search and seizure initiated by public false

Exhibit 4

complaints remains unaddressed by the lower-court. The identities of the false fliers who caused Jeffco to violate Petitioner's civil rights have been concealed.

More concerning is Jeffco's refusal to release the identities of the false files as a matter of county policy; thus, the county lies responsible for its unconstitutional policies.

Jeffco claims they have the constitutional right to trespass gated private gated roads and property to surveil, search and seize private property without warrant. Jeffco's policy contradicts the constitutional edicts for a person's right secured under not only the Colorado Constitution but also the United States Constitution.

Moreover, when the public claims are proven false, Jeffco refuses to release the names of the individuals filing the false claims harassing the Subject Farm operation in violation of CORA. Furthermore, it is a violation of the Constitution for Jeffco to deny Petitioner the right to face his false accuser.

**Confrontation Clause:**

The Sixth Amendment of the United States Constitution provides the following:

> *"In all criminal prosecutions, the accused shall enjoy the right to... be confronted with the witnesses against him...."*

**Exhibit 4**

The Confrontation Clauses historical background supports two principles. First, the principal evil at which the Clause was directed was the civil-law mode of criminal procedure, particularly the use of *ex parte* examinations as evidence against the accused. The Clause's primary object is testimonial hearsay, and interrogations by law enforcement officers fall squarely within that class.

Second, the Framers would not have allowed admission of statements by a witness who did not appear at trial unless he was unavailable to testify and the defendant had had a prior opportunity for cross-examination or a chance to examine via oral hearing.

English authorities and early state cases indicate that this was the common law at the time of the founding. And the "right ... to be confronted with the witnesses against him," Amdt. 6, is most naturally read as a reference to the common-law right of confrontation, admitting only those exceptions established at the time of the founding. See *Crawford v. Washington*, 541 U.S. 36 (2004); *Mattox* v. *United States,* 156 U. S. 237, 243. Pp. 5-21; *Pointer* v. *Texas,* 380 U.S. 400, 406 (1965).

Simply, Jeffco refuses under State statute to release the names on individuals who file nuance complaints against the Subject Farm; this is a county policy.

**Jeffco's Use of Out-of-Court Statements:**

**Exhibit 4**

During 2004, the Supreme Court decided that out-of-court statements violated the Confrontation Clause when they decided, *Crawford v. Washington, Supra.* This case altered the rules for prosecutors. No longer could out-of-court statements be used against a defendant without providing an opportunity to cross-examine the witness. In *Crawford*, the Court changed course and determined that defendants had a right to cross-examine out-of-court statements, regardless of whether or not the statements were reliable. In building a case, prosecutors may want to use statements that people have made outside of the courtroom as evidence against the defendant.

Jeffco uses out-of-court statements to trespass, surveil and search private property in violation of Constitution and SCOTUS judgments.

**Petitioner Not Allow to Confront False Filer Prior to Jeffco's Civil Rights Violations:**

Jeffco after their illegal trespass, illegal surveillance and illegal search of Plaintiff's property was not allowed to confront his accuser. Instead Jeffco issued fines in the $5,000 against this Petitioner.

**Jeffco's disrespect of SCOTUS judgment in <u>*Camara*</u> and <u>*See*</u>:**

It crystal clear Jeffco in contravention of SCOTUS decision in *Camara* and *See* believes it does not to have to obey its superior court or the Constitution. SCOTUS made clear in <u>*Camara/See*</u>, Jeffco was required to have warrant to

Exhibit 4

trespass Petitioners' gated private road traveling to the Subject Farm where it conducted its illegal search, surveillance and seizure.

Thus, all of Jeffco's unconstitutional acts were concealed and executed in completed secrecy, therefore, in violation of the Constitution.

## CONCLUSION

Both the District and the Appellate Court willfully disrespected the Colorado Constitution, United States Constitution and the judgment of not only this Court but that of the Supreme Court of the United States in _Camara_ & _See_ Supra.

SCOTUS made clear in _Camara_ & _See_, when a government agency seeks to inspect private property, a warrant is required. SCOTUS ruled;

> "Amendment interests are not merely peripheral where municipal fire, health, and housing inspection programs are involved whose purpose is to determine the existence of physical conditions not complying with local ordinances. Warrantless administrative searches cannot be justified on the grounds that they make minimal demands on occupants."

Jeffco used false second-hand statements to trespass the Subject Farm's gated private road without warrant and the denied this Petitioner constitutional rights to face his false accuser prior to their trespass. Jeffco using the false complaint trespassed, surveilled and searched the Subject Farm. Jeffco well knew the complaint was false. Thereafter, Jeffco refused to release the name of the false filer in violation of CORA and Colorado's Right to Farm Act.

**Exhibit 4**

The District ruled that Jeffco could violate the United States and Colorado Constitutions by refusing to address Jeffco's trespass, illegal surveillance, illegal search, of the Subject Farm in violations of the 4th and 14th Amendments of the Constitution and Article II, Section 7 of the Colorado Constitution.

Second the District ruled Jeffco could conceal the identity of false filers in violation of the 6th Amendment of the United States Constitution under Colorado after they used the false complaint to trespass the Subject Farm's gated private property and road to issue an incorrect fine.

Moreover, the District refused to uphold the ideals of the 6th Amendment to the United States Constitution providing an opportunity to cross the false filer.

Simply, if Jeffco had followed lawful procedure we would not be before this Court. It crystal clear, Jeffco did not follow proper lawful procedure because they have a county wide policy of violating an individual's and farm's constitutional rights.

**WHEREFORE**, Petitioner asks this Court to reverse and remand the case back to the District, with instructions to the lower-court to obey and honor the Constitution, Colorado Open Record Act, and Colorado's Right to Farm Act. Releasing the names[s] of the false filers who in-part caused the Petitioners damages with instructions to the lower-court to enforce and uphold SCOTUS

**Exhibit 4**

decisions in *Camara/See* requiring Jeffco to possess a warrant anytime they trespass a gated private road to search, surveil and seize private property.

**Exhibit 4**

## APPENDIX

Appendix Document A……District Judgment

Appendix Document B……Court of Appeals Judgment

Appendix Document C…Amicus Brief by Colorado's Department of Agriculture

**Exhibit 4**

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing petition was served

upon the following parties on this 26th Day of January, 2022 by email to:

Respondent: Counsel for Jefferson County, Colorado

Amanda Cruser
Boog Cruser PC
3333 W. Wadsworth Blvd.
Unit D324, Lakewood, Colorado 80227
303-986-5769
abcruser@vfblaw.com

By_____