FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
11:02 am, Apr 25, 2022
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Action No.   22cv389

**Plaintiff/Cross-Complainant Defendant,**
Jefferson County, Colorado/Board of County Commissioners in their official and individual capacities.

**Cross/Complaint Defendant**
Jefferson County, Colorado a quasimunicipal corporation and political subdivision of the State of Colorado;

**Cross/Complaint Defendant**
Jeremy **Cohen in his individual capacity/and his capacity as Supervisor for Jefferson County, Colorado, Planning and Zoning;**

**Cross/Complaint Defendant**
Amy Reistroffer in her **individual capacity/and her capacity as employee for Jefferson County, Colorado Planning and Zoning**

**Cross/Complaint Defendant**
Madison Pitts in her in her **individual capacity/his capacity as employee for Jefferson County, Colorado Public Health.**

**Cross/Complaint Defendant**
Aly Dressler in her **individual capacity/his capacity as employee for Jefferson County, Colorado Public Health.**

**Cross/Complaint Defendant**
John/Jane doe who have file false public complaints against the Colorado farm knowns as the Vine Ranch Farm,

v.

**Defendant; Cross/Complaint Plaintiff**
Reed McDonald
(aka) The Vine Ranch Farm

___

**DEFENDANT'S REPLY IN SUPPORT
MOTION FOR MANDAMUS**
___

1

Reed K. McDonald<br>
Pro se Counsel of Record<br>
5856 S. Lowell Blvd.<br>
UPS/Ste 163<br>
Littleton, Colorado 80123<br>
720-589-3160<br>
kirkmcdonald56@gmail.com

Enclosed is Private Attorney General Reed McDonald's and Defendant/Cross-Complaint Plaintiff's Reply in support for his motion of mandamus.

## STANDARD

The *Haines* rule applies to all proceedings involving a pro se litigant, including summary judgment proceedings. *See, e.g.*, <u>Reed, 893 F.2d at 286</u> (liberally construing pleadings dismissed under § 1915(d)); <u>Overton v. United States, 925 F.2d 1282 (10th Cir.1990)</u> (liberally construing pro se pleadings in review of summary judgment). In addition, pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings. *See, e.g.,* <u>Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir.1990)</u>; <u>Jaxon v. Circle K Corp., 773 F.2d 1138, 1140 (10th Cir.1985)</u>; *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir.1991).

## UNDISPUTED BACKGROUND

This case comes before this Court after numerous false complaints were filed against Reed McDonald's Farm known as the Vine Ranch Farm, located at 14309 Elk Mountain Trail, Littleton, Colorado; located in unincorporated Jefferson County, Colorado. The subject farm is located on a gated private property and private road and is recognized by the State of Colorado and the United States Department of Agricultural as a sanctioned agricultural farm.

Its irrefutable, Jeffco admitted its employee[s] after receiving numerous false complaints (swatting) the subject farm trespassed the Defendant's gated private road and then proceeded on the farm's private road to the farm without warrant.

Swatting is a criminal harassment tactic, deceiving a city/county government into sending police, emergency service or county response team to another person's address.

Thereafter, Jeffco illegally surveilled, conducted numerous unreasonable searches and seizures of Defendant's private property without warrant. Jeffco asked to reveal the name[s] of the Defendant's false accusers, refused to provide the names of the individuals swatting the Defendant's farm operation, a violation of the 6th Amendment of the Constitution.

Jeffco at all times admits it was without warrant when it surveilled, trespassed the gated private road and conducted the unreasonable searches of Defendant's farm in violation of Supreme Court of the United States precedent in *Camara v. City of San Francisco*, 387 U.S. 523 (1967) and *See v. City of Seattle*, 387 U.S. 523 (1967). In *Camara* and *See*, the Supreme Court made clear, a government entity must possess a warrant to trespass private property and to conduct search and seizure.

Jeffco willfully and intentionally refuses to release the names of the individuals (Jane/John Doe) swatting the subject farm operation in violation of the 6th Amendment of the United States; the right to face one's accuser. After refusing to release the names of the swatters, Jeffco as an unethical tactic asks this Court to dismiss the entirety of the case because these same swatter[s] have not been served Defendant's Complaint. Simply, Jeffco is engaged in obstruction of justice.

Jeffco and its counsel do not represent Jane/John Doe[s]. Thus, Jeffco has no authority to argue for Jane/John Doe[s] who filed numerous false complaints against this Defendant. In fact, Jeffco has gone out of its way to establish in its briefs it does not represent the false filer[s] John/Jane Doe. Jeffco also makes the false representation in its pleadings they do not know the names of the false filers; a blatant lie.

3

Therefore, the Cross-Complaint Defendant Jane/John Doe has not had an opportunity to be heard on issue, a violation of the Constitution regarding due process. The most appropriate solution is to mandate Jefferson County, Colorado release names of individuals who filed the numerous false complaints. If service is not accomplished upon the Cross-Complaint Defendant, Jane/John Doe they will have legal authority for dismissal based upon their lack of due process.

