IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00389-GPG

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON, STATE OF COLORADO, a body politic and corporate,

    Plaintiff,

v.

REED MCDONALD,

    Defendant.

---

ORDER GRANTING MOTION TO REMAND

---

This matter is before the Court on the amended Notice of Removal (ECF No. 12) filed *pro se* by Defendant, Reed Kirk McDonald, on February 23, 2022, and the Motion to Remand (ECF No. 15) filed by Plaintiff, Board of County Commissioners of the County of Jefferson, State of Colorado ("the County") on March 7, 2022.  For the reasons stated below, the Motion to Remand will be granted.

I.    **BACKGROUND**

This case was removed to this Court from the County Court in Jefferson County, Colorado, by Defendant Reed Kirk McDonald.  (ECF No. 5.)  Mr. McDonald is the owner of land located at 14039 Elk Mountain Trail in Littleton, Colorado (the "Property"), in Jefferson County.  In the Verified Complaint, the County alleges that Mr. McDonald was in violation of the Jefferson County Zoning Resolution for various activities and uses occurring on the Property.  Plaintiff seeks to enforce the Jefferson County Zoning Resolution pursuant to Colo. Rev. Stat. § 30-28-124.5.

1

Mr. McDonald invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446.  (*See* ECF No. 1.)  In his Notice of Removal, Mr. McDonald does not address the contents of the County's claims; rather, he asserts that his own claims and defenses present federal questions within this Court's jurisdiction.  (*Id.*, ¶¶ 1-12.)  On March 2, 2022, Mr. McDonald filed a Cross-Complaint against the County and various individuals, raising various federal claims.  (ECF No. 13.)

The County asserts the removal of the case to this Court is improper and moves to remand the case to the County Court in Jefferson County, Colorado.  (ECF No. 15.)

II.     ANALYSIS

   A. REMOVAL JURISDICTION

"[T]here is a presumption against removal jurisdiction."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014).  "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court."  *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).  "Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally."  *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).  Federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  A case "arises under" federal law within the meaning of § 1331 if a well-pleaded complaint establishes either that federal law creates the cause of action or that a plaintiff's right to relief necessarily depends on resolution of a

substantial question of federal law embedded in the plaintiff's state-law claims. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 688–90 (2006).

To determine whether a claim or lawsuit arises under federal law, the well pleaded complaint rule governs and provides that a suit arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1203 (10th Cir. 2012). Thus, the plaintiff is the master of the claims asserted, and by omitting federal claims from a lawsuit, "a plaintiff can generally guarantee an action will be heard in state court." *Id.*

In his amended Notice of Removal, Mr. McDonald does not comment on the County's claims, other than to vaguely refer to Plaintiff's Complaint as an "unidentified case from Colorado's 1st judicial district." (ECF No. 12 at 2 & ¶ 18.) Instead, Mr. McDonald raises numerous federal claims in response to the County's lawsuit through his amended Notice of Removal and Cross-Complaint. (*See* ECF Nos. 12, 14.) However, a review of the County's claims clearly shows that Plaintiff, as a master of its complaint, brought a single claim seeking to enforce provisions of its Zoning Resolution pursuant to Colo. Rev. Stat. §30-28-124.5. Allegations of violations of a local zoning ordinance assert violations of state law; they do not establish federal jurisdiction. *Springfield Tp. V. Pan Am Corp.*, 496 F. Supp. 871, 873 (E.D. Pa. 1980). "The General Assembly has expressly delegated to local governments broad powers to establish and enforce zoning and land use regulations." *Colorado Min. Ass'n v. Bd. of Cnty. Comm'rs of Summit Cnty.*, 199 P.3d 718, 729 (Colo. 2009).

Further, the fact that Mr. McDonald's defenses or Cross-Complaint appear to raise federal issues does not confer jurisdiction. A case may not be removed to federal court solely because of a defense or counterclaim arising under federal law. *See Holmes Group, Inc., v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–31 & n.2 (2002) (neither a federal defense nor counterclaim can "serve as the basis for 'arising under' jurisdiction").

Mr. McDonald has failed to establish that federal jurisdiction is proper, and remand of this case is necessary.

### B. REQUEST FOR FEES AND COSTS

The County has requested an award of costs and attorneys' fees. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). It is not necessary to demonstrate bad faith to justify an award of costs and fees. *See Topeka Housing Authority*, 404 F.3d at 1248. "What is required to award fees, however, is a showing that the removal was improper *ab initio*." *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997). Furthermore, the fact that Mr. McDonald is proceeding *pro se* does not prevent the Court from awarding costs and attorneys' fees. *See Topeka Housing Authority*, 404 F.3d at 1248.

For the reasons discussed above, it cannot reasonably be argued that the Court would have had subject matter jurisdiction over this action if the case had been filed in

this Court originally.  Therefore, the Court finds that Mr. McDonald's removal of the instant action was inappropriate, that he lacked an objectively reasonable basis for seeking removal, and that Plaintiff's is entitled to reasonable attorneys' fees and costs incurred as a result of the removal under 28 U.S.C. § 1447(c).

### III.     CONCLUSION

Mr. McDonald fails to demonstrate the existence of a federal question that supports removal of this action.  Therefore, the instant action will be remanded to the state court based on a lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  Accordingly, it is

ORDERED that the Motion to Remand (ECF No. 15) is GRANTED and this action is remanded to the County Court in Jefferson County, Colorado.  It is further

ORDERED that Plaintiff is entitled to reasonable attorneys' fees and costs incurred as a result of removal of this action under 28 U.S.C. § 1447(c).  Plaintiff may file a separate motion for attorneys' fees and Costs within 30 days of entry of this Order in accordance with Fed. R. Civ. P. 54.  It is further

ORDERED that all other pending motions are DENIED as moot.

Dated April 25, 2022, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

5