# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*8:54 am, May 11, 2022*
**JEFFREY P. COLWELL, CLERK**

Action No.   22-389

10th Circuit Court of Appeals Case No.


Colorado, Jefferson County
Board of County Commissions

       Plaintiff,

v.


Reed McDonald
(aka) The Vine Ranch Farm

       Defendant

_____

## DEFENDANT'S NOTICE OF APPEAL
_____


Reed K. McDonald
*Pro se* Counsel of Record
5856 S. Lowell Blvd.
UPS/Ste 163
Littleton, Colorado 80123
720-589-3160
kirkmcdonald56@gmail.com

Defendant Reed McDonald (McDonald) as *pro se* counsel and Private Attorney General for similarly situated individuals, files this notice of appeal. It would appear on its face the district remanded the subject case after not reading a single page of the Defendant's removal notice and or numerous pleadings and Defendant's cross complaint; simply the district mischaracterized the case because the district has a history of prejudice against this Defendant and because the Article III Judge was a past State of Colorado judge.

## I.  NATURE OF THE CASE

Jefferson County, Colorado (Jeffco) has a stated policy they are allowed to trespass and conduct unreasonable search of private property without warrant.

During 2017, 2018, 2019, 2020, 2021, and 2022 Jeffco has trespassed the Defendant's gated private road without warrant. Thereafter, Jeffco has been warned by Defendant not to trespass his gated private road.

Jeffco refuses to abide by the law and the Constitution, Jeffco providing in their statement to this *pro se*, they are allowed to trespass because they are a government agency. Jeffco's opinion is in willful disrespect of decisions by this Court and more importantly the Supreme Court of the United States and its precedent in *Camara v. City of San Francisco*, 387 U.S. 523 (1967) and *See v. City of Seattle,* 387 U.S. 523 (1967) where SCOTUS ruled that a government agency must possess

a warrant to trespass and conduct search of private property. At all times during Jeffco's conduct they were without warrant.

After trespassing the Defendant's gated private road, Jeffco without warrant conducted an unreasonable search of the Defendant's property numerous times without Defendants knowledge.

Jeffco's trespass of Defendant's gated private road is a violation of both the fourth and fourteenth Amendments of the United States Constitution.

Jeffco's trespass of Defendant's gated private road was triggered by numerous public false complaints filed anonymously to harass the subject farm operation located in an agricultural district.

The false complaints have been filed to harass the subject licensed and register Colorado farm because nearby individuals have built million-dollar homes in an agricultural zoned district, and seek to shutter the subject farm operation in violation of the Constitution and Colorado law.

Defendant seeking to discovery the identity of the false filers has requested the names of the individuals filing the false complaints. Thereafter, Jeffco has obstructed justice by refusing to release the names of the individuals causing Defendant's damages via their false filing.

It is a violation of the sixth Amendment of the Constitution for Jeffco to refuse to release the names of the individuals causing Defendant's damages. Thus, the Defendant has been denied his right under Constitution to face his accuser.

Thus, the questions before the district were questions regarding the 4th, 6th, and 14th Amendments of the Constitution which could have been brought before a federal court at any time. Moreover, the federal court have jurisdiction over issues involving the Constitution. See Article III of the Constitution.

The district intentionally mischaracterized the case to allow remand because Colorado courts do not uphold the Constitution when hearing a *pro se's* complaint.

## II. DISTRICT'S DISMISSAL VIOLATES THE *HAINES* RULE

The *Haines* rule applies to all proceedings involving a *pro se* litigant, including motions for dismissal and summary judgment proceedings. *See, e.g., Reed, 893 F.2d at 286* (liberally construing pleadings dismissed under § 1915(d)); *Overton v. United States,* 925 F.2d 1282 (10th Cir.1990) (liberally construing *pro se* pleadings in review of summary judgment).

Moreover, *pro se* litigants are to be given reasonable opportunity to remedy defects in their pleadings. *See, e.g., Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir.1990); *Jaxon v. Circle K Corp.,* 773 F.2d 1138, 1140 (10th Cir.1985); *Hall v. Bellmon*, 935 F.2d 1106 (10$^{th}$Cir.1991).

"A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Gillihan v. Shillinger,* 872 F.2d 935, 938 (10th Cir.1989). "We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir.1991).

**"[W]henever a plaintiff states an *arguable* claim for relief, dismissal is improper, even if the legal basis underlying the claim ultimately proves incorrect.**" *McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir.1991) (emphasis in original) (citing *Neitzke,* 490 U.S. at 328, 109 S.Ct. at 1833). "**Examples of claims based on inarguable legal theories include those against which the defendants are undeniably immune from suit and those alleging an infringement of a legal interest that clearly does not exist**." *Neitzke v. Williams,* 490 U.S. 319 (1989).

"A court reviewing the sufficiency of a complaint presumes that all of the Plaintiff's factual allegations are true and construes them in the light most favorable to the Plaintiff." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40

L.Ed.2d 90 (1974); <u>Meade,</u> 841 F.2d at 1526; <u>Morgan v. City of Rawlins,</u> 792 F.2d 975, 978 (10th Cir.1986).

