FILED
United States Court of Appeals
Tenth Circuit

June 28, 2022

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

───────────────────────────────

BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF JEFFERSON, STATE OF
COLORADO, a body politic and corporate,

    Plaintiff - Appellee,

v.

REED K. MCDONALD,

    Defendant - Appellant.

No. 22-1151
(D.C. No. 1:22-CV-00389-LTB)
(D. Colo.)

───────────────────────────────

**ORDER**

───────────────────────────────

Before **MATHESON**, **BRISCOE**, and **ROSSMAN**, Circuit Judges.

───────────────────────────────

    This matter is before the court on: (1) the jurisdictional show cause order it issued on May 13, 2022, directing *pro se* Defendant-Appellant Reed K. McDonald to respond in writing describing any legal basis for this court to assert appellate jurisdiction over the order that he seeks to appeal; and (2) Appellant's response to that order. Upon consideration of the response, the district court's docket, and the applicable law, the court dismisses the appeal for the reasons set forth below.

    "The authority of appellate courts to review district [] court orders remanding removed cases to state court is substantially limited by statute." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 229 (2007); *see also* 28 U.S.C. § 1447(d) (stating, with

a limited exception not implicated here, that "[a]n order remanding a case to the [s]tate court from which it was removed is not reviewable on appeal or otherwise . . . ."). As relevant here, § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "If a district court bases its remand decision 'upon a ground that is colorably characterized as subject [] matter jurisdiction, appellate review is barred by § 1447(d).'" *Harvey v. UTE Indian Tribe of the Uintah & Ouray Rsrv.*, 797 F.3d 800, 804 (10th Cir. 2015) (quoting *Powerex*, 551 U.S. at 234).

Here, Appellant seeks to appeal the district court's April 25, 2022 order remanding the case to the County Court in Jefferson County, Colorado, pursuant to § 1447(c), based on lack of subject matter jurisdiction. Specifically, the court found that Appellant failed to demonstrate the existence of a federal question that supported removal of the action because: (1) Plaintiff-Appellee's complaint, which asserted violations of a local zoning ordinance, asserted violations of state law that did not establish federal jurisdiction; and (2) the fact that Appellant's crossclaims and defenses appeared to raise federal issues did not confer federal jurisdiction. "[A] suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (internal quotation marks and citations omitted); *see also Holmes Group, Inc., v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–31 & n.2 (2002) (stating that neither a federal defense nor counterclaim can "serve as the basis for 'arising under' jurisdiction"). Because the district court correctly noted that Appellee, as Plaintiff, asserted only

violations of state law in its complaint, the district court's characterization of its remand order as resting upon lack of subject-matter jurisdiction was colorable, and § 1447(d) bars this court's review of the remand order.

    APPEAL DISMISSED.

                                      Entered for the Court

                                      CHRISTOPHER M. WOLPERT, Clerk