IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00389-GPG

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON, STATE OF COLORADO, a body politic and corporate,

    Plaintiff,

v.

REED MCDONALD,

    Defendant.

---

## ORDER

---

This matter arises on Plaintiff's Motion for Attorney Fees (ECF No. 32), filed May 25, 2022. Defendant did not file a response.

Plaintiff The Board of County Commissioners of the County of Jefferson, State of Colorado (the "County") filed a civil action against Defendant Reed McDonald ("Mr. McDonald") in Jefferson County Court alleging that Mr. McDonald is in violation of the Jefferson County Zoning Resolution for various activities and uses occurring on his property. Although the County alleged only a single state statutory cause of action pursuant Colo. Rev. Stat. § 30-28-124.5, Mr. McDonald removed the county court action to this Court. Because the County's original complaint did not state a claim under federal law, this Court found that it did not have subject matter jurisdiction and remanded the case to the Jefferson County Court. (ECF No. 26.)

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a

1

result of the removal." In its Order Granting Motion to Remand, the Court ordered that the County is entitled to reasonable attorneys' fees and costs incurred as the result of removal of the County Court action. (ECF No. 26 at 4-5.)

The Motion for Attorney Fees is supported by a Declaration of Plaintiff's counsel, Jason Soronson. The Declaration contains a summary of Mr. Sorenson's and Attorney Parker Smith's qualifications and experience, as well as a detailed description of the services rendered, the amount of time spent, the hourly rates, and the total amount claimed, all as required by D.C.COLO.LCivR 54.3. The Motion also is supported by the Colorado Bar Association's 2017 Economic Survey regarding attorney hourly billing rates.

It is within the Court's discretion to determine the reasonableness of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth by the Supreme Court in *Hensley*. *See Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010).

The first step in calculating a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. The burden of proof lies with the prevailing party seeking fees. *Hensley*, 461 U.S. at 437. The timekeeping report reflect that Messrs. Sorenson and Smith claim fees totaling $11,587.50. Messrs. Sorenson and Smith billed a total of 83.25 hours. I have reviewed the timekeeping reports and find that the tasks specified are reasonable. Though Plaintiff's counsel billed a total of 13.25 hours on tasks related to the motion to remand and reply in support of the motion to remand, they also reasonably billed 70 hours due to Mr.

McDonald's filing of other documents and motions after he removed the case to this Court and before the Court remanded the case back to Jefferson County Court.

The Jefferson County Attorney's Office billed for Messrs. Sorenson and Smith's time at the rate of $225.00 per hour. The plaintiff bears the burden of establishing that these rates are reasonable. *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). "A reasonable rate is the prevailing market rate in the relevant community." *Id.* The reasonableness of Messrs. Sorenson and Smith billing rates are supported by the Colorado Bar Association's 2017 Economic Survey regarding attorney hourly billing rates. (*See* ECF No. 32-2 at 4-5 [documenting a median rate $275/hour for the geographic location of Jefferson County and for firms of 20-49 attorneys, as well as a median rate of $225/hour for attorneys with 5 to 9 years of experience. Similarly, attorneys primarily engaged in civil litigation report a median rate of $225/hour.].)

I find that a fee of $11,587.50 is reasonable and appropriate in this case.

IT IS ORDERED:

(1)  Plaintiff's Motion for Attorney Fees (ECF No. 32) is GRANTED; and

(2)  Plaintiff is awarded its reasonable and necessary attorneys' fees in the amount of $11,587.50, against Defendant Reed McDonald.

Dated December 9, 2022, at Denver, Colorado.

                                            BY THE COURT:

                                            s/Lewis T. Babcock
                                            LEWIS T. BABCOCK, Senior Judge
                                            United States District Court