# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00389-LTB

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON, STATE OF COLORADO, a body politic and corporate,

    Plaintiff,

v.

KIRK MCDONALD,

    Defendant.

## ORDER

Before the Court is the Notice of Lack of Service of Documents (ECF No. 35, "the Notice") filed by Defendant Kirk McDonald on December 30, 2022.

On April 25, 2022, the Court granted Plaintiff's motion to remand this case to the County Court in Jefferson County, Colorado. (ECF No. 26.) On December 9, 2022, the Court granted Plaintiff's Motion for Attorney Fees. (ECF No. 34.)

In the Notice, Mr. McDonald asserts he did not receive a copy of the Plaintiff's Motion for Attorney Fees and "was therefore barred from discussion." (ECF No. 34 at 2.) Mr. McDonald also asserts that "while [this Court] held jurisdiction in this matter, [the plaintiff] engaged in motions practice in violation of C.R.C.P. 121 §1-15(8) . . . :" (Id. at 2-3.) Mr. McDonald requests that the Court 1) order the plaintiff to "serve the concealed documents"; 2) hold a hearing and sanction the plaintiff for their failure to serve documents; and 3) hold a hearing to address the plaintiff's alleged filing of documents in the Jefferson County case from the time the case was removed to this Court to the time the case was remanded back to Jefferson County. (Id. at 4.)

To the extent Mr. McDonald objects to the Court's order granting the Motion for Attorney Fees because he did not receive a copy of the motion from the plaintiff, the notice is construed as a motion for reconsideration. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the Motion pursuant to Rule 59(e) because it was filed within twenty-eight days after entry of the order granting the motion for attorney fees. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within time limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion should not revisit issues already addressed or advance arguments that could have been raised previously. *Id*.

Though Mr. McDonald states that he never received the plaintiff's Motion for Attorney Fees, he does not articulate any substantive basis for the Court to reconsider the order granting fees. Therefore, the motion for reconsideration is denied.

To the extent Mr. McDonald complains that the plaintiff filed documents in the Jefferson County case, thereby violating state court rules, "while [this Court] held jurisdiction in this matter" (ECF No. 35 at 2), the Court notes that the case was inappropriately removed to this Court and, thus, remanded to the County Court in Jefferson County, Colorado, for lack of subject matter jurisdiction.  (*See* ECF No. 26.)

Accordingly, it is

ORDERED that Notice of Lack of Service of Documents (ECF No. 35), which the Court has construed liberally as a motion filed pursuant to Fed. R. Civ. P. 59(e), is DENIED.

DATED March 2, 2023, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court