## FEDERAL COURTS AND THE CONSTITUTION
## JEFFCO'S OBSTRUCTION OF JUSTICE

Federal courts were given power under §1983 and the Constitution's Supremacy Clause over issues involving the Constitution. The subject case is before this Court because Jeffco's clear violations of the Defendant's rights secured under Constitution.

The Defendant has asked this Court to act under federal law and the Constitution, ordering Jeffco County Public Health, Jefferson County Zoning, and Jefferson County Planning to disclose names of individuals swatting (filing false complaints) the subject farm operation which have directly and or indirectly deprived the Defendant of his rights secured under Constitution pursuant to the 4th, 14th and the 6th Amendments; the right to be safe and secure and the right to face one's accuser.

The Fourth Amendment of the U.S. Constitution provides the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, and those rights shall not be violated, and no warrants shall issue, unless supported under oath.

Because no court warrant was issued and because no particularly description of the place to be searched was issued, and because the false complaints were not under oath, Jeffco's acts and failure to act under Constitution, clearly violated Defendant's rights secured under Constitution.

In the subject case before this Court, no warrants have issued and no statements under oath have been made by the individuals swatting the subject farm operation. Thus, Defendant has been

4

subject to 4th and 14th Amendment violations by Jeffco for trespass and unreasonable search without warrant, based upon numerous false complaints. See *Camara* and *See* Supra.

Pursuant to 18 U.S.C. § 1503 federal law defines "obstruction of justice" as an act that "corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice."

Someone obstructs justice when that person has a specific intent to obstruct or interfere with a judicial proceeding. For a person to be convicted of obstructing justice, that person must not only have the specific intent to obstruct the proceeding, but that person must know (1) that a proceeding was actually pending at the time; and (2) there must be a connection between the endeavor to obstruct justice and the proceeding, and the person must have knowledge of this connection.

Jeffco and its employees who work for Jefferson County, Colorado that are named in this action for deprivation of Defendant's civil rights, work for Jeffco Planning, Jeffco Public Health and Jeffco Zoning. These individuals are personally named to this action, these same persons continue to withhold (obstruct justice) the names of the individuals who are swatting the subject farm operation causing the Defendant's damages.

Jeffco's tactics are crystal clear, refuse to provide the names of individuals swatting the subject farm who have been named in this action as John/Jane Doe. Then ask this Court to dismiss the case because these same individuals have not been served.

This Court has every right under federal law §1983 and 18 U.S.C. § 1503 to order Jeffco to release the names of swatters because of Jeffco's obstruction of justice, and its refusal to name

5

the individuals filing false complaints that caused Defendant's deprivation of his civil rights; his rights secured under Constitution.

## DEFENDANT'S RESPONSE

Jeffco in *__Section I__*, falsely represents that defendant is asking this Court to act under Colorado's Open Record Act (CORA); Defendant is not asking this Court to act under CORA but under its federal rights pursuant to the Constitution and 18 U.S.C. § 1503. This Court has direct and indirect power to order any institution who is obstructing justice to reveal the names of individuals who made false complaints and instructed and aided Jeffco in violating Defendant's civil rights; especially when this Defendant can be incarcerated, fined and lose his farm.

Jeffco in *__Section II__*, once again makes the false representation that Defendant is asking this Court to do something under Colorado law; Defendant is not asking this Court to act under Colorado law. As stated in prior pleadings Jeffco is concealing names (obstructing justice) of individuals who have been swatting, filing false complaints against this Defendant. Clearly, the Defendant is asking this Court to order Jeffco to release the names of individuals swatting the subject farm because they are obstructing justice and because after receiving these false complaints Jeffco violated Defendant's civil rights; rights secured under Constitution; The false complaints made by the public were never under oath and therefore are in violation of the 4th Amendment.

Jeffco sites *Adkins v. Kansas* in error, as that case is without legal authority, as that case is without precedent. In Fact, the caption provided by the 10th Circuit in that decision provides Jeffco's cited case "is not binding precedent." Below is the actual statement from the 10th Circuit:

> "This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1."

6

Jeffco continues to go on and on about the Defendant asking this Court to make an order under state law; Defendant has not and is not asking this Court to do anything under state law. The Defendant is clearly asking this Court to halt Jeffco's obstruction of justice. Jeffco goes on to invoke the *Younger* Doctrine.

Currently, a case is before the Colorado Supreme Court regarding Jeffco's violations of Colorado law and Colorado's Constitution. Specifically, the case before the Colorado Supreme Court is about a statutory conflict between Colorado's Open Record Act and Colorado's Right to Farm Act. Thus, the *Younger* doctrine is without power and has no place in this federal litigation.

Jeffco in ***Section III***, claims the Defendant's motion for mandamus is unrelated to the current action before this Court. Jeffco as a matter of county wide policy conceals names of individuals who file false complaints resulting in Jeffco's constitutional violations, not just against this Defendant, but county wide defendants. Moreover, Jeffco has a stated county-wide policy to trespass, surveil and conduct search of private property without warrant. Simply, Jeffco seeks to conceal the names of their co-conspirators who have caused the Defendant's damages named as John/Jane Doe in this action.