### III. PRO SE PLEADING STANDARD

""*Pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"" <u>King v. Ramirez,</u> civil case #3:17-cv-2983-M-BK (2017); "On ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true" <u>Smith v. Board of County Commissioners of Chaves</u>, Dist. of New Mexico civil case #09-026 LH/DJS (2010); **"Specific facts are not necessary; the statement need only `give the defendant fair notice of what the... claim is and the grounds upon which it rests"** <u>Meyer v. Degan</u> civil case #8:08cv231, Dist. of Nebraska (2009); ""The Court is obliged to give Plaintiff's *pro se* allegations, " `however in artfully pleaded,' "a liberal construction"" <u>Solesby-Funmaker v. Hautamaki</u>, Dist of Wisconsin civil case #18-cv-1205-JPS (2018).

**Twombly standard:**

Lower-federal courts had been confused by SCOTUS's decision in <u>Iqbal</u> and <u>Twombly</u>. The Supreme Court of the United States recently reversed the 10th Circuit's dismissal, and clarified its previous opinion regarding pro se pleadings. In <u>Erickson v. Pardus,</u> 551 U.S. 89 (2007) the district's opinion was reversed. See also

((*Daniel W. Robertson: <u>In Defense of Plausibility: Ashcroft v. Iqbal and What the Plausibility Standard Really Means</u>*, 38 Pepp. L. Rev. Iss. 1 (2011)).

A month after *<u>Twombly</u>,* in *<u>Erickson v. Pardus,</u> <u>551 U.S. 89 (2007)</u>* the Supreme Court of the United States vacated a dismissal by this Court, in *<u>Erickson</u>*. The 10th Circuit attempted to apply what it thought was the *<u>Twombly</u>* standard, determined that the plaintiff's allegations were "conclusory," and affirmed the dismissal on that basis.

In response, the Supreme Court reversed that decision, declaring that "it was error for this Court to conclude that the allegations in question…were too conclusory…." the *per curiam* opinion described this Court's holding as one that "departs in [a]…stark…manner from the pleading standard mandated by the Federal Rules of Civil Procedure."

The Supreme Court cited only two rules in their reversal of the 10th Circuit's opinion, both from *<u>Twombly</u>,* the Supreme Court stated the following in overturning this Court's and the districts opinion:

> **Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp.* v. *Twombly*, 550 U. S., (2007) (slip op., at 7–8) (quoting *Conley* v. *Gibson*, 355 U. S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp.*, *supra*, at (slip op., at 8–9) (citing *Swierkiewicz* v. *Sorema N. A.*, 534 U. S. 506, 508, n. 1 (2002); *Neitzke* v. *Williams*, 490 U. S. 319, 327 (1989); *Scheuer* v. *Rhodes*, 416 U. S. 232, 236 (1974)).**

> **The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed *pro se* is "to be liberally construed," *Estelle*, 429 U. S., at 106, and "a *pro se* complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid.* (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").**

## IV. DISTRICT'S PUNISHMENT OF PRO SE PARTY IS UNCONSTITUTIONAL

In what appears to be some form of undeserved punishment against all pro se parties who take on wrongdoing by government entities, the district awarded Jeffco attorney fees and costs in violation of the American Rule; every party supports its own costs. The rationale for the American rule is that people should not be discouraged from seeking redress for perceived wrongs in court or from trying to extend coverage of the law. The rationale continues that society would suffer if a person was unwilling to pursue a meritorious claim merely because that person would have to pay the defendant's expenses if they lost. See *Peter v. NautKwest, Inc*, 140 S.Ct. 365 (2019).

## IV. APPEALS COURT JURISDICTION

This Appeals Court currently holds jurisdiction regarding appeal because the district issued its final order for remand on

## V. ISSUES ON APPEAL

1. Can a quasi-governmental entity trespass a individuals gated private road without warrant?

2. Can a quasi-governmental entity after trespassing a gated private road conduct a search of the private property without warrant?

3. Can a quasi-governmental entity refuse to obey a Supreme Court of the United States decision and precedent in, *Camara v. City of San Francisco*, 387 U.S. 523 (1967) and *See v. City of Seattle,* 387 U.S. 523 (1967)

4. Can a quasi-governmental entity obstruct justice by refusing to release names of individuals who have triggered Jeffco's unconstitutional acts.

5. Is it appropriate to access damages against an already damaged *pro se* party who has been damaged by a government entity.

Respectfully, this 9th Day of May, 2022.

                                            Reed McDonald
                                            5856 S. Lowell Blvd.
                                            UPS/STE 163
                                            Littleton, Colorado 80127
                                            720-589-3160
                                            kirkmconald56@gmail.com

CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing pleading was served upon the following parties on the 9th day of May, 2022 via email.

Jason W. Soronson
County Attorney Jefferson County
100 Jefferson County Parkway
Golder, Colorado 80419
Coloradojsoronso@jeffco.us

*/s/ Red McDonald*