Jeffco in ***Section IV***, once again falsely claims this case is about state law; it is not. Jefferson County conceals its co-conspirators (swatters) who are mostly likely neighbors to the subject farm and who filed numerous false complaints to harass that same farm operation. One of the ways these swatters harass the subject farm operation is to have county employees trespass the farms gated private road and then have these same county employees illegally surveil, conduct unreasonable search and seizure of the Defendant's private property without warrant.

Jeffco's trespass, illegal surveillance, and unreasonable search and seizure are not in question as Jeffco has admitted they trespassed the subject farm's gated private road and have conducted search of the subject farm property without warrant. See *Camara* and *See* Supra.

Defendant has not sought to amend the subject case for Jeffco's obstruction of justice because the case has not been assigned to an Article III judge as of the date of the filing.

Jeffco in ***Section V***, once again makes the false representation this case is about State law, evoking the *Younger* abstention doctrine. Defendant has made crystal clear; this case is about Jeffco's violation of this Defendant's civil rights and about Jeffco's acts and failure to act under the United States Constitution and Jeffco's willful and deliberate disrespect of SCOTUS precedent in *Camara* and *See*.

The mere presence of a concurrent state court litigation involving the same parties or issues does not justify the use of *Younger* as has been illustrated in Colorado litigation in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813-14, 817-18 (1976). Fundamentally, this case does not concern a states power to regulated water rights or any state right.

Simply, the *Younger* doctrine is the exception, and only should be used when a federal case would interfere with a state case. *Younger v. Harris*, 401 U.S. 37 (1971), only makes it possible for federal courts to abstain from granting injunctive or declaratory relief when that relief would interfere with pending judicial proceedings in a state court; no such interference is present here. See *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 481 (8th Cir. 1998).

Jeffco cannot explain how the release of their co-conspirators names who violated this Defendant's rights secured under Constitution would interfere with the Colorado Supreme Courts decision to review the conflict between CORA and Colorado's Right to Farm Act.  Once again,

the Defendant is only seeking a writ for Jeffco to reveal names of their co-conspirators who caused the deprivation of the Defendant's civil rights.

*Younger* only applies when there is (1) a related ongoing state court proceeding, (2) an important state interest, and (3) an adequate opportunity to raise the federal questions in the state proceeding. *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996); obviously, no important state interest is present in this case. *Younger*, does not apply in cases regarding concealment of co-conspirators who violated this Defendant's rights secured under the Constitution.

Finally, Jeffco in ***Section VI***, argues in error, the United States Constitution recognizes a state law that violates a "person[s]" right secured under Constitution. This is a ridiculous argument and flies in the face of the Constitution, and federal law passed by Congress pursuant to 42 U.S.C. §1983. Jeffco again in error cites a series of cases that are under appeal by the Colorado Supreme Court dealing with Jeffco's violation of CORA; the requested decisions are conflicts between CORA and Colorado's Right to Farm Act; thus, they have no probative value in this federal case.

It is a curiosity as to why Jeffco refuses to release the names of their co-conspiracies who filed numerous false complaints against Reed McDonald and his farm operation. If Jeffco's feels there is no probative value in the Defendant's case, they must also believe their co-conspirators who filed numerous false complaints (swatting) the subject farm would be exrorated. Therefore, the releasing of the concealed individuals who filed false complaints to harass the subject farm would be of no harm.

## CONCLUSION

Jefferson County, Colorado seeks to have this Defendant's rightful case dismissed by making false and misleading arguments that are clearly in error. Its crystal clear, Jeffco and its employee's have trespassed Defendant's gated private road and proceeded on the farm's private

9

road to surveil and conduct numerous searches of the subject farm property after false complaints were filed to harass the Defendant's farm operation.

Because the subject farm is located in an agricultural district and the false filers have built their million-dollar homes in that same agricultural district, Jane/John Doe[s] seeks to harass this farmer by filing numerous false complaints, swatting the farm in the hope their harassment results in the farms failure.

John/Jane Doe[s] were the clear instigators of Jeffco's violation of Defendant's rights secured under Constitution. Thus, Jeffco's concealment of the false filers is plain obstruction of justice.

**WHEREFORE**, Defendant asks this Court to issue writ to Jefferson County, Colorado and its divisions of Planning, Environmental Heath and Zoning to release names of individual[s] who have filed complaints against the subject farm operation and Reed McDonald.

Respectfully,

*/s/ Reed McDonald*

Reed McDonald pro se
5856 S. Lowell Blvd.
UPS/STE 163
Littleton, Colorado 80123
kirkmcdonald56@gmail.com
720-589-3160

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served upon the following parties on this 25th Day of April, 2022 by email, addressed as follows:

Counsel for Jefferson County, Colorado
Jason Soronson
100 Jefferson County Parkway
Suite 5500
Golden, Colorado
jsoronso@co.jefferson.co.us